Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Taylor T. Smith*
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 216-0675
Facsimile: (303) 927-0809

*Pro Hac Vice application to be filed*

*Attorneys for Plaintiffs and the Alleged Class*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **A1 ON TRACK SLIDING DOOR REPAIR AND INSTALLATION, INC., SYLVIA SCHICK, and DEBORAH SCHICK,** individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>**BRANDREP LLC**, a Delaware limited liability company,<br><br>      Defendant. | Case No. 3:21-CV-03013-SK<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1.    Plaintiffs A1 On Track Sliding Door Repair and Installation, Inc., Sylvia Schick, and Deborah Schick (collectively "Plaintiffs") bring this Class Action Complaint against Defendant BrandRep, LLC ("BrandRep" or "Defendant") to: (1) stop Defendant's practice of placing calls using "an artificial or prerecorded voice" to the telephones of consumers nationwide without their prior express consent; and (2) obtain redress for all persons injured by Defendant's conduct. Plaintiffs also seek an award of statutory damages to the members of the Class, plus court costs and reasonable attorneys' fees.

2.     Plaintiffs, for their complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

3.     The Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* ("TCPA" or "Act") and its implementing regulations, 47 C.F.R. § 64.1200, *et seq.* prohibit companies, such as Defendant, from placing calls using "an artificial or prerecorded voice" ("prerecorded calls") to telephones without first obtaining consent. BrandRep has violated, and continues to violate, the TCPA and its regulations by placing prerecorded calls to telephone subscribers who have not expressly consented to receiving such calls.

4.     In an effort to obtain leads for its services, BrandRep made (or directed to be made on its behalf) prerecorded calls to the telephones of Plaintiffs and other members of the alleged class without first obtaining express consent to do so—all in violation of the TCPA.

5.     The TCPA was enacted to protect consumers from unauthorized calls exactly like those alleged in this Complaint—prerecorded calls placed to cellphone numbers without each consumer's prior express written consent.

6.     By making the telephone calls at issue in this Complaint, Defendant caused Plaintiffs and the members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls. Furthermore, the calls interfered with Plaintiffs' and the other class members' use and enjoyment of their phones, including the related data, software, and hardware components. Defendant also caused substantial injury to their phones by causing wear and tear on their property, consuming battery life, and appropriating cellular minutes and data.

## PARTIES

7.     Plaintiff A1 On Track Sliding Door Repair and Installation, Inc. ("A1 On Track") is a corporation, with its principal place of business located at 1600 Dell Ave. Ste S, Campbell

CA 95008.

8.      Plaintiff Sylvia Schick is a natural person over the age of eighteen (18) and a resident of the State of Arizona. At the time she received the prerecorded call at issue, she was a resident of Contra Costa County, California.

9.      Plaintiff Deborah Schick is a natural person over the age of eighteen (18) and a resident of the State of Arizona. At the time she received the prerecorded calls at issue, she was a resident of Contra Costa County, California.

10.     Defendant BrandRep is a Delaware limited liability company, with its principal place of business located at 16812 Armstrong Avenue, Suite 200, Irvine, CA 92606.

## JURISDICTION & VENUE

11.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.*, a federal statute.

12.     This Court has personal jurisdiction over BrandRep because it solicits significant business in this District, is headquartered in California, and a significant portion of the unlawful conduct alleged in this Complaint occurred in and/or was directed to this District.

13.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant solicits a significant amount of consumer business within this District, some of the Plaintiffs reside in this District, and because a portion of the wrongful conduct giving rise to this case occurred in and/or was directed to this District.

## COMMON ALLEGATIONS OF FACT

14.     Defendant BrandRep is an internet marketing company headquartered in Irvine, California.

15.     Unfortunately for consumers, BrandRep casts its marketing net too wide. That is, in an attempt to promote its business and to generate leads for its marketing services Defendant conducted (and continues to conduct) a wide scale telemarketing campaign that repeatedly makes

unsolicited prerecorded calls to consumers' telephones including cellular telephones all without any prior express consent to make these calls.

16.    At no time did Defendant obtain prior express written consent from the Plaintiffs and the Class to receive prerecorded calls.

17.    Defendant knowingly made, and continues to make, telemarketing calls without the prior express consent of the recipients. As such, Defendant not only invaded the personal privacy of Plaintiffs and members of the alleged Class, but also intentionally and repeatedly violated the TCPA.

## FACTS SPECIFIC TO PLAINTIFFS

18.    Plaintiff A1 On Track is the customary user of a personal cellular telephone ending in 0267.

19.    On February 7, 2020, A1 On Track received a call from BrandRep from the number 708-554-8747. This call featured a prerecorded voice. After following the prompts in an effort to figure out who was calling, A1 On Track was connected to Timothy from BrandRep, who sent a follow-up email from timothy.jacobson@brandrep.com.

20.    On February 18, 2020, A1 On Track received another call from BrandRep, this time from 510-462-8225. This call also featured a prerecorded voice.

21.    After following the prompts, which requested that it "press 1", Plaintiff A1 On Track was connected with and received a follow-up email from Alec Silvestri, a BrandRep representative.

