Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Taylor T. Smith*
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

*Pro Hac Vice*

Attorneys for Plaintiffs and the Alleged Class

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **A1 ON TRACK SLIDING DOOR REPAIR AND INSTALLATION, INC., SYLVIA SCHICK, and DEBORAH SCHICK,** individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**BRANDREP LLC**, a Delaware limited liability company,<br><br>Defendant. | Case No. 3:21-cv-03013-SI<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Plaintiffs A1 On Track Sliding Door Repair and Installation, Inc., Sylvia Schick, and Deborah Schick (collectively "Plaintiffs") and Defendant BrandRep, LLC ("Defendant", and collectively with Plaintiffs, the "Parties") jointly submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California, Rule 26(f) of the Federal Rules of Civil Procedure, and Civil Local Rule 16-9.

1. Jurisdiction & Service

1

This case is an alleged class action brought under the TCPA, a federal statute. As such, the Court has original jurisdiction under 28 U.S.C. § 1331. No parties remain to be served.

2. Facts

Plaintiffs' Position: The case challenges Defendant BrandRep, LLC's alleged violations of the Telephone Consumer Protections Act, 47 U.S.C. § 227, *et seq.* ("TCPA" or the "Act"), specifically its practice of sending unsolicited, prerecorded telemarketing calls.

The facts are straightforward. On July 27, 2021, Plaintiff Deborah Schick received a telemarketing call, which featured a prerecorded voice. Upon following the prompts, Deborah Schick was connected with a BrandRep representative. Deborah Schick received another prerecorded call from BrandRep on August 21, 2017. Plaintiff Silvia Schick also received a prerecorded call from BrandRep directed to her cellular telephone on August 23, 2017. Further, Plaintiff A1 On Track received prerecorded calls directed to its cellular telephone on February 7, 2020 and February 18, 2020. None of the Plaintiffs provided prior express consent to be called by BrandRep. Accordingly, Plaintiffs, on behalf of themselves and a Class of similarly situated individuals, bring this action to put an end to BrandRep's serial violations of the TCPA.

Defendant's Position: Defendant did not violate the TCPA rules. TCPA is not applicable in this case matter.

3. Legal Issues

Plaintiffs' Position:

(1) Whether BrandRep made the calls with the use of prerecorded voice message;

(2) Whether Defendant obtained prior express consent to make the alleged calls;

(3) Whether the proposed class can be certified as a class action in accordance with Federal Rules of Civil Procedure 23;

(4) Whether Plaintiffs and the other members of the Class are entitled to statutory damages; and

(5) Whether Defendant placed the calls in violation of the TCPA knowingly or willingly such that the Court should award treble damages.

<u>Defendant's Position:</u>

1. TCPA is not applicable on multiple grounds
2. TCPA plaintiffs could not be class representatives
3. Are Defendants professional plaintiffs who manufacture complaints for profit
4. Whether Plaintiffs can satisfy requirements for class certification
5. Whether Defendant violated BPC 17200
6. Whether Defendant violated TCPA
7. Whether Plaintiffs are entitled to penalties under the statute
8. Whether Plaintiffs are entitled to any relief and if so the type and amount
9. Whether any damages suffered by Plaintiffs were proximately caused by their own conduct,
10. Whether Plaintiffs and the proposed class claims are barred by the Statute of Limitation
11. Whether Plaintiffs and the proposed class have unreasonably delayed bringing this action to the prejudice of BrandRe, and thus laches should apply;
12. Whether Plaintiffs and the proposed class are barred from any relief by the doctrines of *in pari delicto* and unclean hands, and/or after-acquired evidence, or in the alternative these doctrines cut off or reduce their alleges damages,
13. Whether Plaintiffs and the proposed class members' recovery in this action is barred in whole or in part by their failure to exercise reasonable care and diligence to mitigate any damages allegedly accruing to them,
14. Whether Plaintiffs and the proposed class released, relinquished, waived and are estopped from asserting any of the claims upon which Plaintiffs and the proposed class now seek relief;

15. Whether Plaintiffs and the proposed class members are entitled to equitable relief because Plaintiffs and the proposed class members have failed to avail themselves of or exhaust plain, adequate, or complete remedies of laws available to them under the provisions of applicable state or federal law,

16. Whether Plaintiffs and the proposed class fail to meet the requirements of a representative action and TCPA rules.

4. <u>Motions</u>

<u>Plaintiffs' Position:</u> Plaintiffs anticipate moving for class certification following class discovery and potentially moving for summary judgment in favor of itself and the class members. Discovery motions may also be potentially necessary.

<u>Defendant's Position:</u> Defendants anticipate:

1. Motion to Stay the case pending BrandRep's cross-complaint
2. Motion to disqualify counsel for conflict purposes
3. Cross-Complaint for abuse of TCPA rules
4. Demurrer
5. Motion to Strike
6. Defendant may pursue actions similar to that of Jason Alan v BrandRep 2:15-cv-05473-SVW-PLA and 8:16-cv-01040-DOC-DFM.

