Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Taylor T. Smith*
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

*Pro Hac Vice*

Attorneys for Plaintiffs and the Alleged Class

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **A1 ON TRACK SLIDING DOOR REPAIR AND INSTALLATION, INC., SYLVIA SCHICK, and DEBORAH SCHICK,** individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**BRANDREP LLC**, a Delaware limited liability company,<br><br>Defendant. | Case No. 3:21-cv-03013-SI<br><br>**NOTICE OF MOTION AND MOTION TO STRIKE THE DECLARATIONS OF GEORGE C. HUTCHINSON FILED AS ECF NOS. 30 AND 31**<br><br>Date: September 17, 2021<br>Time: 10:00 AM<br>Courtroom: 1, 17th Floor<br>Judge: Hon. Susan Illston<br>FAC Filed: April 29, 2021 |

**PLEASE TAKE NOTICE** that on September 17, 2021 at 10:00 A.M., or as soon thereafter as counsel may be heard, counsel for Plaintiffs A1 On Track Sliding Door Repair and Installation, Inc., Silvia Schick, and Deborah Schick shall appear before the Honorable Susan Illston or any judge sitting in her stead in Courtroom 1 of the 17th Floor of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco,

CA 94102, and present Plaintiffs' Motion to Strike the Declaration of George C. Hutchinson filed as ECF Nos. 30 and 31 (the "Motion").

Plaintiffs respectfully request that the Court strike the declarations filed by George C. Hutchinson, which were filed as ECF Nos. 30 and 31. This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities and the exhibit attached thereto, oral argument of counsel, and any other matter that may be submitted at the hearing.

Respectfully Submitted,

**A1 ON TRACK SLIDING DOOR REPAIR AND INSTALLATION, INC., SYLVIA SCHICK, and DEBORAH SCHICK**, individually and on behalf of all others similarly situated,

Dated: August 13, 2021                    By: _____/s/ Taylor T. Smith_____
                                                One of Plaintiffs' Attorneys

Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Taylor T. Smith*
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

*Attorneys for Plaintiffs and the Classes*

*\* Pro Hac Vice*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     Introduction

      After the entry of default, Defendant BrandRep, LLC ("BrandRep") now attempts to appear in the litigation by filing its self-described, "Declaration of Demurring or Moving Party in Support of Automatic Extension" (Dkts. 30 & 31) (hereafter the "Subject Declarations"). However, it is well settled that the entry of default cuts off a defendant's right to appear a case, respond to the allegations, or present evidence. Accordingly, and as explained further below, Plaintiffs A1 On Track Sliding Door Repair and Installation, Inc., Silvia Schick, and Deborah Schick (collectively "Plaintiffs") respectfully request that the Court enter an order striking the Subject Declarations.

### II.     Statement of Facts and Procedural History

      On April 26, 2021, Plaintiffs filed the instant lawsuit against Defendant alleging widespread violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA" or "Act") (dkt. 1), which was later amended on April 29, 2021 (dkt. 6). On April 30, 2021, the Court issued a summons directed to BrandRep. (Dkt. 8.) Thereafter, Plaintiffs arranged for BrandRep to be served with the summons and a copy of the First Amended Complaint ("FAC").

      On May 4, 2021, Plaintiffs, via process server, served BrandRep's registered agent for the service of process in Delaware.[1] (Declaration of Taylor T. Smith ("Smith Decl.") ¶ 4, attached hereto as Group Exhibit A; *see also* First Proof of Service, attached as Exhibit 1 to the Smith Decl.) On May 13, 2021, counsel for BrandRep, George C. Hutchinson, contacted Plaintiffs' counsel to inquire into the status of service. (*Id.* ¶ 5.) That same day, Plaintiffs' counsel provided BrandRep with a copy of the proof of service. (*Id.* ¶ 6.) On May 24, 2021—one day before its deadline to respond to the FAC—counsel for BrandRep again reached out to counsel for Plaintiffs and claimed that it viewed the service as inadequate. (*Id.* ¶ 7.) To placate BrandRep's concerns,

---

[1] At this time, BrandRep had not designated an agent for service of process in the State of California. (Smith Decl. ¶ 4.)

3

on June 7, 2021, Plaintiffs, via the Orange County Sheriff's Department ("OCSD"), re-served BrandRep by delivering the Summons and a copy of the FAC to BrandRep's director of sales, Charles Della Sala, who confirmed that he was authorized to accept service on behalf of the company (dkt. 18), placing its deadline to respond to the FAC on or before June 28, 2021.

After BrandRep again failed to respond to the complaint, Plaintiffs considered filing a request for entry of default. However, based on a lack of clarity regarding Mr. Sala's ability to accept service on behalf of BrandRep, Plaintiffs again arranged to re-serve BrandRep. (Smith Decl. ¶ 8.) On July 13, 2021, the OCSD again served BrandRep by leaving a copy of the FAC and the Summons with Deepak Vakil, BrandRep's chief financial officer, after he stated that he was authorized to accept service on behalf of the business. (*Id.* ¶ 12; *see also* Third Proof of Service, attached as Exhibit 2 to the Smith Decl.) Around this time, Plaintiffs' counsel reviewed BrandRep's California corporate filings, which revealed that BrandRep had designated a registered agent for service of process in the State of California on July 7, 2021. (*Id.* ¶ 13.) Out of an abundance of caution, Plaintiffs arranged to re-serve BrandRep via its California registered agent. (*Id.* ¶ 14.)

