GEORGE C. HUTCHINSON (SBN 138735)
PATRICK L. BLAIR (SBN 201345)
LEGAL SOLUTIONS 2 U
A Professional Corporation
18201 Von Karman, Ste. 701
Irvine, California 92616
Telephone:  (855) 755-2928
Facsimile:   (855) 755-2928
gchutchinson@legalsolutions2u.com

Attorneys for Defendant:
BRANDREP, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| A1 ON TRACK SLIDING DOOR REPAIR AND INSTALLATION, INC, SYLVIA SCHICK, and DEBORAH SCHICK, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> BRANDREP, LLC, a Delaware limited liability company, <br><br> Defendant. | Case No. 3:21-CV-03013-SI <br><br> **BRANDREP, LLC'S NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT (FRCP 55(c)); PROOF OF SERVICE** <br><br> Date: August 27, 2021 <br> Time: 10:00 a.m. <br> Courtroom: 1 <br> Judge: Hon. Susan Illston <br><br> First Amended Complaint Filed on April 29, 2021 |

## BRANDREP, LLC'S NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT (FRCP 55(c))

TO PLAINTIFF AND ITS ATTORNEYS OF RECORDS:

Please take notice that on August 27th, 2021 at 10:00 a.m. or as soon thereafter as counsel may be heard by the above-entitled court, located at 450 Golden Gate Avenue

San Francisco, CA 94102, defendant will and hereby does move the court pursuant to Rule 55(c) of the Federal Rules of Civil Procedure to set aside the default entered by the Clerk on August 10, 2021.

This motion is brought on the following grounds: good cause, excusable neglect, surprise, which caused Defendant not to respond in the time set by law to the first amended complaint. Defendant has a good and meritorious defense to the first amended complaint to the claims for relief alleged.

This motion is based on this Notice of Motion and Motion, the memorandum of points and authorities filed herewith, the declaration of George C. Hutchinson, the declaration of Patrick L. Blair, and upon such other matters as may be presented to the Court at the time of hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.** <u>**Legal Standard**</u>

Federal Rule of Civil Procedure, 55(c) provides that a default may be set aside for "good cause." "Good cause" is demonstrated by: 1) a sufficient excuse for not meeting the filing deadline; 2) a meritorious defense; and 3) that setting aside default will not unfairly prejudice the other party. *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969); *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945 (9th Cir. 1986); see *Tri-Continental Leasing Corp. v. Zimmerman*, 485 F. Supp. 495, 497 (N. D. Cal. 1980).

These factors are disjunctive, and the court may vacate entry of default if any of the three factors is true. *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004), quoting *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000).

The court has discretion to determine whether good cause has been shown. See *Madsen*, 419 F.2d at 6; *Curry v. Jensen*, 523 F.2d 387, 388 (9th Cir. 1975). The court's discretion is particularly generous where the motion seeks to set aside an entry of default,

**BRANDREP, LLC'S NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT (FRCP 55(c))**
C:\Users\Ron Kort Spectre\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Motions\Filed by BrandRep\Motion to Vacate Default\00.Mtn to Vacate Default.doc

2

rather than a default judgment. *Mendoza*, 783 F.2d at 945. Any doubt should be resolved in favor of setting aside the default in order to decide cases on their merits. *Schwab v. Bullock's, Inc.*, 508 F.2d 353, 355 (9th Cir. 1974).

**B.     Good Cause**

Defendant's counsel believed that he had been given additional time to respond to the first amended complaint because of a pending meet and confer.  Hutchinson Decl. ¶¶2-3, 5.  The meet and confer was set up via email.  Nowhere in the email string or in any other communication did attorney Smith or any of plaintiff's attorneys warn that plaintiff would be seeking a default. Hutchinson Decl. ¶4.  A sincere and reasonable belief that an extension of time to respond was secured constitutes good cause.

**C.     Excusable Neglect & Surprise**

To the extent that defendant's counsel should not have relied on the meet and confer as an extension of time to respond, defendant should not suffer for its counsel's neglect.

