GEORGE C. HUTCHINSON (SBN 138735)
PATRICK L. BLAIR (SBN 201345)
LEGAL SOLUTIONS 2 U
A Professional Corporation
18201 Von Karman, Ste. 701
Irvine, California 92616
Telephone: (855) 755-2928
Facsimile: (855) 755-2928
gchutchinson@legalsolutions2u.com
pblair@legalsolutions2u.com
Attorneys for Defendant:
BRANDREP, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| A1 ON TRACK SLIDING DOOR REPAIR AND INSTALLATION, INC, SYLVIA SCHICK, and DEBORAH SCHICK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BRANDREP, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 3:21-CV-03013-SI<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BRANDREP, LLC'S NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT (FRCP 55(c)); PROOF OF SERVICE**<br><br>Date: September 24, 2021<br>Time: 10:00 a.m.<br>Courtroom: 1<br>Judge: Hon. Susan Illston<br><br>First Amended Complaint Filed on April 29, 2021 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## A. Legal Standard – Lenient and less rigorous than a Rule 60(b) motion

Federal Rule of Civil Procedure, 55(c) provides that a default may be set aside for "good cause." "Good cause" is demonstrated by: 1) a sufficient excuse for not meeting the filing deadline; 2) a meritorious defense; and 3) that setting aside default will not unfairly prejudice the other party. *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969); *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945 (9th Cir. 1986); see *Tri-Continental Leasing Corp. v. Zimmerman*, 485 F. Supp. 495, 497 (N. D. Cal. 1980).

These factors are disjunctive, and the court may vacate entry of default if any of the three factors is true. *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004), quoting *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000).

The court has discretion to determine whether good cause has been shown. See *Madsen*, 419 F.2d at 6; *Curry v. Jensen*, 523 F.2d 387, 388 (9th Cir. 1975). The court's discretion is particularly generous where the motion seeks to set aside an entry of default, rather than a default judgment. *Mendoza*, 783 F.2d at 945. Any doubt should be resolved in favor of setting aside the default in order to decide cases on their merits. *Schwab v. Bullock's, Inc.*, 508 F.2d 353, 355 (9th Cir. 1974).

The standard for setting aside an entry of 1 default pursuant to Rule 55(c) is "lenient" and less rigorous than the standard for setting aside a default judgment pursuant to Rule 60(b). *American Airlines Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996); *Meehan v. Snow,* 652 F.2d 274, 277 (2d Cir. 1981) (describing the Rule 55(c) standard as "lenient").

## B. Good Cause

Defendant's counsel believed that he had been given additional time to respond to the first amended complaint because of a pending meet and confer. Hutchinson Decl. ¶¶2-3, 5. The meet and confer was set up via email. Nowhere in the email string or in

any other communication did attorney Smith or any of plaintiff's attorneys warn that plaintiff would be seeking a default. Hutchinson Decl. ¶4.  A sincere and reasonable belief that an extension of time to respond was secured constitutes good cause.

C.     **Excusable Neglect & Surprise**

Leniency in setting aside a default is especially appropriate if the attorney failed the client. *Girlsongs & Warner Bros., Inc. v. Starkey*, 108 F.R.D. 275, 277 (N.D. Cal. 1984). In reversing the dismissal of an action for failure to timely file a brief, the Ninth Circuit stated:

> [The] default was the fault of the attorneys, and not the litigant. Yet the impact of the sanction imposed is primarily against the client. We have no intent to disavow the established principle that the faults and defaults of the attorney may be imputed to, and their consequences visited upon, his client. We do, however, believe that when any court is considering the imposition of sanctions for non-jurisdictional, procedural defaults and deficiencies in the management of litigation, the selection of the sanction to be imposed must take into consideration the impact of the sanction and the alternatives available to achieve assessment of the penalties in conformity with fault. Absent such consideration, there is an abuse of discretion.

*In Re Hill*, 775 F.2d 1385, 1387 (9th Cir. 1985).

To the extent that defendant's counsel should not have relied on the meet and confer as an extension of time to respond, defendant should not suffer for its counsel's neglect.

D.     **Meritorious Defense**

In *Keegal v. Key West & Caribbean Trading Company, Inc.*, 627 F.2d 372, 374 (D.C. Cir. 1980), the court stated: "Likelihood of success is not the measure. Defendants'

allegations are meritorious if they contain 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." (quoting Moldwood Corp. v. Stutts, 410 F.2d 351, 352 (5th Cir. 1969)).

