# Exhibit A

Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Taylor T. Smith*
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

*Pro Hac Vice*

Attorneys for Plaintiffs and the Alleged Class

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **A1 ON TRACK SLIDING DOOR REPAIR AND INSTALLATION, INC., SYLVIA SCHICK, and DEBORAH SCHICK,** individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**BRANDREP LLC**, a Delaware limited liability company,<br><br>Defendant. | Case No. 3:21-cv-03013-SI<br><br>**DECLARATION OF TAYLOR T. SMITH IN SUPPORT OF PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO SET ASIDE DEFAULT**<br><br>Date: September 24, 2021<br>Time: 10:00 AM<br>Courtroom: 1, 17th Floor<br>Judge: Hon. Susan Illston<br>FAC Filed: April 29, 2021 |

I, Taylor T. Smith, declare under penalty of perjury that the following facts are true and correct to the best of my information and belief:

1. I am one of the attorneys for Plaintiffs A1 On Track Sliding Door Repair and Installation, Inc., Sylvia Schick, and Deborah Schick (collectively "Plaintiffs") and the alleged Class in the above-captioned matter. I am over the age of 18 and can competently testify to the matters set forth herein if called upon to do so.

1

2.   Prior to filing the lawsuit, counsel for Plaintiffs and BrandRep, LLC ("BrandRep") held a series of conversations to discuss their respective views of the claims. During those discussions, BrandRep's counsel claimed that the calls were not placed using a prerecorded voice. When Plaintiffs' counsel pressed BrandRep's counsel on its basis for this assertion, BrandRep's counsel explained that its foreign call center assured them that they make all calls using their fingers. Also during the conferrals, BrandRep's counsel repeatedly claimed that it possessed consent to call all of the Plaintiffs. Despite repeatedly requesting evidence of the supposed consent, BrandRep has been unable to produce any evidence of the consent whatsoever.

3.   When the parties were unable to reach an agreement to resolve the claims, Plaintiffs filed the instant lawsuit.

4.   Plaintiffs' Complaint was filed on April 26, 2021 against Defendant BrandRep, a Delaware limited liability company, which was later amended on April 29, 2021 (dkt. 6).

5.   On April 30, 2021, the Court issued a summons directed to BrandRep. (Dkt. 8.) Thereafter, Plaintiffs arranged for BrandRep to be served with the summons and a copy of the First Amended Complaint ("FAC").

6.   On May 4, 2021, Plaintiffs, via process server, served BrandRep's registered agent for the service of process in Delaware. At this time, BrandRep had not designated a registered agent for service of process in the State of California.

7.   On May 13, 2021, counsel for BrandRep, George C. Hutchinson, contacted Plaintiffs' counsel to inquire into the status of service.

8.   That same day, Plaintiffs' counsel provided BrandRep with a copy of the proof of service.

9.   On May 24, 2021—one day before its deadline to respond to the FAC—BrandRep's counsel again reached out to counsel for Plaintiffs and claimed that it viewed the service as inadequate.

10.   To ensure proper service, Plaintiffs decided to re-serve BrandRep.

11.   On June 7, 2021, Plaintiffs, via the Orange County Sheriff's Department

1  ("OCSD"), re-served BrandRep by delivering the Summons and a copy of the FAC to
2  BrandRep's director of sales, Charles Della Sala, who confirmed that he was authorized to accept
3  service on behalf of the company (dkt. 18), placing its deadline to respond to the FAC on or
4  before June 28, 2021. At this time, BrandRep had not designated an agent for service of process
5  in the State of California.
6     12.   After BrandRep again failed to respond to the complaint, Plaintiffs considered
7  filing a request for entry of default. However, based on a lack of clarity regarding Mr. Sala's
8  position within BrandRep, Plaintiffs again arranged to re-serve BrandRep.
9     13.   At this time, Plaintiffs arranged for the OCSD to specifically only serve
10 BrandRep's chief executive officer, Sandy Demitroff. After arranging the service, the OCSD
11 contacted Plaintiffs' counsel to inform him that BrandRep had represented that Ms. Demitroff
12 was out of the office for an unspecified period of time. The OCSD sought permission to effectuate
13 service via BrandRep's chief financial officer, Deepak Vakil.
14     14.   On July 13, 2021, Plaintiffs, via the OCSD, served BrandRep by leaving a copy of
15 the FAC and Summons with Deepak Vakil, who stated that he was authorized to accept service on
16 behalf of BrandRep.
17     15.   Around the same time, Plaintiffs' counsel reviewed BrandRep's California
18 corporate filings, which revealed that BrandRep had designated a registered agent for service of
19 process in the State of California on July 7, 2021.
20     16.   To ensure proper service, Plaintiffs arranged to re-serve BrandRep for a fourth
21 time via its California registered agent.
22     17.   On July 15, 2021, Plaintiffs served BrandRep's California registered agent for
23 service of process (dkt. 24), which placed its deadline to respond on or before August 5, 2021.
24     18.   On July 23, 2021, Plaintiffs filed a joint case management statement, which
25 included statements submitted by BrandRep's counsel, George Hutchinson. (Dkt. 25.)
26     19.   Despite submitting positions, BrandRep's counsel failed to appear at the the July
27 30, 2021 case management conference. (Dkt. 26.)
28

3

20. At that time, the Court continued the case management conference until August 27, 2021—after BrandRep's deadline to respond to the FAC. (*Id.*) The Court also required Plaintiffs' counsel to provide BrandRep's counsel with written notice of the continuation of the conference and the requirement to confer in good faith to submit a revised case management statement. (*Id.*)

21. After serving written notice and requesting to confer regarding the joint report (dkt. 27), BrandRep reached out and agreed to confer on August 13, 2021.

22. On August 10, 2021, the Clerk of Court entered default against BrandRep.

23. On August 13, 2021, counsel for Plaintiffs and BrandRep conferred regarding their respective views of the case. BrandRep's counsel indicated a willingness to proceed with the previously planned Rule 26(f) conferral. Plaintiffs' counsel explained that BrandRep would not be permitted to appear in this case or present evidence unless the default was vacated.

24. BrandRep's counsel made no attempt to confer regarding its response to the FAC prior to the expiration of its deadline to respond.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in the State of Colorado, on August 31, 2021.

Respectfully,

/s/ *Taylor T. Smith*

Taylor T. Smith (admitted *pro hac vice*)
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Ave., Suite 300
Denver, CO 80210
Telephone: (720) 907-7628
Facsimile: (720) 927-0809

*Counsel for Plaintiffs and the Putative Class*

4