GEORGE C. HUTCHINSON (SBN 138735)
PATRICK L. BLAIR (SBN 201345)
LEGAL SOLUTIONS 2 U
A Professional Corporation
18201 Von Karman, Ste. 701
Irvine, California 92616
Telephone:   (855) 755-2928
Facsimile:    (855) 755-2928
gchutchinson@legalsolutions2u.com

Attorneys for Defendant:
BRANDREP, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| A1 ON TRACK SLIDING DOOR REPAIR AND INSTALLATION, INC, SYLVIA SCHICK, and DEBORAH SCHICK, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>BRANDREP, LLC, a Delaware limited liability company,<br><br>                    Defendant. | Case No. 3:21-CV-03013-SI<br><br>**BRANDREP, LLC'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO SET ASIDE DEFAULT (FRCP 55(c)); MEMORANDUM OF POINTS AND AUTHORITIES; PROOF OF SERVICE**<br><br>Date: September 24, 2021<br>Time: 10:00 a.m.<br>Courtroom: 1<br>Judge: Hon. Susan Illston<br><br>First Amended Complaint Filed on April 29, 2021 |

## BRANDREP, LLC'S REPLY TO PLAINTIFFS' OPPOSITION TO THE MOTION TO SET ASIDE DEFAULT (FRCP 55(c))

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

Defendant Brandrep, LLC hereby submits this reply to Plaintiffs' opposition to its motion to set aside default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure to set aside the default entered by the Clerk on August 10, 2021.

This motion was brought on the following grounds: good cause, excusable neglect, surprise, which caused Defendant not to respond in the time set by law to the first amended complaint ("FAC").

This reply is based on the memorandum of points and authorities below, the declaration of George C. Hutchinson, and the declaration of Patrick L. Blair, and upon such other matters as may be presented to the Court at the time of hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.    Introduction**

At the core of this motion is Defendant's counsel's belief that he had been given additional time to respond to the FAC based on an email exchange with Plaintiffs' counsel.  As explained below, the email shows Defendant's counsel's belief was entirely reasonable.  Even if the belief was unreasonable, the defendant should not be punished for it.

Plaintiffs' opposition tries to turn this motion into a mini-trial by erroneously claiming that "specific evidence" is required.  Plaintiffs' Opp. p.1, ln. 11.  Defendant is not necessarily required to show it has a meritorious defense, because the factors within the legal standard are disjunctive.  However, as shown herein, defendant has a meritorious defense and or Plaintiffs are without standing to sue under TCPA in this case.

Plaintiffs' opposition attempts to muddy the waters by delving into the parties' disputes about service and how it has been prejudiced.  If so, then why did it wait 4 years to bring this lawsuit over calls allegedly made in 2017?  If so, then why did it voluntarily dismiss its 7/28/20 TCPA lawsuit with 2 of the same plaintiffs?  The reality is that

BRANDREP, LLC'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO SET ASIDE DEFAULT (FRCP 55(c));
MEMORANDUM OF POINTS AND AUTHORITIES
C:\Users\Ron Kort Spectre\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Motions\Filed by BrandRep\Motion to Vacate Default\Reply\Reply Brief - Mtn to Vacate Defaultv1.doc
2

Plaintiffs are struggling to manufacture a viable claim let alone a viable class action lawsuit.

Plaintiffs are brazenly attempting to obtain a default judgment in a class action lawsuit, when they have not even given Defendant the most basic evidence of their claim: their phone bills.  If Plaintiffs want to prove their claims and certify their class, then they should have to do it on the merits.

## B.   Counsel's Understanding Based on the 8/4/21 Email Is a Sufficient Excuse for Not Meeting the Filing Deadline

A default may be set aside for "good cause," which can be demonstrated by a sufficient excuse for not meeting the filing deadline.  F.R.C.P. 55(c); *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969) (stated disjunctively).  The 8/4/21 email exchange between attorney Hutchinson and attorney Smith shows a sufficient excuse by proving attorney Hutchinson's reasonable belief that he had an extension of time to respond.  Hutchinson Decl. (motion) ¶3, Ex. 1.

