UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA SCHICK, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BRANDREP LLC,<br><br>    Defendant. | Case No. 21-cv-03013-SI<br><br>**ORDER GRANTING MOTION TO SET ASIDE DEFAULT**<br><br>Re: Dkt. No. 38 |

On April 26, 2021, plaintiffs filed the instant action. On April 29, 2021, plaintiffs filed their first amended complaint ("FAC"). Dkt. No. 6. Defendant BrandRep, LLC ("BrandRep") was served on July 15, 2021, placing its deadline to respond to the FAC as August 5, 2021. Dkt. No. 28 at 1[1] (Plaintiff's Request for Entry of Default). August 5, 2021 came and went without defendant BrandRep filing a response to the FAC; the clerk issued a notice of entry of default on August 10, 2021. *Id.*; Dkt. No. 29. On August 17, 2021, BrandRep filed the instant motion to set aside default arguing its counsel mistakenly believed plaintiffs granted him an extension of time to respond to the FAC while the parties met and conferred about a potential motion to dismiss, a motion to transfer venue, and other matters. Dkt. No. 38-2 at ¶¶ 2-5 (Decl. of George Huchinson – Counsel for BrandRep).

A district court may set aside the entry of default upon a showing of "good cause." Fed. R. Civ. P. 55(c). The good cause analysis involves three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party.

---

[1] For ease of reference, page number citations refer to the ECF branded number in the upper right corner of the page.

*United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). "This standard . . . is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id*. However, even if one of the factors goes against the defendant, the Court may still exercise its discretion and grant the motion. *See Brandt v. Am. Bankers Ins. Co.*, 653 F.3d 1108, 1112 (9th Cir. 2011) ("A district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, but need not."). In considering a motion to set aside default, a court should bear in mind that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

The Court finds all three factors weigh in BrandRep's favor. First, BrandRep's counsel missed the deadline due to a fundamental misunderstanding regarding whether he obtained an extension to respond – this is an honest mistake not culpable conduct. Dkt. No. 38-2 at ¶¶ 2-5 (Decl. of George Huchinson – Counsel for BrandRep). Second, BrandRep has articulated its defenses and indeed previously informed plaintiffs of its intention to bring a motion to dismiss. Dkt. No. 42 at 5-9 (Reply in Support of Motion to Set Aside Default). Finally, plaintiffs will not be prejudiced – the motion to set aside default was brought timely (7 days after the default's entry) and setting it aside will have little impact on the litigation's overall progression.

As such, BrandRep's motion is GRANTED. Further, the Court finds this matter appropriate for resolution without oral argument and therefore VACATES the September 24, 2021 hearing.

**IT IS SO ORDERED**.

Dated: September 22, 2021

_____
SUSAN ILLSTON
United States District Judge