GEORGE C. HUTCHINSON (SBN 138735)
PATRICK L. BLAIR (SBN 201345)
LEGAL SOLUTIONS 2 U
A Professional Corporation
18201 Von Karman, Ste. 701
Irvine, California 92616
Telephone:  (855) 755-2928
Facsimile:   (855) 755-2928
gchutchinson@legalsolutions2u.com

Attorneys for Defendant:
BRANDREP, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| A1 ON TRACK SLIDING DOOR REPAIR AND INSTALLATION, INC, SYLVIA SCHICK, and DEBORAH SCHICK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BRANDREP, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 3:21-CV-03013-SI<br><br>**BRANDREP, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE (FRCP 12(b)(3)) AND, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE (28 U,S,C, § 1404); MEMORANDUM OF POINTS AND AUTHORITIES; PROOF OF SERVICE**<br><br>Date: November 12, 2021<br>Time: 10:00 a.m.<br>Courtroom: 1<br>Judge: Hon. Susan Illston<br><br>First Amended Complaint Filed on April 29, 2021 |

**BRANDREP, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS**

**FOR IMPROPER VENUE (FRCP 12(b)(3)) OR, IN THE ALTERNATIVE,**

**MOTION TO TRANSFER VENUE (28 U.S.C. § 1404)**

TO PLAINTIFF AND ITS ATTORNEYS OF RECORDS:

---

**BRANDREP, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE (FRCP 12(b)(3)) AND, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE (28 U.S.C. § 1404); MEMORANDUM OF POINTS AND AUTHORITIES**
C:\Users\ron\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Motions\Filed by BrandRep\Motion to Transfer\Mtn for Change of Venue_revised1.doc

1

Please take notice that on November 12th, 2021 at 10:00 a.m. or as soon thereafter as counsel may be heard by the above-entitled court, located at 450 Golden Gate Avenue San Francisco, CA 94102, defendant will and hereby does move the court pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for dismissal of the first amended complaint for improper venue and, in the alternative, under 28 U.S.C. § 1404 for a transfer of venue to the United States District Court, Central District of California, Southern Division (Orange County).

This motion is brought on the grounds that the Northern District of California is an improper venue for this case. Alternatively, this motion is brought on the grounds that transferring this case to the Central District of California, Southern Division (Orange County) is a proper venue that is more convenient for the parties and in the interests of justice.

This motion is based on this Notice of Motion and Motion, the memorandum of points and authorities filed herewith, the declaration of Deepak Vakil, CFO for BrandRep, LLC, and upon such other matters as may be presented to the Court at the time of hearing.

Dated: September 27, 2021

LEGAL SOLUTIONS 2 U
A Professional Corporation

/s/ Patrick L. Blair
Patrick L. Blair
Attorney for Defendant
Brandrep, LLC

**BRANDREP, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE (FRCP 12(b)(3)) AND, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE (28 U.S.C. § 1404); MEMORANDUM OF POINTS AND AUTHORITIES**
C:\Users\ron\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Motions\Filed by BrandRep\Motion to Transfer\Mtn for Change of Venue_revised1.doc

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## A.  Introduction

Plaintiffs filed this putative nationwide class action under the Telephone Consumer Protection Act ("TCPA") against Brandrep, LLC, a Santa Ana, California-based company, because it allegedly called them with a recorded message without their consent.  A quick PACER search reveals that plaintiffs are serial TCPA litigants.  Despite their lack of connection to this district, they have chosen the instant forum in which to bring their latest TCPA litigation.

Two out of three of the plaintiffs do not even reside in this district.  First Amended Complaint ("FAC"), ¶¶ 8-9.  Defendant Brandrep, LLC is incorporated in Delaware and headquartered in Santa Ana, California, which is in the Central District of California.  FAC, ¶¶ 10, 14.  All of Brandrep, LLC's technology, operations, paperwork, and data are in Santa Ana, California.  * Decl. of Deepak Vakil, CFO  for BrandRep, LLC, ¶9.

As explained below, this action will be more convenient, less costly, and better serve the interests of justice if it is adjudicated in the Central District of California.

