Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Taylor T. Smith*
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

*_Pro Hac Vice_

_Attorneys for Plaintiffs and the Alleged Class_

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **A1 ON TRACK SLIDING DOOR REPAIR AND INSTALLATION, INC., SYLVIA SCHICK, and DEBORAH SCHICK,** individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**BRANDREP LLC**, a Delaware limited liability company,<br><br>Defendant. | Case No. 3:21-cv-03013-SI<br><br>**RESPONSE IN OPPOSITION TO MOTION TO DISMISS FOR IMPROPER VENUE AND, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**<br><br>Date: November 12, 2021<br>Time: 10:00 a.m.<br>Courtroom: 1, 17th Floor<br>Judge: Hon. Susan Illston<br>FAC Filed: April 29, 2021 |

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

I.   INTRODUCTION ..................................................................................................... 1

II.  STATEMENT OF FACTS......................................................................................... 1

III. ARGUMENT.............................................................................................................. 2

    A.  All Of The Calls At Issue Were Directed To And Received In The Northern District Of California.............................................................................................. 2

    B.  The Ninth Circuit's Eight-Factor Test Under Section 1404 Weighs Against Transfer. .................................................................................................................. 5

        1.  The Plaintiffs' choice of forum is entitled to deference. ......................... 6

        2.  The respective parties' contacts with the forum. .................................... 6

        3.  The contacts relating to Plaintiffs' cause of action. ................................ 7

        4.  The differences in the costs of litigation in the two forums. .................. 8

        5.  The availability of compulsory process to compel attendance of unwilling non-party witnesses.................................................................. 9

        6.  The ease of access to sources of proof. ..................................................... 10

        7.  The Public Interest Weighs Against Transfer......................................... 10

IV.  CONCLUSION ........................................................................................................... 11

# TABLE OF AUTHORITIES

*Ahead, LLC v. KASC, Inc.*, No. C13-0187JLR,
    2013 WL 1747765 (W.D. Wash. Apr. 23, 2013)..................................................................8

*C.H. Robinson Co. v. Glob. Fresh, Inc.*, No. CV 08-2002-PHX-SRB, 2009 WL 10673422 (D.
    Ariz. Mar. 20, 2009) .....................................................................................................8, 10

*Carolina Cas. Co. v. Data Broad. Corp.*, 158 F. Supp. 2d 1044 (N.D. Cal. 2001)........................9

*Ewing v. Freedom Forever LLC*, No. 20-CV-880-JLS (AHG), 2021 WL 1087100 (S.D. Cal. Mar.
    22, 2021) .............................................................................................................................4

*Design Res., Inc. v. Leather Indus. Of Am., Inc.*, No. C09-611RSM, 2010 WL 342181 (W.D.
    Wash. Jan. 21, 2010) ..........................................................................................................3

*Holliday v. Lifestyle Lift, Inc.*, No. C 09-4995 RS,
    2010 WL 3910143 (N.D. Cal. Oct. 5, 2010).......................................................................8

*In re Bozic*, 888 F.3d 1048 (9th Cir. 2018)..................................................................................3

*In re Ferrero Litig.*, 768 F. Supp. 2d 1074 (S.D. Cal. 2011)......................................................7, 8

*Jackson v. Euphoria Wellness, LLC*, No. 3:20-CV-03297-CRB, 2020 WL 5366419 (N.D. Cal.
    Sept. 8, 2020) .....................................................................................................................3

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000)......................................................5

*Kaia Foods, Inc. v. Bellafiore*, 70 F. Supp. 3d 1178 (N.D. Cal. 2014) ..........................................3

*Lansing v. Feast at Lele*, No. CIV. S-08-2287LKKDAD, 2009 WL 800228 (E.D. Cal. Mar. 25,
    2009) ..................................................................................................................................4

*Lou v. Belzberg*, 834 F.2d 730 (9th Cir. 1987) ..............................................................................6

*Martin v. Glob. Tel*Link Corp.*, No. 15-CV-00449-YGR, 2015 WL 2124379 (N.D. Cal. May 6,
    2015) ................................................................................................................................10

