GEORGE C. HUTCHINSON (SBN 138735)
PATRICK L. BLAIR (SBN 201345)
LEGAL SOLUTIONS 2 U
A Professional Corporation
18201 Von Karman, Ste. 701
Irvine, California 92616
Telephone:  (855) 755-2928
Facsimile:    (855) 755-2928
gchutchinson@legalsolutions2u.com

Attorneys for Defendant:
BRANDREP, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| A1 ON TRACK SLIDING DOOR REPAIR AND INSTALLATION, INC, SYLVIA SCHICK, and DEBORAH SCHICK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BRANDREP, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 3:21-CV-03013-SI<br><br>**BRANDREP, LLC'S REPLY TO OPPOSITION TO MOTION TO DISMISS FOR IMPROPER VENUE (FRCP 12(b)(3)) AND, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE (28 U,S,C, § 1404)**<br><br>Date: November 12, 2021<br>Time: 10:00 a.m.<br>Courtroom: 1<br>Judge: Hon. Susan Illston<br><br>First Amended Complaint Filed on April 29, 2021 |

# BRANDREP, LLC'S REPLY TO OPPOSITION TO MOTION TO DISMISS FOR IMPROPER VENUE (FRCP 12(b)(3)) AND, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE (28 U.S.C. § 1404)

**BRANDREP, LLC'S REPLY TO OPPOSITION TO MOTION TO DISMISS FOR IMPROPER VENUE (FRCP 12(b)(3)) AND, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE (28 U.S.C. § 1404)**
C:\Users\Ron Kort Spectre\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Motions\Filed by BrandRep\Motion to Transfer\Reply - Mtn for Change of Venue.docx

1

A.  **<u>Introduction</u>**

Plaintiffs' opposition emphasizes its contacts with the Northern District, but it has only one serial plaintiff out of three residing there.[1] In contrast, defendant's entire operation is in the Central District, where it has many employees, possibly former employee witnesses, and records that will be the subject of the bulk of the discovery in this case.

Plaintiffs attempt to minimize the Central District's interest in regulating businesses within its District by arguing that the Northern District has an interest in protecting its citizens (from the alleged calls into the Northern District that allegedly violated the TCPA). However, none of the plaintiffs have given defendant its phone record, though defendant has requested it many times. Hutchinson Decl., ¶¶11-17. In any case, the focus of the putative class action is nationwide, where the Northern District is on equal footing with the rest of the country.

A.  **<u>Plaintiffs' Characterization of Defendant's Motion is Inaccurate</u>**

Plaintiffs argue that defendant's motion to transfer venue is "based exclusively on the location of its headquarters and employees." Opposition, p. 1, ln. 17. The assertion is completely inaccurate. Defendant also bases its motion on: 1) only one out of three plaintiffs residing in the Northern District, 2) defendant having no employees or branch offices in the Northern District, 3) the failure of plaintiffs to give defendant their phone records showing actual contact in the Northern District, 4) the interest of the Central District to regulate businesses in its

---

[1] See the Hutchinson Decl., ¶¶4, 9-23 for evidence that Sylvia Schick, Louis Floyd (aka A1 On Track Sliding Door Repair and Installation), and Maria Schaffer are serial plaintiffs. Ms. Schick and A1 On Track are plaintiffs herein. Maria Schaffer was a plaintiff in the original complaint but was apparently dropped for forum shopping reasons. Hutchinson Decl., ¶16.

**BRANDREP, LLC'S REPLY TO OPPOSITION TO MOTION TO DISMISS FOR IMPROPER VENUE (FRCP 12(b)(3)) AND, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE (28 U.S.C. § 1404)**
C:\Users\Ron Kort Spectre\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Motions\Filed by BrandRep\Motion to Transfer\Reply - Mtn for Change of Venue.docx

2

district, 5) the putative TCPA class action weakening the weight of the plaintiffs' choice of forum, and 6) evidence of plaintiffs' forum shopping.

### B. **Plaintiffs' Slippery Slope Argument Is Misleading Rhetoric**

Plaintiffs then go on to argue that "this argument, if accepted, would all but guarantee the transfer of every class action to a defendant's home forum regardless of where the defendant may have inflicted harm." Opposition, p. 1, ln. 17-19. Not only is this "slippery slope" argument based on a fallacy, but it is also misleading rhetoric.

Even if hypothetical, putative class action defendants solely based their motions to transfer venue on their location of headquarters and employees, the outcomes would vary based on each specific situation. Such hypothetical motions might hinge on: 1) the number and locations of the plaintiffs, 2) whether defendants had contacts in the original filing district, 3) the nature of the claims, 4) the quality and quantity of contacts in the respective districts. This Court, in its discretion, can rule based on its review of the *Jones* factors. *Jones v. GNC Franchising, Inc.*, 211 F.3d 496, 499 (9th Cir. 2000).[2]

### C. **Plaintiffs' Contacts to the Northern District Are Weak**

As stated above, only two of the three plaintiffs reside in the Northern District. The alleged harm came in the form of one or two alleged phone calls to mobile phones, which could have been received anywhere. First Amended Complaint ("FAC"), ¶¶18, 22, 25. Plaintiffs haven't even given the defendant their

---

[2] The court may consider factors such as: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiffs' cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 496, 499 (9th Cir. 2000).

