GEORGE C. HUTCHINSON (SBN 138735)
PATRICK L. BLAIR (SBN 201345)
LEGAL SOLUTIONS 2 U
A Professional Corporation
18201 Von Karman, Ste. 701
Irvine, California 92616
Telephone:   (855) 755-2928
Facsimile:     (855) 755-2928
gchutchinson@legalsolutions2u.com

Attorneys for Defendant:
BRANDREP, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| A1 ON TRACK SLIDING DOOR REPAIR AND INSTALLATION, INC, SYLVIA SCHICK, and DEBORAH SCHICK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BRANDREP, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 3:21-CV-03013-SI<br><br>**HUTCHINSON DECLARATION IN SUPPORT OF BRANDREP, LLC'S REPLY TO OPPOSITION TO MOTION TO DISMISS FOR IMPROPER VENUE (FRCP 12(b)(3)) AND, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE (28 U,S,C, § 1404)**<br><br>Date: November 12, 2021<br>Time: 10:00 a.m.<br>Courtroom: 1<br>Judge: Hon. Susan Illston<br><br>First Amended Complaint Filed on April 29, 2021 |

## HUTCHINSON DECLARATION IN SUPPORT OF BRANDREP, LLC'S REPLY TO OPPOSITION TO MOTION TO DISMISS FOR IMPROPER VENUE (FRCP 12(b)(3)) AND, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE (28 U,S,C, § 1404)

1. I am an attorney in the State of California and the owner of Legal Solutions

2 U, APC, the law firm representing defendant Brandrep, LLC ("Brandrep") in this action.

2. I have discussed the allegations of the first amended complaint in this matter ("FAC") with BrandRep.

3. I have successfully represented BrandRep in various Telephone Consumer Protection Act ("TCPA") claim defenses and am familiar with BrandRep's TCPA protection history and marketing strategies as these were topics of discussion with my client on this case and all previous TCPA claims.

4. BrandRep has layers of TCPA and do not call ("DNC") protections in place to ensure no violation of TCPA and DNC regulations. In fact, and by way of example, the only times that I've seen BrandRep sued for TCPA claims was by professional plaintiffs who have made a business out of manufacturing and devising TCPA claims.

5. BrandRep has expressed to me that given the extensive protocols BrandRep has in place to ensure compliance with TCPA and DNC regulations, it is BrandRep's belief that the plaintiffs in this case are professional plaintiffs for profit who have made litigation their business and are serial TCPA litigants who have devised and/or manufactured a scheme to drum up TCPA claims even against companies, like BrandRep, with layers of protection from TCPA and DNC violations.

6. Brandrep has no record of calling the numbers allegedly owned by plaintiffs

**HUTCHINSON DECLARATION IN SUPPORT OF BRANDREP, LLC'S REPLY TO OPPOSITION TO MOTION TO DISMISS FOR IMPROPER VENUE (FRCP 12(b)(3)) AND, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE (28 U,S,C, § 1404)**
C:\Users\Ron Kort Spectre\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Motions\Filed by BrandRep\Motion to Transfer\Hutchinson Decl - Reply Venue.docx

2

in the manner alleged in the FAC (with respect to the numbers called with on certain dates).

7. Brandrep has a long history of extensive protocols in place to ensure that it does not violate the TCPA.  In working with BrandRep on TCPA claims before BrandRep's marketing lead source owners and operators explained to me that leads in 2017 were finger-dialed by a live person who handled the call with a preformatted script.

8. Brandrep has expressed that they only call verified lead sources that are pre-determined and screened to be in compliance with TCPA and DNC regulations.

9. This case has a history that goes back before the filing of the April 29, 2021 FAC and April 26, 2021 complaint.

10. Plaintiffs' counsel, Taylor Smith and Rebecca Davis filed an identical TCPA complaint against Brandrep on 7/28/20 (Case # 3:20-cv-05110-TSH in the Northern District of California).  The Plaintiffs were J. Scott Threde, Louis Floyd, Sylvia Schick, and Maria Schafer.

11. On 11/3/2020, I asked attorney Taylor Smith for the plaintiffs' phone bills.

12. I was informed by Attorney Smith on 11/4/2020 that he had dismissed the case without prejudice.  On that same day, I again demanded the plaintiffs phone bills.

13. On 11/28/2021, attorney Smith finally gave me plaintiff J. Scott Threde's

bill, but no one else's.

14. On 2/1/2021, after analyzing the bill, I was able to show attorney Smith that the alleged phone number was not owned by Brandrep at the time of the alleged call and that the number has been registered to Geico since 07/20/1993 with no porting changes and that for Brandrep to make such a call from the alleged number would be impossible.

15. Then, the same attorneys filed the instant case on April 26, 2021 with the following plaintiffs: J. Scott Threde, Louis Floyd, Sylvia Schick, and Maria Schafer.

16. Apparently after realizing that J. Scott Threde was not a viable plaintiff, and that Maria Schaeffer lived in Huntington Beach (in the Central District), the attorneys filed the FAC in Northern District on April 29, 2021 eliminating both plaintiffs and renaming Louis Floyd individually to his business name listing the following plaintiffs: A1 On Track Sliding Door Repair and Installation, Inc. ("A1 On Track" originally Louis Floyd), Sylvia Schick, and Deborah Schick.  The FAC eliminated plaintiff J. Scott Threde. Interestingly, the FAC replaced plaintiff Louis Floyd with A1 on Track (with the same facts), and eliminated Maria Schaeffer who lived in Huntington Beach (Central District), suspiciously inferring a venue shopping preference for the Northern District.

