1

2

3

4                                   UNITED STATES DISTRICT COURT

5                                 NORTHERN DISTRICT OF CALIFORNIA

6

7        SYLVIA SCHICK, et al.,                          Case No. 21-cv-03013-SI

8                        Plaintiffs,

9                v.                                       ORDER DENYING DEFENDANTS'
                                                         MOTION TO DISMISS AND MOTION
10       BRANDREP LLC,                                    TO TRANSFER VENUE

11                       Defendant.                       Re: Dkt. No. 44

12

13          On August 27, 2021, defendant BrandRep, LLC ("BrandRep") filed a motion to dismiss the

14   first amended complaint ("FAC") pursuant to rule 12(b)(3)[1] and a motion for a transfer of venue

15   under 28 U.S.C. § 1404.  Dkt. No. 44. (MTD/MTV).  Plaintiffs oppose both motions.  Dkt. No. 45.

16   (Opp.).  Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution

17   without oral argument and VACATES the November 12, 2021 hearing.  Upon consideration of the

18   parties' papers and arguments made therein, the Court DENIES defendant's motion to dismiss the

19   FAC and DENIES defendant's motion to transfer venue.

20   _____

21          [1] Pursuant to Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a
     case for improper venue. Venue is generally proper in a district where the defendant resides. See 28
22   U.S.C. § 1391(a). 28 U.S.C. § 1391(b)(2) provides at a civil action may be brought in "a judicial
     district in which a substantial part of the events or omissions giving rise to the claim occurred, or a
23   substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). An
     action filed in a district that satisfies 28 U.S.C. § 1391 may not be dismissed under Federal Rule of
24   Civil Procedure 12(b)(3) for improper venue. *Atlantic Marine Const. Co. v. U.S. Dist. Court for W.
     Dist. of Texas*, 571 U.S. 49, 55–56 (2013).  Because a 12(b)(3) motion has a dramatic effect on
25   plaintiff's forum choices, the trial court must "draw all reasonable inferences in favor of the non-
     moving party and resolve all factual conflicts in favor of the non-moving party." *Murphy v.*
26   *Schneider National Inc*., 362 F.3d 1133, 1140 (9th Cir. 2003).  Plaintiffs' complaint alleges "a
     substantial part of the events or omissions giving rise to the claim occurred" within the district.
27   (FAC at ¶¶ 7-9, 13, 22-29; Dkt. No. 45 at *7. (Opp.).  Thus, the Northern District of California is a
     proper venue under Section 1391(b)(2).  Since venue is proper, defendants' motion to dismiss
28   pursuant to Rule 12(b)(3) is **DENIED**.

United States District Court
Northern District of California

## BACKGROUND

On April 26, 2021, plaintiffs A1 On Track Sliding Door Repair and Installation, Inc. (A1), Sylvia Schick, and Deborah Schick (collectively "Plaintiffs") filed this class action against BrandRep to: "(1) stop Defendant's practice of placing calls using 'an artificial or prerecorded voice' to the telephones of consumers nationwide without their prior express consent; and (2) obtain redress for all persons injured by Defendant's conduct." FAC at ¶ 1.  The FAC alleges BrandRep violated, and continues to violate, the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* ("TCPA" or "Act") and its regulations by causing "an artificial or prerecorded voice" ("prerecorded calls") to call telephone subscribers who have not expressly consented to receiving such calls.  FAC at ¶¶ 3-6.  Plaintiffs, on behalf of themselves and a class of similarly situated individuals, seek an injunction requiring BrandRep to cease all unauthorized prerecorded calling activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.  FAC at ¶ 33.  Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of themselves and the Class.[2]  FAC at ¶ 34.