22.    Plaintiff Sylvia Schick is the customary user of a cellular telephone number ending in 0440.

23.    On August 23, 2017, Sylvia Schick received a call on her cellphone from the number 530-317-0911. This call featured a prerecorded voice.

24.    Sylvia Schick followed the prompts, which requested that she "press 1", to discover who was calling her and was connected to a BrandRep representative.

25.     Plaintiff Deborah Schick is the customary user of a cellular telephone number ending in 5502.

26.     On July 27, 2017, Deborah Schick received a call on her cellphone from the number 458-204-0653. This call featured a prerecorded voice.

27.     After following the prompts to see who was calling her, Deborah Schick was connected with a BrandRep representative.

28.     On August 21, 2017, Deborah Schick received a call on her cellphone from the number 323-831-8377. This call featured a prerecorded voice.

29.     After following the prompts and pressing 1, Plaintiff Deborah Schick was connected to a BrandRep representative.

30.     Plaintiffs do not have a relationship with Defendant, have never provided their telephone number directly to Defendant, and has never requested that Defendant place prerecorded calls to them or offer them its services. Simply put, Plaintiffs have never provided any form of prior express consent to Defendant to place prerecorded calls to them and have no business relationship with Defendant.

31.     Defendant was, and is, aware that the above-described prerecorded calls were made to consumers like Plaintiffs who have not consented to receive them.

32.     By making unauthorized prerecorded calls as alleged herein, BrandRep has caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the receipt of such calls, in addition to the wear and tear on their telephones, consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendant made the calls knowing that they interfered with Plaintiffs and the other class members' use and enjoyment of, and the ability to access, their cellphones, including all related data, software, and hardware components.

33.     To redress these injuries, Plaintiffs, on behalf of themselves and Class of similarly situated individuals, bring this suit under the TCPA, which prohibits unsolicited prerecorded calls to telephones. On behalf of the Class, Plaintiffs seek an injunction requiring Defendant to cease all unauthorized prerecorded calling activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## **CLASS ACTION ALLEGATIONS**

34.     Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of themselves and the Class defined as follows:

> **No Consent Class**: All persons in the United States who from four years prior to the filing of the initial complaint in this action to the date notice is sent to the Class (1) Defendant, or a third person acting on behalf of Defendant, called; (2) on the person's cellular telephone; (3) for the purpose of selling Defendant's products and services; (4) using an artificial or prerecorded voice; and (5) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call the Plaintiffs.

35.     The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons.

36.     **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant (or its agents) has placed prerecorded calls to hundreds or thousands of consumers who fall into the defined Class. However, the exact number of members of the Class can be identified through reference to objective criteria, including Defendant's records.

37.     **Typicality:** Plaintiffs' claims are typical of the claims of other members of the Class, in that Plaintiffs and the members of the Class sustained damages arising out of Defendant's uniform wrongful conduct.

38.     **Adequate Representation:** Plaintiffs will fairly and adequately represent and protect the interests of the Class, and have retained counsel competent and experienced in complex class actions. Plaintiffs have no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiffs.

39.     **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiffs and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a)     Whether Defendant's conduct violated the TCPA;

(b)     Whether Defendant systematically made telephone calls to individuals who did not previously provide Defendant and/or its agents with their prior express written consent to receive such phone calls;

(c)     Whether Defendant made the calls with the use of prerecorded voice message; and

(d)     Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

40.     **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual

litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.***
**(On behalf of Plaintiffs and the No Consent Class)**

41.     Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

42.     Defendant made unsolicited and unwanted prerecorded telemarketing calls to cellular telephone numbers belonging to Plaintiffs and the other members of the Class—without their prior express written consent—in an effort to generate leads for BrandRep's products and services.

43.     Defendant failed to obtain any prior express consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person signing that:

> (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and

> (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

44.     Defendant made the calls using a prerecorded voice or similar technology.

45.     By making prerecorded unsolicited telephone calls to Plaintiffs and members of the Class's cellular telephones without prior express consent, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

46.     As a result of Defendant's unlawful conduct, Plaintiffs and the members of the

Class suffered actual damages in the form of monies paid to receive the unsolicited prerecorded telephone calls on their cellular telephones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

47.     Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiffs and the other members of the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and the Class, prays for the following relief:

A.     An order certifying the Class as defined above, appointing Plaintiffs as the representatives of the Class and appointing their counsel as Class Counsel;

B.     An award of statutory damages in the amount of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiffs and the class members;

C.     An order declaring that Defendant's actions, as set out above, violate the TCPA and appropriate injunctive relief;

D.     An award of pre- and post-judgment interest;

E.     An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

F.     Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiffs request a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: April 29, 2021                    **A1 ON TRACK SLIDING DOOR REPAIR AND INSTALLATION, INC., SYLVIA SCHICK, and DEBORAH SCHICK**, individually and on behalf of all others similarly situated,

1

2

By: */s/ Rebecca Davis*
One of Plaintiffs' Attorneys

3

4

5

6

Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

7

8

9

10

11

Taylor T. Smith*
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 216-0675
Facsimile: (303) 927-0809

12

*Pro Hac Vice application to be filed*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28