5. <u>Amendment of Pleadings</u>

<u>Plaintiffs' Position:</u> Discovery may reveal other entities or individuals personally involved in the making of the calls so as to warrant their inclusion as additional defendants. Plaintiffs also anticipate the potential need to amend the class definition following appropriate class discovery regarding the contours of the class. Plaintiffs' position is that a deadline for amending the pleadings should be set at some point following completion of certain discovery regarding class

4

related issues so as to identify any additional culpable parties and to appropriately focus the class definition. A deadline of 120 days following commencement of discovery regarding class related issues would suffice.

<u>Defendant's Position:</u>

Defendant may move to strike Plaintiffs' amended complaint or may otherwise respond to the amended complaint.

Defendant is currently reviewing Plaintiff's draft precertification communication and will advise Plaintiffs of its position.

6. <u>Evidence Preservation</u>

The Parties certify that they have reviewed the ESI Guidelines. During the Rule 26(f) conference, counsel for the Parties discussed the potential ESI implicated in this case. The Parties confirm that any relevant ESI is being appropriately preserved. Should discovery proceed, the Parties are committed to working together to reduce the costs of ESI.

7. <u>Disclosures</u>

<u>Plaintiffs' Position:</u> Plaintiffs propose that the parties should exchange Rule 26(a) disclosures on or before August 6, 2021.

<u>Defendant's Position:</u>

The parties have agreed to exchange initial disclosures pursuant to the requirements of Fed. R. Civ. P. 26 on May 8, 2009. To the extent that there are any perceived deficiencies in the disclosures, the parties will meet and confer and, if an agreement cannot be reached, the parties will advise the Court of any need to compel further disclosures.

8. <u>Discovery</u>

No discovery has been served thus far and the parties have not identified any discovery

5

disputes. Pursuant to Fed. R. Civ. P. 26(f), the parties submit the following discovery plan:

**(1) Subjects on which discovery may be needed.** Discovery will be needed on the allegations asserted in the Complaint and the legal issues set forth above.

**(2) Issues relating to disclosure or discovery of electronically stored information.** If certain discovery is to be produced in electronic form, the parties have agreed to meet and confer, as necessary, to resolve any issues concerning electronic discovery as they arise.

**(3) Issues relating to claims of privilege or of protection as trial-preparation material.** The parties agree to prepare and produce a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product protection except the following: written and oral communications between a party and its counsel after commencement of the action and work product material created after commencement of the action.

**(4) Changes in limitations on discovery.** The parties do not propose any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Civil Local Rules.

**(5) Orders that should be entered by the court.** The parties anticipate that a protective order governing the treatment of confidential information will be required and will submit a proposed order in the form of the Northern District's model order.

Defendant's Position: Defendant has not yet begun discovery in this action. At this time, Defendant intends to depose Plaintiffs, as well as serve Plaintiffs with requests for production of documents, interrogatories and requests for admission. Defendant also intends to take the depositions of individuals who submit declarations in support of any motion for class certification or collective action as well as the depositions of plaintiffs' experts.

Defendant proposes that factual discovery proceed in two phases. In the first phase, discovery shall be limited to issues concerning class certification. In the event discovery

1  concerning class certification issues overlaps with discovery concerning merits issues, the parties
2  should meet and confer to resolve any disputes concerning what discovery is appropriate in the
3  first phase. In the second phase, the parties may take discovery concerning the merits of the
4  claims.

9. Class Actions

The Parties set forth their positions with respect to discovery in Section 17 below.

Defendant alleges that this action may not properly be maintained as a class action under Rule 23 or as a collective action under the TCPA. Defendant will oppose Plaintiffs' motion for class certification once brought.

10. Related Cases

The Parties are unaware of any pending cases related to this action.

Defendant alleges that this action is in some way related to that of Jason Alan v BrandRep 2:15-cv-05473-SVW-PLA and 8:16-cv-01040-DOC-DFM.

11. Relief

Plaintiffs' Position: Plaintiffs seek statutory damages for Defendant's alleged violations of the TCPA, which provides $500 per call, which may be trebled to $1,500 per call where the calls were made willfully without prior express consent. Damages will be calculated depending upon the number of class members and the number of calls following discovery.

Defendant's Position:

Based on presently known information, Defendant does not believe that Plainitffs are entitled to relief but that Defendant may file a counter claim entitling Defendant to relief.

12. Settlement and ADR

The Parties have complied with ADR L.R. 3-5. The Parties anticipate attending private, non-binding mediation before a mutually agreeable mediator. ~~No~~ settlement discussions have occurred to date, although the Parties are open to further discussing settlement informally at any appropriate time.

13. Consent to Magistrate Judge For All Purposes

Plaintiffs' Position: All Parties do not consent to have a magistrate judge conduct all further proceedings.