On July 15, 2021, Plaintiffs served BrandRep's California registered agent for service of process (dkt. 24), which placed its deadline to respond on or before August 5, 2021. On August 9, 2021—having received no response to their FAC—Plaintiffs filed a Request for Entry of Default against Non-appearing Defendant BrandRep. (Dkt. 28.) On August 10, 2021, the Clerk of Court entered default against BrandRep. (Dkt. 29.) Later that day, BrandRep's counsel, George C. Hutchinson, filed duplicate declarations entitled, "Declaration of Demurring or Moving Party in Support of Automatic Extension". (Dkts. 30 & 31.)

Based on these facts, Plaintiffs request that the Court strike the Subject Declarations.

**III.    Argument**

"Once default has been entered against a defendant, they have 'lost [their] standing in court, cannot appear in any way, cannot adduce any evidence, and cannot be heard at the final hearing.'" *Jitrade, Inc. v. Style In USA, Inc.*, No. 2:17-CV-04245-ODW-SK, 2017 WL 8185858,

4

at *1 (C.D. Cal. Oct. 2, 2017); *see also Cohen v. Murphy*, No. C 03-05793 HRL, 2004 WL 2779942, at *1 (N.D. Cal. Apr. 20, 2004) ("Entry of the defendants' default cuts off their right to appear in the action or to present evidence."); *Great Am. Ins. Co. v. M.J. Menefee Const., Inc.*, No. F06-0392 AWIDLB, 2006 WL 2522408, at *2 (E.D. Cal. Aug. 29, 2006) ("The Clerk of Court's entry of default cuts off Defendants' rights to appear in this action, file counterclaims, or to present a defense.").

When a party attempts to appear and present filings after the entry of default, courts routinely strike the filings as improper. *See Great Am. Ins. Co. v. M.J. Menefee Const., Inc.*, No. F06-0392 AWIDLB, 2006 WL 2522408, at *2 (E.D. Cal. Aug. 29, 2006) ("Defendant Michael Menefee's counterclaim must be stricken because it was filed after default had been entered."); *KT AMC Co. v. LWC Cap., LLC*, No. 217CV04289ODWPLA, 2017 WL 7171719, at *2 (C.D. Cal. Nov. 6, 2017) (striking a defaulted defendant's motion to dismiss); *Verliant Energy, Inc. v. Barry*, No. 14-CV-02443-JST, 2015 WL 12990196, at *3 (N.D. Cal. Mar. 31, 2015) (striking a defendant's filing and explaining that the defendant "no longer has the right to address the Court.").

Here, the Subject Declarations were filed after the entry of default and should be stricken. On August 10, 2021, the Clerk of Court entered default against Defendant BrandRep. (Dkt. 29.) Later that day, counsel for BrandRep, George C. Hutchinson, filed two identical documents entitled "Declaration of Demurring or Moving Party in Support of Automatic Extension" (dkts. 30 & 31). Because the Subject Declarations were filed *after* the Clerk of Court entered default against BrandRep, both declarations are improper and should be stricken.

In addition to being improperly filed, the subject declarations contain irrelevant and baseless statements. That is, Mr. Hutchinson states his intent to file "a demurrer and/or a motion to strike on the pleadings in this action".[2] (Dkt. 30 at 2; Dkt. 31 at 2.) Mr. Hutchinson further states that BrandRep is required to confer with Plaintiffs prior to filing these motions. (*Id.*) Yet

---

[2] A "demurrer" was abolished as a permissible response under the Federal Rules of Civil Procedure in 1937. *See* Fed. R. Civ. P. 7 Advisory Committee Notes (1937 Adoption).

nothing in the Federal Rules of Civil Procedure or the Local Rules requires the parties to confer prior to a defendant filing a responsive pleading. Finally, Mr. Hutchinson's declarations also state that BrandRep is entitled to an automatic 30-day extension of time to respond to the FAC by filing "a declaration that meets the requirements of Code of Civil Procedure sections 430.41, 435.5, or 439". (*Id.*) This statement appears to suggest that this case is governed by the State of California's Rules of Civil Procedure. It is not. This case is governed by the Federal Rule of Civil Procedure.

Put succinctly, the Clerk's entry of default cuts off BrandRep's right to appear in this case or present defenses to the pleadings. Ignoring this basic rule, BrandRep finally (after ignoring four separate deadlines to respond) attempts to appear in this case by filing the Subject Declarations. Given that that the declarations were filed after the entry of default, BrandRep's filings are improper and should be stricken.

## IV.   Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order striking the Subject Declarations and awarding such additional relief as it deems necessary and just.

Respectfully submitted,

Dated: August 13, 2021

**A1 ON TRACK SLIDING DOOR REPAIR AND INSTALLATION, INC., SYLVIA SCHICK, and DEBORAH SCHICK**, individually and on behalf of all others similarly situated,


By: */s/ Taylor T. Smith*
         One of Plaintiffs' Attorneys

Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Taylor T. Smith*
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

*Attorneys for Plaintiffs and the Classes*

*\* Pro Hac Vice*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above papers was served upon counsel of record by filing such papers via the Court's ECF system on August 13, 2021.

*/s/ Taylor T. Smith*