**D.     Meritorious Defense**

In *Keegal v. Key West & Caribbean Trading Company, Inc.*, 627 F.2d 372, 374 (D.C. Cir. 1980), the court stated: "Likelihood of success is not the measure. Defendants' allegations are meritorious if they contain 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." (quoting Moldwood Corp. v. Stutts, 410 F.2d 351, 352 (5th Cir. 1969)).

The defense does have a very strong defense on multiple grounds: 1) the three named defendants each had business numbers and therefore the TCPA doesn't apply to them (*Chennette v. PORCH.COM, INC*, et al., Case No. 1:20-cv-00201-SRB, 11/2/2020), 2) the three named defendants had cell phones and therefore the TCPA doesn't apply to them (*Cunningham v. Britereal Mgmt.*, No. 4:20-CV-144-SDJ-KPJ, (E.D. Tex. Nov. 20, 2020)), 3) the three named defendants gave permission to contact their numbers, which is an exception under the TCPA (47 U.S.C. § 227 (a) 5), and 4) Brandrep finger dials all its

calls with a live person, so the TCPA doesn't apply to calls in this case (47 U.S.C. § 227 (D) (1) a). Hutchinson Decl. ¶9.

E. **No Prejudice to Plaintiff**

"Finally, in assessing prejudice to the plaintiff, the court notes that [m]ere delay in satisfying plaintiff's claim, if it should ultimately succeed at trial, is not sufficient prejudice to require denial of a motion to set aside default." *Newhouse v. Probert*, 608 F. Supp. 978 (W.D.Mich. 1985); citing Keegal, supra, 627 F.2d at 374.  Prejudice should be demonstrated which is beyond that inherent to all plaintiffs in setting aside the entry of default, to counterbalance the universal policy favoring trial on the merits

There's no prejudice to Plaintiff in this case.  Plaintiff didn't even want to carry on with the meet and confer, which it had agreed to.  Blair Decl., ¶3.  The default appears to be an unethical attempt to have the case decided on procedural grounds rather than the merits.  Blair Decl., ¶¶4-6.

Therefore, Brandrep, LLC respectfully requests that the Court set aside the default for good cause and provide it a reasonable time in which to respond to the first amended complaint.

Dated: August 16, 2021                     LEGAL SOLUTIONS 2 U
                                           A Professional Corporation


                                           /s/ Patrick L. Blair
                                           Patrick L. Blair
                                           Attorney for Defendant
                                           Brandrep, LLC

# PROOF OF SERVICE

COUNTY OF LOS ANGELES )
                      ) ss.
STATE OF CALIFORNIA   )

    I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action. My business address is 18201 Von Karman Ave, 701, Irvine CA 92612.

    On 08/16/2021, I served the following document described as:

**BRANDREP, LLC'S NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT (FRCP 55(c)); HUTCHINSON DECLARATION IN SUPPORT OF BRANDREP, LLC'S MOTION TO SET ASIDE DEFAULT (FRCP 55(c)); BLAIR DECLARATION IN SUPPORT OF BRANDREP, LLC'S MOTION TO SET ASIDE DEFAULT (FRCP 55(c))**

    On the following interested parties in this action:

| | |
|---|---|
| Rebecca L. Davis (#271662) | Taylor T. Smith |
| **Lozeau Drury LLP** | (admitted *pro hac vice*) |
| 1939 Harrison Street, Suite 150 | Woodrow & Peluso, LLC |
| Oakland, CA 94612 | 3900 E. Mexico Ave., Suite 300 |
| Tel: (510) 836-4200 | Denver, CO 80210 |
| Fax: (510) 836-4205 | Telephone: (720) 907-7628 |
| rebecca@lozeaudrury.com | Facsimile: (720) 927-0809 |
| | tsmith@woodrowpeluso.com |

**[X]**     **VIA CM/ECF (email)** By electronic filing through the CM/ECF system.

**[ ]**     **VIA U.S. MAIL – TO ALL PARTIES**

    I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.  Executed on 08/16/2021 at Long Beach, California.

                                        /s/ George C Hutchinson, Esq.
                                        George C. Hutchinson Esq.