The defense does have a very strong defense on multiple grounds: 1) the three named plaintiffs each had business numbers and therefore the TCPA doesn't apply to them (*Chennette v. PORCH.COM, INC*, et al., Case No. 1:20-cv-00201-SRB, 11/2/2020), 2) the three named plaintiffs had cell phones and therefore the TCPA doesn't apply to them (*Cunningham v. Britereal Mgmt.*, No. 4:20-CV-144-SDJ-KPJ, (E.D. Tex. Nov. 20, 2020)), 3) the three named plaintiffs gave permission to contact their numbers, which is an exception under the TCPA (47 U.S.C. § 227 (a) 5), and 4) Brandrep finger dials all its calls with a live person, so the TCPA doesn't apply to calls in this case (47 U.S.C. § 227 (D) (1) a). Hutchinson Decl. ¶9.

### E. No Prejudice to Plaintiff

"Finally, in assessing prejudice to the plaintiff, the court notes that [m]ere delay in satisfying plaintiff's claim, if it should ultimately succeed at trial, is not sufficient prejudice to require denial of a motion to set aside default." *Newhouse v. Probert*, 608 F. Supp. 978 (W.D.Mich. 1985); citing Keegal, supra, 627 F.2d at 374.  Prejudice should be demonstrated which is beyond that inherent to all plaintiffs in setting aside the entry of default, to counterbalance the universal policy favoring trial on the merits

There's no prejudice to Plaintiff in this case.  Plaintiff didn't even want to carry on with the meet and confer, which it had agreed to.  Blair Decl., ¶3.  The default appears to be an unethical attempt to have the case decided on procedural grounds rather than the merits.  Blair Decl., ¶¶4-6.

//
//
//

**F.      Service of Process in this case is also at issue**

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Spec. v. Eclat Computerized Tech.*, 840 F.2d 685, 688 (9th Cir. 1988); see also *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982).

Here, the record fails to indicate that the defendant ever received proper service.

Federal law requires that a defendant corporation be served either:
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to received service of process and - if the agent is one authorized by statute, and the statute so requires – by also mailing a copy of each to the defendant....

Fed. R. Civ. P. 4(h).

Under subdivision (e)(1), service may be effectuated in the manner prescribed for individuals pursuant to the laws of the forum state. California requires service on a person designated as agent for service of process where the defendant is a corporation. Cal. Civ. Proc. Code § 416.10. In lieu of personal delivery, Cal. Civ. Proc. Code § 415.20 permits service on a corporation by substituted service which requires leaving the summons and complaint during normal office hours at the office of the defendant with a person "who is apparently in charge" and thereafter mailing a copy of the summons and complaint to the defendant at that same office.

Here, opposing counsel provided a proof of service that claims personal service on a person named Charles Della Sala, who is neither an officer, a managing or general agent, or any other agent authorized by appointment or by law to received service of

1  process. To the extent that service is attempted by substitute service there is no indication
2  given that a mailing was ever sent out.

3  **G.    Conclusion**

4  For the reasons stated above and for those statements made orally at hearing,
5  Brandrep, LLC respectfully requests that the Court set aside the default for good cause
6  and provide it a reasonable time in which to respond to the first amended complaint.

8  Dated: August 17, 2021                    LEGAL SOLUTIONS 2 U
                                              A Professional Corporation

                                              /s/ Patrick L. Blair
                                              Patrick L. Blair
                                              Attorney for Defendant
                                              Brandrep, LLC

# PROOF OF SERVICE

COUNTY OF LOS ANGELES )
                       )  ss.
STATE OF CALIFORNIA    )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action. My business address is 18201 Von Karman Ave, 701, Irvine CA 92612.

On 08/16/2021, I served the following document described as:

**BRANDREP, LLC'S NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT (FRCP 55(c)); HUTCHINSON DECLARATION IN SUPPORT OF BRANDREP, LLC'S MOTION TO SET ASIDE DEFAULT (FRCP 55(c)); BLAIR DECLARATION IN SUPPORT OF BRANDREP, LLC'S MOTION TO SET ASIDE DEFAULT (FRCP 55(c))**

On the following interested parties in this action:

| | |
|---|---|
| Rebecca L. Davis (#271662) | Taylor T. Smith |
| **Lozeau Drury LLP** | (admitted *pro hac vice*) |
| 1939 Harrison Street, Suite 150 | Woodrow & Peluso, LLC |
| Oakland, CA 94612 | 3900 E. Mexico Ave., Suite 300 |
| Tel: (510) 836-4200 | Denver, CO 80210 |
| Fax: (510) 836-4205 | Telephone: (720) 907-7628 |
| rebecca@lozeaudrury.com | Facsimile: (720) 927-0809 |
| | tsmith@woodrowpeluso.com |

**[X]    VIA CM/ECF (email)** By electronic filing through the CM/ECF system.

**[ ]    VIA U.S. MAIL – TO ALL PARTIES**

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.  Executed on 08/16/2021 at Long Beach, California.

                    /s/ George C Hutchinson, Esq.
                    George C. Hutchinson Esq.