On 8/2/21, attorney Smith emailed attorney Hutchinson and others asking for a meet and confer for the case management conference.  On 8/3/21 attorney Hutchinson responded as follows:

Mr. Smith,

**We previously agreed to have responsive pleadings set for tomorrow, but** in light of the attached order of the court we may want to meet and confer over the following items:

1. **Demurrer – we believe the case lacks merit** sufficient to warrant a cause of action under the TCPA by your clients.
2. Notice of Related Cases, relating this case to that of Jason Alan's and Todd Friedman's office
3. Motion to Transfer Venue
4. Joint Case Management Conference

**When are you free to discuss the above 4 items so that we may either dismiss this case, perhaps settle the case, or move forward with the above motions.**
George

**BRANDREP, LLC'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO SET ASIDE DEFAULT (FRCP 55(c));**
**MEMORANDUM OF POINTS AND AUTHORITIES**
C:\Users\Ron Kort Spectre\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Motions\Filed by BrandRep\Motion to Vacate Default\Reply\Reply Brief - Mtn to Vacate Defaultv1.doc
3

(Emphasis added and spaces removed). The attorneys then agreed to hold the meet and confer on August 13th, well after plaintiffs filed the entry of default. Attorney Smith did not advise attorney Hutchinson that the meet and confer would not include the demurrer. In violation of N.D. Cal. Guidelines for Professional Conduct ¶15, attorney Smith did not warn attorney Hutchinson in writing that he would be pursuing a default (in this email or anywhere else). Hutchinson Decl. (motion) ¶4. This email exchange would have been the obvious place for such a refusal and warning.

In the email, attorney Hutchinson specifically brought up the responsive pleading deadline and sought to discuss a demurrer (motion to dismiss) to the FAC. He specifically asked to discuss it, "so that we may either dismiss this case, perhaps settle the case, or move forward with the above motions." If the meet and confer would involve discussing a demurrer/motion to dismiss, then how could you possibly do that when the case has been defaulted? Attorney Smith could have said something like, "I'll discuss points 2-4 in a meet and confer, but you need to timely respond to the first amended complaint per our agreement. If you don't, I will file a motion for entry of default."

By responding the way he did, attorney Smith effectively agreed to an extension of time for defendant to respond at least until a business day after the 13th of August (the meet and confer date). At the very least, attorney Hutchinson could reasonably have believed that he had been granted an extension of time by virtue of the email exchange.

It is absurd for plaintiffs to argue that defendant's conduct is "culpable," based on this email exchange.[1] A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer. *Alan Neuman Prods., Inc. v. Albright*, 862 F2d 1388, 1392 (9th Cir. 1988); *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001). In this context the term

---

[1] Ironically, while plaintiffs' counsel argues that defendant's counsel conduct is "culpable," he himself is violating rules of professional conduct. N.D. Cal. Guidelines for Professional Conduct ¶15.

"intentionally" means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process. *Id*.

As the above case law outlines, attorney Hutchinson was not culpable because he did not act in bad faith. Hutchinson Decl. (motion) ¶¶5, 7, 9. A sincere and reasonable belief that Hutchinson believed he had secured an extension of time to respond constitutes good cause to set aside the default.

### Excusable Neglect

To the extent that this Court finds defendant's counsel should not have relied on the email as an extension of time to respond, defendant should not suffer for its counsel's neglect. Leniency in setting aside a default is especially appropriate if the attorney failed the client. *Girlsongs & Warner Bros., Inc. v. Starkey*, 108 F.R.D. 275, 277 (N.D. Cal. 1984). Where default results from an honest mistake 'rather than willful misconduct, carelessness or negligence' there is a special need to apply Rule 60(b) liberally. *Ellingsworth v. Chrysler*, 665 F.2d 180, 185 (7th Cir. 1981).