## A.  Legal Standard for Proper Venue

Plaintiffs bear the burden of showing that venue was properly established in the district in which the case was filed. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).  "Because California is a state with multiple judicial districts, the Court must conduct a district-specific jurisdictional analysis, treating the … [districts] as a separate state[s]." *Lindora, LLC v. Isagenix Int'l, LLC*, 198 F.Supp. 3d 1127, 1146 (S.D. Cal. 2016).

The general venue statute states that venue is proper in: (1) a judicial district in which any defendant resides, if all defendants of the State in which the district is

**BRANDREP, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE (FRCP 12(b)(3)) AND, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE (28 U.S.C. § 1404); MEMORANDUM OF POINTS AND AUTHORITIES**
C:\Users\ron\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Motions\Filed by BrandRep\Motion to Transfer\Mtn for Change of Venue_revised1.doc

3

located; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.  28 U.S.C. § 1391(b).

**B.      Venue Is Improper in the Northern District of California**

This District is not a proper venue under § 1391(b)(2) because the defendant doesn't reside in this District and because plaintiffs do not allege that any call was made, sent, received, or intercepted in this District.  The FAC alleges Northern District area codes were called, but nothing more.  An alleged call to an area code in a district is insufficient to establish venue.  *Griffith v. Boll & Branch, LLC*, 19 cv 1551 JM(LL) (S.D. Cal. Feb. 3, 2020).

**C.      Legal Standard for Transfer of Venue**

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong … **district shall dismiss**, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  When determining whether transfer is proper, courts employ a two-step analysis.  *Park v. Dole Fresh Vegetables Inc.*, 946 F.Supp. 2d 1088, 1093 (N.D. Cal. 2013) (emphasis added).

First, the court must determine whether the case could have been brought in the forum the moving party seeks to transfer the case.  *Id*.   If the moving party makes this showing, then the district court has discretion to change venue based on "individualized, case-by-case consideration of convenience and fairness."  *Id*. (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

The court may consider factors such as: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiffs' cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-

**BRANDREP, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE (FRCP 12(b)(3)) AND, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE (28 U.S.C. § 1404); MEMORANDUM OF POINTS AND AUTHORITIES**
C:\Users\ron\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Motions\Filed by BrandRep\Motion to Transfer\Mtn for Change of Venue_revised1.doc

4

1  party witnesses, and (8) the ease of access to sources of proof.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 496, 499 (9th Cir. 2000).

As to the first step of the analysis, this case can be brought in the Central District because Brandrep, LLC is located in Santa Ana, California.  Therefore, the Court can consider the *Jones* factors above for convenience and fairness.  Factor 1 does not apply to this case because there were no agreements between the parties.  Factor 2 is neutral because all of the federal districts in California are familiar with TCPA litigation.  The remaining factors are discussed below.

**D.     The Central District is More Convenient For Witnesses & Costs**

All of Brandrep, LLC's key employees, including the CEO, and CTO, live near Brandrep, LLC's physical office in Santa Ana, California. * Decl. of Deepak Vakil, CFO  for BrandRep, LLC ¶7.  Two out of the three of the plaintiffs reside in Arizona, which is closer to the Central District than the Northern District.  FAC, ¶¶ 8-9.  The remaining plaintiff is a corporation, however the FAC makes no allegation as to who the relevant witness is or where the witness resides.  FAC, ¶¶ 18-21.

All of Brandrep, LLC's technology, operations, paperwork, and data are in Santa Ana, California.  * Decl. ¶*.  Brandrep, LLC has no offices, employees, technology, operations, paperwork, or data with the Northern District of California. Decl. of Deepak Vakil, CFO  for BrandRep, LLC ¶5.  The great majority of discovery in this putative class action case will be focused on Brandrep, LLC's witnesses and its processes.

As to *Jones* Factor 7 (compelling testimony of non-party witnesses), it is most likely that any former employees of Brandrep, LLC who might be witnesses in the case would be within the Central District.  The Central District would have an easier time than compelling testimony from unwilling local residents than would the Northern District.

BRANDREP, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE (FRCP 12(b)(3)) AND, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE (28 U.S.C. § 1404); MEMORANDUM OF POINTS AND AUTHORITIES
C:\Users\ron\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Motions\Filed by BrandRep\Motion to Transfer\Mtn for Change of Venue_revised1.doc

5

Therefore, the convenience of witnesses and costs heavily favors the Central District. This is often considered the most important factor when deciding a motion to transfer. *Jovel v. i-Health, Inc.*, No. CV 12-05526 DDP (JCGx), 2012 WL 5470057, at *4 (C.D. Cal. Nov. 8, 2012).