*Neff v. Towbin Dodge LLC*, No. 220CV00261JAMDMC, 2020 WL 6802188 (E.D. Cal. Nov. 19,
    2020) ..................................................................................................................................4

*Nortek Prod. (Taichang) Ltd. v. FAIP N. Am., Inc.*, No. C-10-0810 MMC, 2010 WL 1838934
    (N.D. Cal. May 4, 2010) ..................................................................................................10

*O'Bannon v. Nat'l Collegiate Athletic Ass'n*, No. C 09-3329 CW, 2009 WL 4899217 (N.D. Cal.
    Dec. 11, 2009)....................................................................................................................8

*Pierucci v. Homes.com Inc.*, No. CV-20-08048-PCT-DWL, 2020 WL 5439534 (D. Ariz. Sept. 10,
    2020) ..................................................................................................................................3

*Pinnacle Fitness & Recreation Mgmt., LLC v. Jerry & Vickie Moyes Fam. Tr.*, No. 08-CV-1368
    W (POR), 2009 WL 10664872 (S.D. Cal. Sept. 8, 2009)...................................................9

*Ponomarenko v. Shapiro*, 287 F. Supp. 3d 816 (N.D. Cal. 2018) ..................................................5

*Roling v. E*Trade Sec., LLC*, 756 F. Supp. 2d 1179 (N.D. Cal. 2010)............................................6


*Samson Tug & Barge Co. v. Koziol*, 869 F. Supp. 2d 1001 (D. Alaska 2012) .............................. 11

*Schlesinger v. Collins*, No. 19-CV-03483-EMC,
    2019 WL 4674396 (N.D. Cal. Sept. 25, 2019) ........................................................ 3

*Senne v. Kansas City Royals Baseball Corp.*, 105 F. Supp. 3d 981 (N.D. Cal. 2015) ................... 6

*Shultz v. Hyatt Vacation Mktg. Corp.*, No. 10-CV-04568-LHK, 2011 WL 768735 (N.D. Cal. Feb.
    28, 2011) .................................................................................................................. 7

*Smith v. Nerium Int'l, LLC*, No. SACV1801088JVSPLAX, 2019 WL 3110027 (C.D. Cal. Apr. 3,
    2019) ...................................................................................................................... 11

*Tech. Credit Corp. v. N.J. Christian Acad., Inc.*, 307 F. Supp. 3d 993 (N.D. Cal. 2018) ............... 3

*Trujillo v. Intermex Prod. USA, Ltd*, No. 1:18-CV-1476 AWI BAM, 2018 WL 6528428 (E.D.
    Cal. Dec. 12, 2018) ................................................................................................ 3

*Vanvakaris v. Fashion Forms, Inc.*, No. CV197765DMGJEMX, 2020 WL 5044470 (C.D. Cal.
    Apr. 29, 2020) .................................................................................................... 7, 8

*Walker v. Los Angeles Cty.*, No. 08-0878-PHX-JAT,
    2008 WL 4447011 (D. Ariz. Oct. 1, 2008) ............................................................ 11

*Zilveti v. Glob. Mktg. Rsch. Servs., Inc.*, No. C-15-2494 MMC, 2016 WL 613010 (N.D. Cal. Feb.
    16, 2016) ................................................................................................................ 9

**STATUTES, RULES, SECONDARY SOURCES**

Telephone Consumer Prevention Act, 47 U.S.C. § 227, *et seq.* ................................................. 1, 2

28 U.S.C. § 1391, *et seq.* ............................................................................................................ 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case challenges Defendant BrandRep, LLC's ("Defendant" or "BrandRep") serial violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* In short, BrandRep markets its services to individuals and businesses nationwide by placing unsolicited and unwanted prerecorded phone calls. Seeking to avoid (or delay) answering for its actions, BrandRep moves to dismiss or, in the alternative, to transfer this case for a supposed lack of proper venue. Unfortunately for BrandRep, its arguments lack merit.