**BRANDREP, LLC'S REPLY TO OPPOSITION TO MOTION TO DISMISS FOR IMPROPER VENUE (FRCP 12(b)(3)) AND, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE (28 U.S.C. § 1404)**
C:\Users\Ron Kort Spectre\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Motions\Filed by BrandRep\Motion to Transfer\Reply - Mtn for Change of Venue.docx

3

phone records, though the defendant has requested it many times.  Hutchinson Decl., ¶11-17.  The quality of plaintiffs' contacts to the Northern District are weak.

### D. Little or No Weight Should Be Given to the Plaintiffs' Choice of Forum

Because plaintiffs have chosen to represent a class, their choice of forum is given less weight.  *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); see also *Neff v. Tobin Dodge*, LLC, 2:20-cv-00261-JAM-DMC (E.D. Cal. Nov. 18, 2020); see also *LaGuardia v. Designer Brands, Inc.*, No. 19CV1568 JM(BLM), 2020 WL 2463385, at *8 (S.D. Cal. May 7, 2020) (noting that TCPA class actions are normally attorney driven and require limited participation from the named plaintiff).

Plaintiffs cite the *Roiling v. E*Trade* case for the proposition that a plaintiff's choice of forum should only be given less weight if there is evidence of forum shopping.  Opposition, p. 6, ln. 3-22; *Roling v. E*Trade Sec., LLC*, 756 F. Supp. 2d 1179, 1185 (N.D. Cal. 2010).  In that case, defendant E*Trade had larger offices in the Northern District than in New York, where it wanted to transfer the case to.  *Id*. at 1186.  While evidence of forum shopping should not benefit a plaintiff's choice of venue, that does not mean it is a necessary condition of giving less weight to class action.[3]

That being said, defendant does have evidence of plaintiffs' forum shopping. "Where forum-shopping is evident, however, courts should disregard plaintiff's choice of forum." *Foster v. Nationwide Mut. Ins. Co.*, No. C 07-04928 SI, 2007

---

[3] "**In part**, the reduced weight on plaintiff's choice of forum in class actions serves as a guard against the dangers of forum shopping … ." Id. at 1185. (Emphasis added).  This shows that it is only a part of the rationale for giving less weight to class-action plaintiffs' choice of forum.; the case cited in *E*Trade* states this proposition in the affirmative: "Where forum-shopping is evident, however, courts should disregard plaintiff's choice of forum." *Foster v. Nationwide Mut. Ins. Co.*, No. C 07-04928 SI, 2007 WL 4410408, at *2 (N.D. Cal. Dec. 14, 2007) (Illston, J.).  See also Shultz v. Hyatt Vacation Mktg. Corp., No. 10-CV-04568-LHK, 2011 WL 76735, at *5 (N.D. Cal. Feb. 28, 2011) "In a class action, this deference is somewhat tempered, however.  A class action with potential class members all over the United States has been found to reduce the significance of the plaintiff's choice."

WL 4410408, at *2 (N.D. Cal. Dec. 14, 2007) (Illston, J.). First, the plaintiffs are serial plaintiffs who do not have phone bills to evidence their claims. Hutchinson Decl., ¶¶4, 9-23.

Second, plaintiffs eliminated plaintiff Maria Schaeffer from the original complaint, apparently because she lived in Huntington Beach (Central District).[4] Complaint in case # 3:20-cv-05110-TSH in the Northern District of California, ¶10 ("Plaintiff Schaeffer is a natural person over the age of eighteen (18) and a resident of the State of California; Schaeffer resides in **Huntington Beach, Orange County**.") (emphasis added); Hutchinson Decl., ¶¶9-16. This shows plaintiffs' have engaged in forum shopping in this specific matter with a preference for the Northern District.

Therefore, the plaintiffs' choice of forum should carry no weight. Even if the Court isn't convinced by the evidence presented, plaintiffs' choice of forum should not weigh significantly against transfer.

E.   **Plaintiffs' Class Action, if Successful, Will Likely Create Numerous Contacts within the Central District**

If Plaintiffs can certify their class, they will very likely add numerous plaintiffs in the Los Angeles-Orange County metropolitan area and other areas within the Central District. Having numerous plaintiffs in the Central District would balance out the contacts between districts, thereby giving plaintiffs a strong contact with the Central District. See *Shultz v. Hyatt Vacation Mktg. Corp.*, No. 10-CV-04568-LHK, 2011 WL 76735, at *5 (N.D. Cal. Feb. 28, 2011) "In a class action, this deference is somewhat tempered, however. A class action with

---

[4] Plaintiffs' counsel, Taylor Smith and Rebecca Davis filed an identical TCPA complaint against Brandrep on 7/28/20 (Case # 3:20-cv-05110-TSH in the Northern District of California). The Plaintiffs were J. Scott Threde, Louis Floyd, Sylvia Schick, and Maria Schafer.