17. Despite agreeing to provide them, attorney Smith has since refused to

**HUTCHINSON DECLARATION IN SUPPORT OF BRANDREP, LLC'S REPLY TO OPPOSITION TO MOTION TO DISMISS FOR IMPROPER VENUE (FRCP 12(b)(3)) AND, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE (28 U,S,C, § 1404)**
C:\Users\Ron Kort Spectre\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Motions\Filed by BrandRep\Motion to Transfer\Hutchinson Decl - Reply Venue.docx

4

provide the phone records of the remaining plaintiffs. He claims he does not have them yet each of the Plaintiffs are professional plaintiffs for profit with multiple TCPA claims filed or threatened to be filed with the courts for years before the underlining case was filed. Each filed case references the same exact numbers alleged in the operative complaint in this case. I have even been handed evidence that reflects a collusion between the plaintiffs to share in TCPA claims.

18. Based on evidence provided to my office it is my belief that these plaintiffs have no standing to sue in this case.

19. Since each number and plaintiff have been litigating TCPA claims with the same numbers for years, I find it hard to believe that the phone bill for each plaintiff and number is not within counsel's possession given their plaintiffs history of TCPA claims. I believe that he has refused to provide them because they would show that the remaining plaintiffs have no claim, like with J. Scott Threde.

20. Maria Schaffer, Louis Floyd (aka A1 On Track Sliding Door Repair and Installation), and Sylvia Schick were professional plaintiffs of Todd Friedman's office, whom BrandRep sued for manufacturing illegal TCPA claims. It is suspicious that many of the same plaintiffs are now being represented by Taylor Smith and Rebecca Davis after Todd Friedman's office promised to never sue BrandRep again after their last failed TCPA

HUTCHINSON DECLARATION IN SUPPORT OF BRANDREP, LLC'S REPLY TO OPPOSITION TO MOTION TO DISMISS FOR IMPROPER VENUE (FRCP 12(b)(3)) AND, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE (28 U,S,C, § 1404)
C:\Users\Ron Kort Spectre\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Motions\Filed by BrandRep\Motion to Transfer\Hutchinson Decl - Reply Venue.docx

5

claim against BrandRep where BrandRep filed counter-claims against TCPA plaintiffs and Todd Friedman's office successfully defeating Todd Friedman's Motion to Dismiss and Anti-SLAPP motions.

21. By way of a non-exhaustive set of examples the plaintiffs in this case have made being a plaintiff for profit through a series of TCPA litigation claims including case numbers:

    a. 3:2020cv05110

    b. 2:2020cv04671

    c. 5:2020cv01520

    d. 5:2020cv02162

    e. 5:2020cv03486

    f. 5:2020cv03502

    g. 3:2020cv04585

    h. 3:2020cv05110

    i. 3:2019cv01407

    j. 2:2020cv00645

    k. 8:2020cv00187

    l. 8:2019cv01743

    m. 3:2018cv06889

    n. 3:2020cv05110

    o. 3:2020cv01170

**HUTCHINSON DECLARATION IN SUPPORT OF BRANDREP, LLC'S REPLY TO OPPOSITION TO MOTION TO DISMISS FOR IMPROPER VENUE (FRCP 12(b)(3)) AND, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE (28 U,S,C, § 1404)**
C:\Users\Ron Kort Spectre\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Motions\Filed by BrandRep\Motion to Transfer\Hutchinson Decl - Reply Venue.docx

6

    p. 1:2019cv01185

    q. 3:2020cv02231

22. I find it highly suspicious that in a TCPA case where the plaintiffs for years have initiated multiple TCPA claims against multiple parties using the same exact telephone number alleged in the FAC that the plaintiffs and their counsel are unwilling to show their phone records which are the basis of their complaint. The phone records would be the most basic piece of foundational evidence needed to show that plaintiffs even received a call from defendant.

23. Based on my discussions with BrandRep and their agents, I believe the defendant has a just and complete defense to the FAC for the following reasons: 1) Brandrep did not contact any of the plaintiffs as alleged in the complaint, 2) even if Brandrep did contact any of the plaintiffs, it was not likely with an artificial or prerecorded voice without some act on behalf of the Plaintiffs to manufacture their TCPA claims eliminating any safeguard protocol that BrandRep would have in place, 3) BrandRep has extensive protocols in place to ensure that it does not violate the TCPA, and (4) BrandRep has produced evidence to me that each number listed in the complaint was a business landline at the time of each of the alleged calls with express written consent to be called which are exceptions under the TCPA (47 U.S.C. § 227 (a) 5), by virtue of listing them on public websites.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: October 19, 2021

LEGAL SOLUTIONS 2 U
A Professional Corporation

/s/ George C. Hutchinson
George C. Hutchinson
Declarant and Attorney for
Defendant Brandrep, LLC

**HUTCHINSON DECLARATION IN SUPPORT OF BRANDREP, LLC'S REPLY TO OPPOSITION TO MOTION TO DISMISS FOR IMPROPER VENUE (FRCP 12(b)(3)) AND, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE (28 U,S,C, § 1404)**
C:\Users\Ron Kort Spectre\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Motions\Filed by BrandRep\Motion to Transfer\Hutchinson Decl - Reply Venue.docx

8