The FAC states plaintiff A1 On Track Sliding Door Repair and Installation, Inc. ("A1") is a California corporation with its principal place of business located in the San Jose Bay area for more than 18 years.   FAC at ¶ 7; Dkt. No. 45 at *6[3] (Opp.).   The FAC alleges that, while located in the Northern District, plaintiff A1 received two prerecorded telemarketing calls from BrandRep on February 7, 2021 and February 18, 2021.  FAC at ¶¶ 19-21; Dkt. No. 45-1 at ¶¶ 3-6 (Floyd Decl.[4]).  The FAC further alleges that, after each of the calls, BrandRep sent follow-up emails, which again solicited A1 to purchase BrandRep's services.  *Id.*  According to the FAC, plaintiff S. Schick was a

---

[2] **No Consent Class**: All persons in the United States who from four years prior to the filing of the initial complaint in this action to the date notice is sent to the Class (1) Defendant, or a third person acting on behalf of Defendant, called; (2) on the person's cellular telephone; (3) for the purpose of selling Defendant's products and services; (4) using an artificial or prerecorded voice; and (5) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call the Plaintiffs.  FAC at ¶ 34.

[3] For ease of reference, page number citations refer to the ECF branded number in the upper right corner of the page.

[4] Louis Floyd, representative of plaintiff A1.

United States District Court
Northern District of California

resident within the Northern District of California between 2001 through October 2018 and received a prerecorded telemarketing call from BrandRep on August 13, 2017.  FAC at ¶¶ 22-24; Dkt. No. 45-2 at ¶¶ 2-3 (S. Schick Decl.).  According to the FAC, plaintiff D. Schick was a resident within the Northern District of California from 2001 through October 2018, and received prerecorded telemarketing calls from BrandRep on July 27, 2017 and August 21, 2017.  FAC at ¶¶ 25-29; Dkt. No. 45-3 at ¶¶ 2-3 (D. Schick Decl.).

On April 26, 2021, plaintiffs filed the instant action and three days later, on April 29, 2021, filed the FAC.  Dkt. Nos. 1 and 6.  On August 27, 2021, defendant BrandRep, LLC ("BrandRep" or "Defendant") filed the instant motion to dismiss under 12(b)(3) and a motion to transfer venue under 28 U.S.C. § 1404.  Dkt. No. 44. (MTD/MTV).

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  § 1404(a) seeks to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted).  To support a motion for transfer, the moving party must establish: "(1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses, and will promote the interests of justice."  *Foster v. Nationwide Mut. Ins. Co.*, No. C 07-04928 SI, 2007 WL 4410408, at *2 (N.D. Cal. Dec. 14, 2007).

In the Ninth Circuit, district courts have "discretion to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).  In making the determination, a court may consider:  (1) where the relevant agreements were negotiated and executed; (2) the state most familiar with the governing law; (3) plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) contacts relating

3

1   to plaintiff's cause of action in the chosen forum; (6) differences in litigation costs in the two forums;

2   (7) ability to compel attendance of unwilling non-party witnesses; (8) ease of access to sources of

3   proof; (9) presence of a forum selection clause; and (10) relevant public policy of the forum state,

4   if any. *Id.* at 498–99.   The moving party bears the burden of showing a transfer is *"more"*

5   appropriate.  *Id.*  A defendant seeking transfer must "make a strong showing of inconvenience to

6   warrant upsetting the plaintiff's choice of forum."  *Decker Coal Co. v. Commonwealth Edison Co.*,

7   805 F.2d 834, 843 (9th Cir. 1986); see also *Zilveti v. Glob. Mktg. Rsch. Servs., Inc.*, No. C-15-2494

8   MMC, 2016 WL 613010, at *2 (N.D. Cal. Feb. 16, 2016).

9

10                                          **DISCUSSION**

11          Because venue is proper in the Northern District of California, the Court proceeds to weigh

12   the interests of convenience and justice to determine whether transfer is appropriate to the Central

13   District of California.   As discussed above, courts evaluate several factors in making this

14   determination.   Parties agree the first and second *Jones* factors are neutral and the ninth is

15   inapplicable.  Dkt. No. 44 at *5 (MTD); Dkt. No. 45 at *9 (Opp.); *Jones*, 211 F.3d at 498.