Defendant's Position: A Magistrate Judge has not been assigned to this action. If and when a Magistrate Judge is assigned to this action, the parties will indicate whether or not they consent to the assignment at that time.

14. Other References

The parties agree that the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

Defendant is aware of no other references needed at this time.

15. Narrowing of Issues

The Parties agree, to the extent necessary, to explore facts that can be proven by stipulation at the appropriate time.

16. Expedited Trial Procedure

  The Parties do not believe that this case is suitable for an expedited trial.

17. Scheduling

  Plaintiffs' Position: Discovery should proceed with respect to both class certification and merits issues for a period of ten (10) months. The first eight (8) months will be devoted to written and oral fact discovery. The final two (2) months of this period will be devoted to experts. Following the close of this initial ten (10) month discovery period, the Parties will brief class certification. Following a ruling on class certification the Court would hold a subsequent case management conference and establish a schedule for the remainder of the case, including a period for any remaining merits-based discovery, and dates for summary judgment briefing, pre-trial conferences, and the trial.

  Plaintiffs propose the following case schedule.

| Event | Proposed Deadlines |
|---|---|
| Motion to Amend Pleadings and/or Add Parties | November 19, 2021 |
| Deadline to Complete Fact Discovery | March 23, 2022 |
| Plaintiffs' Expert Disclosures Due | March 30, 2022 |
| Defendants' Expert Disclosures Due | April 15, 2022 |
| Rebuttal Expert Disclosures Due | April 29, 2022 |
| Complete Expert Discovery | May 30, 2022 |
| Plaintiffs to File Motion for Class Certification | June 3, 2022 |

| Defendant to File Opposition to Class Certification | June 24, 2022 |
|---|---|
| Plaintiffs to File Reply ISO Motion for Class Certification | July 8, 2022 |
| Subsequent Case Management Conference | TBD: to be set after a ruling on class certification |
| File Dispositive Motions | TBD: to be set after a ruling on class certification |

Defendant's Position:

| **Event** | **Proposed Deadlines** |
|---|---|
| Motion to Amend Pleadings and/or Add Parties | January 11, 2022 |
| Deadline to Complete Fact Discovery | April 30, 2022 |
| Plaintiffs' Initial Expert Disclosures Due | September 24, 2022 |
| Defendant's Expert Disclosures Due | September 24, 2022 |
| Rebuttal Expert Disclosures Due | September 24, 2022 |
| Complete Expert Discovery | September 24, 2022 |
| Plaintiffs to File Motion for Class Certification (and any supporting class-certification expert reports) | January 11, 2022 |
| Defendant to File Opposition to Class Certification (and any rebuttal class- | April 9, 2022 |

| | |
|---|---|
| certification expert reports) | |
| Plaintiffs to File Reply ISO Motion for Class Certification | April 30, 2022 |
| Subsequent Case Management Conference | TBD: to be set after a ruling on class certification |
| File Dispositive Motions | September 24, 2022 |

18. Trial

 Plaintiffs' Position: Plaintiffs anticipate that a jury trial will take 3-5 days.

 Defendant's Position on trial is that the length of trial depends on the outcome of class certification. If class certification is denied, Defendant estimates a 3-5 day trial. If class certification is granted in entirety based on the current class definitions, Defendant estimates a 20-30 day trial.

19. Disclosure of Non-party Interested Entities or Persons

 Plaintiffs have filed their Certification of Interested Entities or Persons.

20. Professional Conduct

 All counsel have reviewed the Guidelines.

21. Other

 The parties are not aware of any other matters at this time.

 Respectfully submitted,

Dated: July 23, 2021  **A1 ON TRACK SLIDING DOOR REPAIR AND INSTALLATION, INC., SYLVIA SCHICK, and DEBORAH SCHICK**, individually and on behalf of

11

|   |   |
|---|---|
|   | all others similarly situated, |
|   |   |
|   | By: */s/ Taylor T. Smith* |
|   | One of Plaintiffs' Attorneys |

Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Taylor T. Smith (admitted *pro hac vice*)
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

Dated: July 23, 2021                                   **BRANDREP, LLC**

/s/ George C. Hutchinson

George C. Hutchinson
gchutchinson@legalsolutions2u.com
Legal Solutions 2U, APC
18201 Von Karman Ave., Suite 701
Irvine, CA 92612
Tel: 855-775-2928
Fax: 855-775-2928

*Counsel for Defendant*

## SIGNATURE CERTIFICATION

Pursuant to Civil L.R. 5-1(i)(3) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to counsel for Defendant and that I have obtained authorization to affix his or her electronic signature to this document.

By: */s/ Taylor T. Smith*
Taylor T. Smith

12

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above papers was served upon counsel of record by filing such papers via the Court's ECF system on July 23, 2021.

<u>/s/ Taylor T. Smith</u>