### C.   Defendant Has a Meritorious Defense

A default may be set aside for "good cause," which can be demonstrated by a meritorious defense. F.R.C.P. 55(c); *Madsen*, 419 F.2d at 6 (stated disjunctively). "That party [who wants to prove a meritorious defense] only carries the burden of producing competent evidence that establishes a factual or legal basis for the tendered defense." *Tri-Continental Leasing Corp. v. Zimmerman*, 485 F. Supp. 495, 497 (N.D. Cal. 1980). "Likelihood of success is not the measure. Defendants' allegations are meritorious if they contain 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." *Keegal v. Key West & Caribbean Trading Company, Inc.*, 627 F.2d 372, 374 (D.C. Cir. 1980).

Defendant BrandRep rightfully argues (1) that this court is an improper venue, (2) that BrandRep has valid claims for a Rule 12(b) motion, (3) that Plaintiffs lack standing, and (4) that BrandRep has valid and sufficient defenses to Plaintiff's false and manufactured claims.

**VENUE ISSUES** – A transfer of venue is appropriate where the Defendant's office is headquartered in a different location from Plaintiff and where the individual plaintiff brings a putative class action claims seeking to represent a nationwide class in the district in which the Plaintiff resides. (see, for example, *Geraci v. Red Robin Int'l, Inc*., 2019 WL 2574976 (D.N.J. June 24, 2019)). Where marketing decisions and the location of the technology used to allegedly violate the TCPA arose in the district where the defendant's headquarters is located gives rise to a justifiable reason for dismissal in this court and/or transfer from this venue. (see, for example, *Geraci*, 2019 WL 2574976, at *6; *Simms v. Simply Fashion Stores Ltd*., 2014 WL 12461321, at *1-3 (S.D. Cal. May 9, 2014)).

Here BrandRep argues that the FAC on its face admits that BrandRep is headquartered in Irvine California, that 2 of the 3 Plaintiffs reside in Arizona which is closer to Central District than Northern District, and that the technology and marketing is at BrandRep's headquarters in Irvine, CA justifying a dismissal and/or transfer of venue.

**RULE 12 (b) MATTERS** – Where a proposed motion to dismiss presents legally cognizable defenses to the complaint, this factor weighs in favor of setting aside default. *See Shoaga v. Maersk, Inc.*, No. C 08-786 SBA, 2008 WL 4615445, at *4 (N.D. Cal. Oct. 17, 2008) (setting aside default based on meritorious defense of res judicata); *Lee v. Thornburg Mortg. Home Loans Inc*., No. 14-CV-00602 NC, 2014 WL 1724850, at *3 (N.D. Cal. Apr. 29, 2014) (setting aside default based on meritorious defenses of res judicata, failure to state a claim and lack of standing).

Here, BrandRep alleges that the FAC fails to properly state a claim. First, there is a long-standing history of cases requiring specificity and particularity where statutory remedies are invoked. *Carter v. Prime Healthcare Paradise Valley LLC* (2011) 198 Cal.App.4th 396, 404-405. A complaint must do more than name particular statutes defendant allegedly violated. To provide "fair notice," it must also allege facts regarding *what conduct* violated those statutes. *Anderson v. United States Dept. of Housing & Urban Develop.* (5th Cir. 2008) 554 F.3d 525, 528. It is not enough, of course, simply to identify the federal law under which the claim is asserted. The "well-pleaded complaint" rule requires plaintiff to set forth the federal claim in sufficient detail that a right to recover under federal law is apparent. Therefore, if the statute imposes requirements or conditions for relief e.g., interstate commerce, amount in controversy, etc.), the complaint must allege compliance therewith. *Celli v. Shoell* (10th Cir. 1994) 40 F.3d 324, 327 If there is an *obvious alternative explanation* for defendant's conduct, plaintiff must plead additional facts tending *to rule out the alternative. Braden v. Wal-Mart Stores, Inc.* (8th Cir. 2009) 588 F.3d 585, 597.