E.  **The Central District Is Equivalent for Contacts Related to a Putative TCPA Class Action**

The Plaintiffs' choice of forum is not entitled to deference, because this a putative class action case. All of the alleged communications to the class will have originated from the Central District, including any marketing decisions. Decl. of Deepak Vakil, CFO for BrandRep, LLC ¶7. Brandrep, LLC contacts businesses with areas codes nationwide, with no special emphasis on Northern District of California area codes. Decl. of Deepak Vakil, CFO for BrandRep, LLC ¶8.

Because plaintiffs have chosen to represent a class, their choice of forum is given less weight. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); see also *Neff v. Tobin Dodge*, LLC, 2:20-cv-00261-JAM-DMC (E.D. Cal. Nov. 18, 2020); see also *LaGuardia v. Designer Brands, Inc.*, No. 19CV1568 JM(BLM), 2020 WL 2463385, at *8 (S.D. Cal. May 7, 2020) (noting that TCPA class actions are normally attorney driven and require limited participation from the named plaintiff). Therefore, the plaintiffs' choice of forum does not weigh significantly against transfer.

F.  **The Public Interest Weighs in Favor of the Central District**

The Central District has a local interest in adjudicating this claim because its citizens have a strong interest in adjudicating claims involving the local business. The Central District would want to ensure that business located in its district abide by federal laws and do not engage in unlawful telemarketing practices. See *Geraci v. Red Robin Int'l, Inc.*, No. 1:18-cv-15542-RMB, at *5 (D. N.J. Jun. 21, 2019).

**BRANDREP, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE (FRCP 12(b)(3)) AND, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE (28 U.S.C. § 1404); MEMORANDUM OF POINTS AND AUTHORITIES**
C:\Users\ron\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Motions\Filed by BrandRep\Motion to Transfer\Mtn for Change of Venue_revised1.doc

6

## G. Conclusion

Therefore, Brandrep, LLC respectfully requests that the Court dismiss the first amended complaint pursuant to F.R.C.P. 12(b)(3) for improper venue. Alternatively, Brandrep, LLC respectfully requests that in the interests of justice and for the convenience of the parties the Court transfer this case to the Central District of California, Southern Division (Orange County) pursuant to 28 U.S.C. § 1404.

Dated: September 27, 2021

LEGAL SOLUTIONS 2 U
A Professional Corporation

/s/ Patrick L. Blair
Patrick L. Blair
Attorney for Defendant
Brandrep, LLC

**BRANDREP, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE (FRCP 12(b)(3)) AND, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE (28 U.S.C. § 1404); MEMORANDUM OF POINTS AND AUTHORITIES**
C:\Users\ron\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Motions\Filed by BrandRep\Motion to Transfer\Mtn for Change of Venue_revised1.doc

7

# PROOF OF SERVICE

COUNTY OF ORANGE )
) ss.
STATE OF CALIFORNIA )

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action. My business address is 18201 Von Karman, Ste. 701, Irvine, California 92616.

On September 27, 2021, I served the following document described as:

**BRANDREP, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE (FRCP 12(b)(3)) OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE (28 U,S,C, § 1404); MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER DISMISSING FIRST AMENDED COMPLAINT OR TRANSFERING VENUE**

On the following interested parties in this action:

**Taylor T. Smith**
**Via CM/ECF**
*Attorney for plaintiffs*
Email: tsmith@woodrowpeluso.com

**Rebecca L. Davis**
**Via CM/ECF**
*Attorney for plaintiffs*
Email: rebecca@lozeaudrury.com

**[X]   VIA CM/ECF (email)** By electronic filing through the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.  Executed on September 27, 2021 at Irvine, California.

/s/ Ron Kort
Ron Kort

**BRANDREP, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE (FRCP 12(b)(3)) AND, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE (28 U.S.C. § 1404); MEMORANDUM OF POINTS AND AUTHORITIES**
C:\Users\ron\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Motions\Filed by BrandRep\Motion to Transfer\Mtn for Change of Venue_revised1.doc

8