First, BrandRep asserts that venue is improper in this District. This argument fails. As the First Amended Complaint ("FAC") plainly alleges, all of the calls at issue in this case were directed to and received in this District. And to the extent there was any doubt, Plaintiffs have now provided declarations to clarify these facts. Given that courts have routinely explained that the receipt of unlawful calls is a "substantial part" of the events giving rise to TCPA claims, venue is proper here.

Second, BrandRep posits that the action will be more convenient, less costly, and better serve the interests of justice if it were transferred to the Central District of California. BrandRep's assertion is based exclusively on the location of its headquarters and employees. But this argument, if accepted, would all but guarantee the transfer of every class action to a defendant's home forum regardless of where the defendant may have inflicted harm. The venue statute clearly contemplates the opposite.

Furthermore, despite its thin recitation of the eight-factor test, BrandRep offers no compelling justification for a transfer. Indeed, an examination of the eight factors reveals that a transfer would do little more than shift any potential inconvenience from BrandRep to Plaintiffs, all of whom have zero connection to the Central District. Ultimately, a majority of the factors weigh against transfer or are neutral. The Court should therefore deny the motion in its entirety.

## II. STATEMENT OF FACTS

On April 26, 2021, Plaintiffs filed the instant lawsuit against Defendant alleging

widespread violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (Dkt. 1.) The complaint was later amended on April 29, 2021 (dkt. 6).

Plaintiff A1 On Track Sliding Door Repair and Installation, Inc. ("A1") is a California corporation with its principal place of business located at 1600 Dell Ave., Ste S, Campbell, CA 95008. (*See* Declaration of Louis Floyd, ¶ 3, attached hereto as Ex. A.) A1 has conducted business in the San Jose Bay area for more than 18 years. (*Id.* ¶ 4.) A1 has no contacts with the Central District of California. (*Id.* ¶ 5.) A1 received two prerecorded, telemarketing calls from BrandRep on February 7, 2021 and February 18, 2021 while located in the Northern District. (FAC ¶¶ 19-21; *see also* Ex. A ¶ 6.) Following both of the calls, BrandRep sent follow-up emails, which again solicited A1 to purchase BrandRep's services. (FAC ¶¶ 19-21.)

Plaintiff Sylvia Schick was a resident of Contra Costa County, California between 2001 through October 2018. (Dkt. 8; *see also* Declaration of Sylvia Schick, ¶ 2, attached hereto as Ex. B.) On August 13, 2017, Ms. Schick received a prerecorded, telemarketing call from BrandRep. (FAC ¶¶ 23-24.) Sylvia Schick was located within the Northern District of California at the time she received the August 13, 2017 call. (FAC ¶ 8; *see also* Ex. B ¶ 3.) Ms. Schick relocated to the State of Arizona in October 2018. (Ex. B ¶ 4.)

Plaintiff Deborah Schick was a resident of Contra Costa County, California between 2001 through October 2018. (Dkt. 9; *see also* Declaration of Deborah Schick ¶ 2, attached hereto as Ex. C.) Deborah Schick received two prerecorded, telemarketing calls from BrandRep on July 27, 2017 and August 21, 2017. (FAC ¶¶ 26-29.) Deborah Schick was located within the Northern District of California at the time she received both of these calls. (FAC ¶ 9; *see also* Ex. C ¶ 3.) Ms. Schick relocated to the State of Arizona in October 2018. (Ex. C ¶ 4.)

Based on these facts and as set forth below, Plaintiffs respectfully request that this Court deny BrandRep's motion to dismiss or, in the alternative, to transfer.

**III.   ARGUMENT**

    **A.   All Of The Calls At Issue Were Directed To And Received In The Northern District Of California.**

BrandRep first claims that this District is an improper venue because, supposedly,

2

"defendant doesn't reside in this District and because plaintiffs do not allege that any call was made, sent, received, or intercepted in this District." (Def. Mot. at 4.) This argument misconstrues the FAC. Indeed, all of the calls alleged in the FAC were directed to and received in this District.