**BRANDREP, LLC'S REPLY TO OPPOSITION TO MOTION TO DISMISS FOR IMPROPER VENUE (FRCP 12(b)(3)) AND, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE (28 U.S.C. § 1404)**
C:\Users\Ron Kort Spectre\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Motions\Filed by BrandRep\Motion to Transfer\Reply - Mtn for Change of Venue.docx
5

potential class members all over the United States has been found to reduce the significance of the plaintiff's choice."

### F. Costs Weigh in Favor of the Central District

The only cost advantage to having the case in the Northern District is the presence of plaintiff A1 On Track (i.e. serial plaintiff Louis Floyd).[5] [6]

In contrast, all of defendant's employees, executives, and records are in the Central District. To the extent there are any outsourced, out-of-the-country services relevant to discovery, the source of information for such discovery would still be in the Central District.

### G. The Public Interest Weighs in Favor of the Central District

The Central District has a local interest in adjudicating this claim because its citizens have a strong interest in adjudicating claims involving the local business. The Central District would want to ensure that business located in its district abide by federal laws and do not engage in unlawful telemarketing practices. See *Geraci v. Red Robin Int'l, Inc.*, No. 1:18-cv-15542-RMB, at *5 (D. N.J. Jun. 21, 2019).

### H. Conclusion

Therefore, Brandrep, LLC respectfully requests that the Court dismiss the first amended complaint pursuant to F.R.C.P. 12(b)(3) for improper venue. Alternatively, Brandrep, LLC respectfully requests that the Court, in the interests of justice and for the convenience of the parties, transfer this case to the Central

---

[5] Defendant agrees to have his deposition taken near his business or residence in the Northern District or electronically.
[6] Plaintiffs' active counsel in this case isn't even located in the Northern District.

**BRANDREP, LLC'S REPLY TO OPPOSITION TO MOTION TO DISMISS FOR IMPROPER VENUE (FRCP 12(b)(3)) AND, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE (28 U.S.C. § 1404)**
C:\Users\Ron Kort Spectre\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Motions\Filed by BrandRep\Motion to Transfer\Reply - Mtn for Change of Venue.docx

6

District of California, Southern Division (Orange County) pursuant to 28 U.S.C. § 1404.

| | |
|---|---|
| Dated: October 19, 2021 | LEGAL SOLUTIONS 2 U<br>A Professional Corporation<br><br>/s/ Patrick L. Blair<br>Patrick L. Blair<br>Attorney for Defendant<br>Brandrep, LLC |

**BRANDREP, LLC'S REPLY TO OPPOSITION TO MOTION TO DISMISS FOR IMPROPER VENUE (FRCP 12(b)(3)) AND, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE (28 U.S.C. § 1404)**
C:\Users\Ron Kort Spectre\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Motions\Filed by BrandRep\Motion to Transfer\Reply - Mtn for Change of Venue.docx

7

# PROOF OF SERVICE

COUNTY OF ORANGE     )
                     )  ss.
STATE OF CALIFORNIA  )

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action. My business address is 18201 Von Karman, Ste. 701, Irvine, California 92616.

On October 19, 2021, I served the following document described as:

**BRANDREP, LLC'S REPLY TO OPPOSITION TO MOTION TO DISMISS FOR IMPROPER VENUE (FRCP 12(b)(3)) AND, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE (28 U,S,C, § 1404); HUTCHINSON DECLARATION IN SUPPORT OF BRANDREP, LLC'S REPLY TO OPPOSITION TO MOTION TO DISMISS FOR IMPROPER VENUE (FRCP 12(b)(3)) AND, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE (28 U,S,C, § 1404)**

On the following interested parties in this action:

**Taylor T. Smith**
**Via CM/ECF**
*Attorney for plaintiffs*
Email: tsmith@woodrowpeluso.com

**Rebecca L. Davis**
**Via CM/ECF**
*Attorney for plaintiffs*
Email: rebecca@lozeaudrury.com

**[X]   VIA CM/ECF (email)** By electronic filing through the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed on October 19, 2021 at Irvine, California.

/s/ Ron Kort
Ron Kort

**BRANDREP, LLC'S REPLY TO OPPOSITION TO MOTION TO DISMISS FOR IMPROPER VENUE (FRCP 12(b)(3)) AND, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE (28 U.S.C. § 1404)**
C:\Users\Ron Kort Spectre\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Motions\Filed by BrandRep\Motion to Transfer\Reply - Mtn for Change of Venue.docx

8