16

17          **Third Factor: Plaintiffs' choice of forum.**   While a plaintiff's choice of forum generally

18   receives deference in a motion to transfer venue, in the class action context plaintiff's choice is given

19   less weight. *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir. 1987) ("[W]hen an individual ... represents

20   a class, the named plaintiff's choice of forum is given less weight.").   Nonetheless, even in a class

21   action, plaintiff may still be entitled to some deference.  *Shultz v. Hyatt Vacation Mktg. Corp.*, No.

22   10-CV-04568-LHK, 2011 WL 768735, at *3 (N.D. Cal. Feb. 28, 2011).  Specifically,

23          [i]n judging the weight to be accorded [plaintiff's] choice of forum, consideration must be
            given to the extent of both [plaintiff's] and the [defendants'] contacts with the forum,
24          including those relating to [plaintiff's] cause of action.... If the operative facts have not
            occurred within the forum and the forum has no interest in the parties or subject matter,
25          [plaintiff's] choice is entitled to only minimal consideration.

26   *Lou,* 834 F.2d at 739 (citations omitted).

27          Here, the operative facts occurred within the chosen forum, within which one plaintiff still

28

                                                    4

United States District Court
Northern District of California

United States District Court
Northern District of California

resides.  FAC at ¶¶ 7-9; Dkt. No. 45 at *10-11 (Opp.).  BrandRep argues that if plaintiffs' class is certified, numerous plaintiffs from the Los Angeles-Orange County area and the Central District will be added, balancing out contacts between districts and strengthening plaintiffs' contact with the Central District.  Dkt. No. 46 at *5. (Reply).  However, the Court is not persuaded that uncertain class members weigh in favor of transfer.  *Shultz v. Hyatt Vacation Mktg. Corp.*, No. 10-CV-04568-LHK, 2011 WL 768735, at *7 (N.D. Cal. Feb. 28, 2011) ("Given the uncertainty regarding the number and location of putative class members, the Court does not find the convenience of possible party witnesses provides much support for either side in the transfer analysis at this stage[.]").  Therefore, because the FAC alleges operative facts occurred within this forum and one plaintiff still resides here, this factor slightly favors plaintiffs.

**Fourth Factor: Respective parties' contacts with the forum.**  The FAC alleges plaintiff A1 is a California corporation with its principal place of business located in the Northern District of California where it has conducted business for more than 18 years.  Dkt. No. 45-1 at ¶¶ 3-4. (Floyd Decl.).  Two of the three plaintiffs have since moved to Arizona.  FAC at ¶¶ 8-9.  BrandRep states their key employees live near Brandrep's physical office in Santa Ana, California.  Dkt. No. 44 at *5; Vakil Decl. at ¶ 7 (CFO for BrandRep).  Because both parties cite substantial claim-related contacts in each forum, this factor is neutral regarding transfer.

**Fifth Factor: Contacts relating to the plaintiffs' cause of action in the chosen forum.**  Plaintiffs' cause of action arises out of BrandRep's alleged prerecorded calls to the telephones of plaintiffs and other members of the alleged class without first obtaining express consent to do so in violation of the TCPA.  FAC at ¶¶ 3-4.  Defendant argues the Northern District is an improper venue under § 1391(b)(2) because it does not reside in the district and plaintiffs do not allege any calls were "made, sent, received, or intercepted in this District."  Dkt. No. 44 at *4. (MTD/MTV).  However, that is exactly what plaintiffs allege – that they each received the allegedly unlawful calls while they were located in the Northern District of California.  FAC at ¶¶ 7-9, 13, 22-29.  BrandRep's strong Central District of California contacts do not negate the importance of plaintiffs'

Northern District of California contacts relating to plaintiffs' claims.  See *Shultz v. Hyatt Vacation Mktg. Corp.*, No. 10-CV-04568-LHK, 2011 WL 768735, at *5 (N.D. Cal. Feb. 28, 2011).  BrandRep argues all of its marketing decisions and alleged communications to the class originated from the Central District; but the *location* of those decisions does not negate the *local impact* of those decisions.  *Id.*; Dkt. No. 44 at *6.  Therefore, plaintiffs' FAC alleges substantial contacts relating to plaintiffs' cause of action in this judicial district.  Because both parties cite substantial claim-related contacts in each forum, this factor is neutral regarding transfer.