The only cause of action in the complaint is for a violation of "47 U.S.C. § 227, et seq." without specificity as to the particular portion of the statute for Defendant to defend. The complaint alludes to an alleged violation of 47 U.S.C. § 227(b)(1)(A)(iii) which prohibits calls using an automatic telephone dialing system <u>or</u> an artificial or prerecorded voice to a cellular telephone for which the called party is charged for the call. The FAC completely neglects to state that the called party was charged for the call.

Defendant's initial motion to set aside already contains arguments and evidence that exceed a "hint of suggestion."  In an abundance of caution, defendant in this reply provides another declaration from attorney Hutchinson to provide more arguments and evidence after discussion with BrandRep's executives.

Defendant denies that it called any of the plaintiffs without consent as alleged in the complaint. In fact, a cursory review of the alleged telephone numbers reflects that

each and every number alleged in the complaint at the time of the alleged calls were owned and operated as business landlines by serial TCPA litigants which are clearly precluded from TCPA claims. Whether or not the numbers are cell phone numbers at the time of filing the complaint is irrelevant as related to the date the alleged calls were made. Hutchinson Decl. (reply) ¶¶5 – 8, 18, 19, 21, 23. Brandrep has extensive protocols in place to ensure that it does not violate the TCPA; also, it only places calls to verified lead sources like on YP.com and YELP.com listed businesses; also, it verifies numbers are not on the "do not call list." Hutchinson Decl. (reply) ¶¶ 5, 7, 8.

Additionally, at the time of certain alleged calls Brandrep leads were finger-dialed by a live person who handled the call with a preformatted script. Hutchinson Decl. (reply) ¶¶ 7. If given the opportunity, defendants will deny all of the allegations in the FAC, except that Defendant BrandRep is an internet marketing company headquartered in Irvine, California. Blair Decl. (motion) ¶¶ 4.

If that wasn't enough, **plaintiffs have not even given Defendant the most basic evidence of their claim: their phone bills**. After plaintiffs' counsel filed a prototype TCPA lawsuit to this one on 7/28/20 (with substantially the same set of plaintiffs), I asked attorney Taylor Smith for the plaintiffs' phone bills on multiple occasions. Hutchinson Decl. (reply) ¶¶ 11, 12, 13. The only bill he ever gave me was plaintiff J. Scott Threde's bill. Hutchinson Decl. (reply) 13.

After analyzing the bill, attorney Hutchinson was able to show attorney Smith that the alleged phone number was not owned by Brandrep at the time of the alleged call and that another company owned the number since 07/20/1993, which led to a complete dismissal of the 2020 complaint and removal of the lead Plaintiff, Threde from the 2021 lawsuit. Hutchinson Decl. (reply) ¶¶ 14, 16. Attorney Smith has failed to provide the phone records of the remaining plaintiffs, which is suspicious. He claims he does not have them. Like with Mr. Threde, they may show that the remaining plaintiffs were never called by defendant and thus have no valid claim. Hutchinson Decl. (reply) ¶¶ 19.

Defendant should be allowed to sort this out in discovery.  Plaintiffs should have to put forward evidence and prove their claims on the merits.

There are many viable defenses in this case which amount to a meritorious defense within the meaning of the legal standard for good cause.  Defendant has a meritorious defense which constitutes good cause to set aside the default.

**D.    <u>Setting Aside the Default Will Not Unfairly Prejudice the Plaintiffs</u>**

A default may be set aside for "good cause," which can be demonstrated by showing setting aside default will not unfairly prejudice the other party.  F.R.C.P. 55(c); *Madsen*, 419 F.2d at 6 (stated disjunctively).  Plaintiffs are suddenly alleging their concern that they will be prejudiced by defendant not preserving its data.  Opp. on p.9, ln. 6-12.  Such a broad argument has appeal but should not be given weight because the facts here don't support it.