In resolving a Rule 12(b)(3) motion, "pleadings need not be accepted as true, and facts outside the pleadings may be considered." *Tech. Credit Corp. v. N.J. Christian Acad., Inc.*, 307 F. Supp. 3d 993, 1000 (N.D. Cal. 2018) (citing *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009)). However, the court "must 'draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party.'" *Design Res., Inc. v. Leather Indus. Of Am., Inc.*, No. C09-611RSM, 2010 WL 342181, at *2 (W.D. Wash. Jan. 21, 2010) (citing *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138–39 (9th Cir.2003)); *Trujillo v. Intermex Prod. USA, Ltd*, No. 1:18-CV-1476 AWI BAM, 2018 WL 6528428, at *2 (E.D. Cal. Dec. 12, 2018) (same).

Relevant here, "[v]enue is proper in 'a judicial district in which a substantial part of the events or omissions give rise to the claim occurred….'" *Kaia Foods, Inc. v. Bellafiore*, 70 F. Supp. 3d 1178, 1184 (N.D. Cal. 2014); *see also* 28 U.S.C. § 1391(b)(2). In class actions, "the 'events' in question are only those involving the named plaintiffs." *In re Bozic*, 888 F.3d 1048, 1053 (9th Cir. 2018) (citation omitted).

In the context of TCPA claims, "a 'substantial part' of the events occur where the plaintiff received the purportedly prohibited communication." *Pierucci v. Homes.com Inc.*, No. CV-20-08048-PCT-DWL, 2020 WL 5439534, at *3 (D. Ariz. Sept. 10, 2020) (citing *Schick v. Resolute Bank*, 2019 WL 8014435, *1 (D. Ariz. 2019); *Sapan v. Dynamic Network Factory, Inc.*, 2013 WL 12094829, *3 (S.D. Cal. 2013)); *see also Jackson v. Euphoria Wellness, LLC*, No. 3:20-CV-03297-CRB, 2020 WL 5366419, at *7 (N.D. Cal. Sept. 8, 2020) ("The Court cannot say that the receipt of unwanted text messages is not a substantial part of the events giving rise to a TCPA claim. *See* 28 U.S.C. § 1391(b)(1)–(3). Accordingly, venue is proper."); *Schlesinger v. Collins*, No. 19-CV-03483-EMC, 2019 WL 4674396, at *3 (N.D. Cal. Sept. 25, 2019) ("But even accepting that as true, that does not mean that a substantial part of the events did not also take

place in California where the phone call was directed and where the harm was inflicted."); *Neff v. Towbin Dodge LLC*, No. 220CV00261JAMDMC, 2020 WL 6802188, at *1 (E.D. Cal. Nov. 19, 2020).

Here, venue is proper in the Northern District of California. While Plaintiffs Deborah Schick and Sylvia Schick currently reside in Arizona, they were residents of Contra Costa County, California at the time that the calls were received. (FAC ¶¶ 8-9; *see also* Ex. B ¶ 2; Ex. C ¶ 2.) A1 is also located in this District. (FAC ¶ 7.) More importantly, Plaintiffs all received the unlawful calls while they were located in the Northern District of California. (Ex. A ¶ 6; Ex. B ¶ 3; Ex. C ¶ 3; *see also* FAC ¶¶ 7-9, 13.) Because all of the calls were received in this District, a substantial part of the events or omissions giving rise to the claims occurred within this District. Accordingly, venue is plainly proper.