**Sixth Factor: Differences in the costs of litigation in the two forums.**  When claims arise solely out of defendants' business practices, most of the witnesses will likely be the defendants' employees; meaning this factor would weigh heavily in favor of transfer.  *Italian Colors Rest. v. Am. Express Co.*, No. C 03-3719 SI, 2003 WL 22682482, at *5 (N.D. Cal. Nov. 10, 2003).  However, transfer is not appropriate if it simply shifts the inconvenience from one party to another.  *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir.1986); *Shultz v. Hyatt Vacation Mktg. Corp.*, No. 10-CV-04568-LHK, 2011 WL 768735, at *6 (N.D. Cal. Feb. 28, 2011).  Corporations are better-equipped than individuals to absorb increased litigation costs.  *See, e.g., Healthtrac Corp. v. Caterpillar Inc.,* No. C 05–2727, 2005 U.S. Dist. LEXIS 25272 at * 12–*13 (N.D. Cal. Oct. 26, 2005); *Shultz v. Hyatt Vacation Mktg. Corp.*, No. 10-CV-04568-LHK, 2011 WL 768735, at *6 (N.D. Cal. Feb. 28, 2011).  Further, plaintiffs agree to depose BrandRep and all of its employees and witnesses in Santa Ana, California to decrease any potential burden.  Dkt. No. 45 at *12-13. (Opp.).  Therefore, litigation costs are neutral in the transfer analysis.

**Seventh Factor: Availability of compulsory process to compel attendance of unwilling non-party witnesses.**  Neither party has submitted evidence indicating there are third-party witnesses whose convenience should be weighed in the transfer analysis.  Therefore, the Court finds this factor is neutral in the transfer analysis.

**Eighth Factor: Ease of access to sources of proof.** BrandRep argues all of its technology,

operations, paperwork, and data are in Santa Ana, California.  Dkt. No. 44 at *5. (MTD/MTV).
Plaintiffs argue venue will not impact access to sources of proof as the bulk of responsive documents
will undoubtedly be in electronic form.  Dkt. No. 45 at *14. (Opp.).  The parties will have to work
out potential discovery disputes such as this one regardless of where the case is venued. Therefore,
the Court finds this factor weighs only slightly in favor of transfer.

**Tenth Factor: Relevant Public Policy of the Forum State.**  BrandRep argues the "Central
District has a local interest in adjudicating this claim … to ensure that business[es] located in its
district abide by federal laws and do not engage in unlawful telemarketing practices."  Dkt. No. 44
at *6. (MTD/MTV).  Plaintiffs argue the "Northern District likewise has a strong interest in
protecting its citizens from unlawful and intrusive conduct."  Dkt. No. 45 at *15. (Opp.).  Each
proposed venue has an interest in the matter.  Thus, this factor is neutral regarding transfer.

## CONCLUSION

Having weighted the various *Jones* factors and finding most of them neutral, and keeping in
mind the broad discretion granted to district courts when deciding a motion to transfer venue, the
Court concludes venue is appropriate in the Northern District.  A strong showing of inconvenience
to warrant upsetting the plaintiff's choice of forum has not been made.  Keeping the matter in this
venue promotes judicial economy and allows the case to move forward without undue delay.

For the foregoing reasons, the Court DENIES defendant's motion to dismiss the first
amended complaint and DENIES defendant's motion for transfer of venue.

**IT IS SO ORDERED**.

Dated:  November 3, 2021

SUSAN ILLSTON
United States District Judge