Plaintiffs' opposition delves into the parties' disputes about service but fails to make the connection between that and their sudden need for assurances of the preservation of data.  Plaintiffs' counsel have never specifically expressed any concern for Brandrep's preservation of data until the instant opposition to Brandrep's motion to set aside.  Hutchinson Decl. (reply) ¶¶ 25. They have never asked Brandrep for any assurances that it preserve its data relevant to this lawsuit.  *Id*.

Additionally, defendant Brandrep is now providing assurances Hutchinson Decl. (reply) ¶¶ 26: all relevant evidence regarding calls made by BrandRep at issue in the FAC would be preserved, if in fact, such calls exist, and will be preserved throughout the pendency of this lawsuit.  Hutchinson Decl. (reply) ¶¶ 26.  Had Brandrep made calls to plaintiffs in 2017 and 2020, the data that would show those alleged calls would be preserved.  *Id*.

Plaintiffs' argument is disingenuous for other reasons.  If data preservation was so important, then why did it wait 4 years to bring this lawsuit over calls allegedly made in 2017?  Why would they voluntarily dismiss its 7/28/20 TCPA lawsuit with 2 of the same

plaintiffs?  The reality is that Plaintiffs are struggling to manufacture a lawsuit altogether let alone a class action lawsuit.

The facts render plaintiffs' argument for prejudice unconvincing.  No unfair prejudice to the plaintiffs constitutes good cause to set aside the default.

**E.    Conclusion**

Default judgments are generally disfavored and "[c]ases should be decided on their merits whenever possible."  *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). A court has broad discretion to set aside an entry of default.  *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d. 941, 945 (9th Cir. 1986).  The court's discretion is particularly generous where the motion seeks to set aside an entry of default, rather than a default judgment. *Mendoza*, 783 F.2d at 945.  Any doubt should be resolved in favor of setting aside the default in order to decide cases on their merits. *Schwab v. Bullock's, Inc.*, 508 F.2d 353, 355 (9th Cir. 1974).

Defendant has demonstrated good cause to have the entry of default set aside, by showing sufficient excuse, a meritorious defense, and no prejudice to plaintiffs. Therefore, defendant Brandrep, LLC respectfully requests that the Court set aside the default for good cause and provide it a reasonable time in which to respond to the FAC.


Dated: September 7, 2021                    LEGAL SOLUTIONS 2 U
                                            A Professional Corporation


                                            /s/ Patrick L. Blair
                                            Patrick L. Blair
                                            Attorney for Defendant
                                            Brandrep, LLC

**PROOF OF SERVICE**

COUNTY OF ORANGE      )
                             )     ss.

STATE OF CALIFORNIA    )

       I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action. My business address is 18201 Von Karman, Ste. 701, Irvine, California 92616.

       On September 7, 2021, I served the following document described as:

**BRANDREP, LLC'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO SET ASIDE DEFAULT (FRCP 55(c)); MEMORANDUM OF POINTS AND AUTHORITIES; HUTCHINSON DECLARATION IN SUPPORT OF BRANDREP, LLC'S MOTION TO SET ASIDE DEFAULT (FRCP 55(c)); BLAIR DECLARATION IN SUPPORT OF BRANDREP, LLC'S MOTION TO SET ASIDE DEFAULT (FRCP 55(c));**

       On the following interested parties in this action:

**Taylor T. Smith**
**Via CM/ECF**
*Attorney for plaintiffs*
Email: tsmith@woodrowpeluso.com

**Rebecca L. Davis**
**Via CM/ECF**
*Attorney for plaintiffs*
Email: rebecca@lozeaudrury.com

**[X]**    **VIA CM/ECF (email)** By electronic filing through the CM/ECF system.

       I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.  Executed on September 7, 2021 at Irvine, California.

                               /s/ Ron Kort
                               Ron Kort