In the event the Court disagrees and concludes that venue is improper, the case should be transferred rather than dismissed. *See Lansing v. Feast at Lele*, No. CIV. S-08-2287LKKDAD, 2009 WL 800228, at *4 (E.D. Cal. Mar. 25, 2009) (where the court finds that venue is improper it shall either "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." (quoting 28 U.S.C. § 1406(a))). Dismissal here would be inappropriate. Indeed, if the case were dismissed, two of the three Plaintiffs' claims (*see* FAC ¶¶ 23, 26, 28) would be barred by the TCPA's "four-year statute of limitations." *Ewing v. Freedom Forever LLC*, No. 20-CV-880-JLS (AHG), 2021 WL 1087100, at *4 (S.D. Cal. Mar. 22, 2021). Where dismissal under Section 1406 would bar the review of claims based on the statute of limitations grounds, the Ninth Circuit has repeatedly held that transfer is in the interest of justice. *See Lansing*, 2009 WL 800228, at *5 ("In a case where, 'were [the court] not to hear [plaintiff's case], he would be time-barred from seeking review.... That, too, would be sufficient, in itself[,]' to demonstrate that the interests of justice supported transfer." (citing *Rodriguez–Roman v. INS*, 98 F.3d 416, 424 (9th Cir.1996); *see also Baeta v. Sonchik*, 273 F.3d 1261, 1264 (9th Cir. 2001))). Consequently, should the Court determine that venue is improper, the proper remedy is a transfer rather than a dismissal.

4

### B. The Ninth Circuit's Eight-Factor Test Under Section 1404 Weighs Against Transfer.

As an alternative to dismissal, BrandRep claims that this Court should transfer this case to the Central District of California pursuant to 28 U.S.C. § 1404.[1] (Def. Mot. at 4-6.) BrandRep claims that the Central District would be "more convenient, less costly, and better serve the interests of justice". (*Id.* at 3.) This isn't accurate—in reality, a transfer would do little more than shift any potential burden of litigating that BrandRep may face to Plaintiffs.

In the interest of justice, district courts may transfer a civil action "'to any other district or division where it might have been brought' for the convenience of the parties and of the witnesses." *Ponomarenko v. Shapiro*, 287 F. Supp. 3d 816, 833 (N.D. Cal. 2018) (citing 28 U.S.C. § 1404(a)). In deciding whether to transfer an action, courts consider the following eight *Jones* factors:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Ponomarenko*, 287 F. Supp. 3d at 833 (citations omitted). "The burden is on the party seeking transfer to show that when these factors are applied, the balance of convenience clearly favors transfer." *Id.* (quoting *Lax v. Toyota Motor Corp.*, 65 F.Supp.3d 772, 776 (N.D. Cal. 2014) (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979))).

Plaintiffs agree that first and second factors are neutral. Both Districts are in California. And while BrandRep cursorily claims that the remaining factors favor transfer, a closer review

---

[1] BrandRep's motion confusingly begins this argument by citing Section 1406. Nevertheless, the title of the motion and all of the case law, including its recitation of the *Jones* factors, relate to a transfer pursuant to Section 1404. Accordingly, Plaintiffs proceed as if this was a typo and that BrandRep intends to seek transfer under Section 1404.

reveals just the opposite. Plaintiffs address each of the remaining factors in turn.

### 1. The Plaintiffs' choice of forum is entitled to deference.

BrandRep incorrectly claims that "Plaintiffs' choice of forum is not entitled to deference, because this is a putative class action case." (Def. Mot. at 6.) While it is true that the choice of forum is given "less weight" in the context of class claims, such weight is typically only significantly reduced where this is evidence of forum shopping. *See Roling v. E*Trade Sec., LLC*, 756 F. Supp. 2d 1179, 1185 (N.D. Cal. 2010) ("the reduced weight on plaintiff's choice of forum in class actions serves as a guard against the dangers of forum shopping, especially when a representative plaintiff does not reside within the district.") (citing *Foster v. Nationwide Mut. Ins. Co.*, No. C 07–04928 SI, 2007 WL 4410408, at *2 (N.D. Cal. Dec. 14, 2007); *Royal Queentex Enters. v. Sara Lee Corp.*, No. C 99–04787, 2000 WL 246599, at *3 (N.D. Cal. Mar. 1, 2000)); *see also Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (giving "minimal consideration" to the choice of forum when "the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter"); *Senne v. Kansas City Royals Baseball Corp.*, 105 F. Supp. 3d 981, 1059 (N.D. Cal. 2015).

There is no evidence whatsoever that Plaintiffs have engaged in forum shopping here. Rather, at the time the calls were received, all the Plaintiffs were residents of this District. (FAC ¶¶ 7-9; *see also* Ex. A ¶ 6; Ex. B ¶ 2; Ex. C ¶ 2.) The calls at issue were directed into this District for the purposes of entering into business agreements in this District. (FAC ¶ 42.) As such, a considerable portion of the operative facts (the calls) occurred in this District, and there is nothing unfair or unreasonable about BrandRep being required to answer for harms in the forum where they occurred. This factor thus weighs against transfer.

### 2. The respective parties' contacts with the forum.

Defendant also contends that transfer would be more convenient because all of its "key employees" are located in Santa Ana, California, and because two of the plaintiffs currently reside in Arizona. (Det. Mot. at 5.) In setting out this argument, BrandRep ignores that all Plaintiffs were residents of the Northern District when they received the offending calls, and that A1 remains a

resident. (FAC ¶¶ 7-9.) More importantly, the calls at issue were directed into this District to enter into business agreements with individuals and businesses in this District. Indeed, BrandRep concedes that it contacts businesses "nationwide" to assist in business-to-business marketing. (Vakil Decl. ¶ 8.) BrandRep's choice to solicit business nationwide, including in this District, constitutes sufficient contacts to render the forum convenient. *See, e.g., In re Ferrero Litig.*, 768 F. Supp. 2d 1074, 1080 (S.D. Cal. 2011) (finding that the Defendant's sale of its products nationwide establishes "general contacts with the forum" and therefore "it is reasonable to assume that this forum is convenient.").

BrandRep also fails to acknowledge that none of the plaintiffs have any contacts with the Central District of California. (Ex. A ¶ 5; Ex. B ¶ 5; Ex. C ¶ 5.) Put another way, all parties to this suit have contacts with the current forum, however, only BrandRep has contacts with its desired forum. This argues against transfer or, at bare minimum, renders this factor neutral. *See Shultz v. Hyatt Vacation Mktg. Corp.*, No. 10-CV-04568-LHK, 2011 WL 768735, at *4 (N.D. Cal. Feb. 28, 2011) ("Since both parties have extensive contacts with the Northern District of California, but only Hyatt has contacts with its desired district, this factor weighs against transfer."); *Vanvakaris v. Fashion Forms, Inc.*, No. CV197765DMGJEMX, 2020 WL 5044470, at *3 (C.D. Cal. Apr. 29, 2020) ("Defendant's related contacts with this forum appear to be limited to its interaction with Plaintiff. In that case, Plaintiff would have strong contacts with this forum and Defendant would have minimal contacts. In this scenario, these factors would be neutral.").

### 3. The contacts relating to Plaintiffs' cause of action.

While BrandRep cites the location of its technology and operations as a basis for finding the contacts relate closely to the Central District (Def. Mot. at 5), it pays short shrift to the fact that the calls were directed into the Northern District to enter into business agreements within this District (FAC ¶ 42). BrandRep also omits any reference to its foreign call centers and/or lead generators, which it previously revealed were utilized in this case. (Dkt. 41-1 ¶ 2; *see also* Dkt. 42-2 ¶ 7.) In sum, the contacts most relevant to this cause of action occurred in either this District or a yet to be identified foreign location. Hence, this factor also weighs against a transfer.

7

**4.      The differences in the costs of litigation in the two forums.**

BrandRep claims that "the convenience of witnesses and costs heavily favors the Central District. (Def. Mot. at 6.) This is so, according to BrandRep, because it "has no offices, employees, technology, operations, paperwork, or data with the Northern District of California." (*Id.* at 5.) The reality is that a transfer would only shift any potential cost burden from BrandRep to Plaintiffs.

Typically, "courts disfavor transferring venue when litigation costs are not significantly reduced." *Ahead, LLC v. KASC, Inc.*, No. C13-0187JLR, 2013 WL 1747765, at *12 (W.D. Wash. Apr. 23, 2013). Additionally, "[c]ourts do not order venue transfers when doing so would simply 'transfer the burden of litigation from Defendant to Plaintiff.'" *Vanvakaris*, 2020 WL 5044470, at *3; *see also Holliday v. Lifestyle Lift, Inc.*, No. C 09-4995 RS, 2010 WL 3910143, at *8 (N.D. Cal. Oct. 5, 2010) ("While it is of course true that litigation and trial in California will burden the defendants, transfer would likely only displace this burden—or, worse, impose a headier one— onto plaintiff."). Moreover, "corporations are better-equipped than individuals to absorb increased litigation costs." *In re Ferrero Litig.*, 768 F. Supp. 2d at 1081.

Here, BrandRep fails to identify any costs that would be significantly reduced. Instead, BrandRep's merely recites the location of its technology and discovery documents. (Def. Mot. at 5.) But modern technology renders these concerns virtually nonexistent. *See O'Bannon v. Nat'l Collegiate Athletic Ass'n*, No. C 09-3329 CW, 2009 WL 4899217, at *2 (N.D. Cal. Dec. 11, 2009) ("Defendants assert that most of the relevant documents are located in or near the Southern District of Indiana. The Court gives this argument little weight because modern technology has significantly reduced the costs associated with the transfer of documents."); *C.H. Robinson Co. v. Glob. Fresh, Inc.*, No. CV 08-2002-PHX-SRB, 2009 WL 10673422, at *9 (D. Ariz. Mar. 20, 2009) ("modern communication methods, electronic discovery and document production, and low-cost airfare between southern California and Arizona should minimize litigation costs.").

Moreover, given Plaintiffs' counsel location (Denver, Colorado), he will be required to travel for any in person depositions regardless of the forum. Consequently, Plaintiffs will agree to

depose BrandRep and all of its employees and witnesses in Santa Ana, California to decrease any potential burden. Given the ongoing COVID-19 pandemic, it is likely that the depositions will be conducted virtually in any case. And to the extent that inspections of BrandRep's technology and/or dialing system are necessary, those inspections can be readily completed wherever the system(s) may be located. On the other hand, BrandRep's motion implies that it intends to burden Plaintiffs with travel for depositions. (*See* Def. Mot. at 5 ("Two out of the three of the plaintiffs reside in Arizona, which is closer to the Central District than the Northern District.").) Put simply, BrandRep's motion does little more than seek to transfer the litigation burden from itself to Plaintiffs.

In the end, "a defendant seeking transfer must 'make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.'" *Zilveti v. Glob. Mktg. Rsch. Servs., Inc.*, No. C-15-2494 MMC, 2016 WL 613010, at *2 (N.D. Cal. Feb. 16, 2016). BrandRep has failed to make any such showing. Thus, this factor weighs against transfer.

### 5. The availability of compulsory process to compel attendance of unwilling non-party witnesses.

BrandRep also asserts that the "Central District would have an easier time than [*sic*] compelling testimony from unwilling local residents than would the Northern District." (Def. Mot. at. 5.) In setting out this argument, BrandRep fails to identify a single witness that would be unwilling to testify, and similarly fails to explain what, if any, testimony they may offer. Indeed, "[t]o demonstrate inconvenience of witnesses, the moving party must identify relevant witnesses, state their location and describe their testimony and its relevance." *Carolina Cas. Co. v. Data Broad. Corp.*, 158 F. Supp. 2d 1044, 1049 (N.D. Cal. 2001); *see also Pinnacle Fitness & Recreation Mgmt., LLC v. Jerry & Vickie Moyes Fam. Tr.*, No. 08-CV-1368 W (POR), 2009 WL 10664872, at *9 (S.D. Cal. Sept. 8, 2009) ("to establish inconvenience of witnesses, Moyes Trust must not only state the name of witnesses, but their location, and explain the substance of their testimony and its relevance.").

Even if BrandRep could identify any potential witnesses, this does not pose a serious problem. The parties can easily depose any hypothetical witnesses within 100 miles of their

9

residence and then offer the deposition testimony at trial. *See Nortek Prod. (Taichang) Ltd. v. FAIP N. Am., Inc.*, No. C-10-0810 MMC, 2010 WL 1838934, at *3 (N.D. Cal. May 4, 2010) ("[Defendant] does not contend that any such non-party witness would refuse to testify at a trial in California, nor does [defendant] explain why any such witness's testimony could not be taken at a deposition and offered at trial." (citing Fed. R. Civ. P. 32(a))); *see also C.H. Robinson Co.*, 2009 WL 10673422, at *9 ("the Court's lack of subpoena power can be solved through the use of deposition testimony or video conference.").

Because BrandRep has not identified a single witness whose testimony may be unable to be compelled, this factor weighs against a transfer.

### 6. The ease of access to sources of proof.

Lastly, "[t]he location of evidence may be an important factor in a convenience and fairness analysis." *Martin v. Glob. Tel*Link Corp.*, No. 15-CV-00449-YGR, 2015 WL 2124379, at *5 (N.D. Cal. May 6, 2015) (citation omitted). "However, this factor is neutral or carries only minimal weight when the evidence is in electronic form." *Id.* (citing *Sarinara v. DS Waters of Am. Inc.*, No. C–13–0905 EMC, 2013 WL 3456687, at *2 (N.D. Cal. July 9, 2013); *Friends of Scot., Inc. v. Carroll*, No. C–12–1255 WHA, 2013 WL 1192956, at *3 (N.D. Cal. Mar. 22, 2013)).

In this case, there is likely to be no difference in the access to sources of proof. The bulk of responsive documents will undoubtedly be in electronic form. Consequently, the transfer of most, if not all, discovery documents will take place via email or by mail. Even for those few pieces of evidence that are not in electronic form, the parties can work to conduct any potential inspection(s) of any physical evidence wherever it may be located. This factor argues against transfer or is neutral.

### 7. The Public Interest Weighs Against Transfer.

As a final consideration, BrandRep closes by arguing that the "Central District has a local interest in adjudicating this claim because its citizens have a strong interest in adjudicating claims involving the local business." (Def. Mot. at 6.) While Plaintiffs don't dispute that the Central

District has such an interest, the Northern District likewise has a strong interest in protecting its citizens from unlawful and intrusive conduct. *See Samson Tug & Barge Co. v. Koziol*, 869 F. Supp. 2d 1001, 1019 (D. Alaska 2012) ("This court finds that Alaska's interest in protecting its citizens from fraud and misrepresentation."); *Walker v. Los Angeles Cty.*, No. 08-0878-PHX-JAT, 2008 WL 4447011, at *8 (D. Ariz. Oct. 1, 2008) ("Plaintiff correctly notes that Arizona has an interest in protecting its citizens."); *Smith v. Nerium Int'l, LLC*, No. SACV1801088JVSPLAX, 2019 WL 3110027, at *8 (C.D. Cal. Apr. 3, 2019) ("California has an interest in protecting its citizens from the alleged harm"). Given that BrandRep has not identified any greater interest that the Central District possesses over the Northern District, this factor also either weighs against a transfer or is neutral.

## IV.    CONCLUSION

BrandRep's motion essentially boils down to its desire to choose its own forum. As explained above, this Court is a proper venue to adjudicate the claims. Further, BrandRep fails to offer any compelling justification to transfer the action. Instead, BrandRep rests its argument on the fact that it is headquartered in the Central District. This is insufficient. Accordingly, the Court should deny BrandRep's motion to dismiss or, in the alternative, to transfer and award any additional relief as it deems necessary and just.

Respectfully submitted,

Dated: October 12, 2021

**A1 ON TRACK SLIDING DOOR REPAIR AND INSTALLATION, INC., SYLVIA SCHICK, and DEBORAH SCHICK**, individually and on behalf of all others similarly situated,

By: */s/ Taylor T. Smith*
        One of Plaintiffs' Attorneys

Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Taylor T. Smith*
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

*Attorneys for Plaintiffs and the Classes*

* *Pro Hac Vice*

12

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above papers was served upon counsel of record by filing such papers via the Court's ECF system on October 12, 2021.

/s/ Taylor T. Smith