Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Taylor T. Smith*
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

*Pro Hac Vice*

Attorneys for Plaintiffs and the Alleged Class

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **A1 ON TRACK SLIDING DOOR REPAIR AND INSTALLATION, INC., SYLVIA SCHICK, and DEBORAH SCHICK,** individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**BRANDREP LLC**, a Delaware limited liability company,<br><br>Defendant. | Case No. 3:21-cv-03013-SI<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Plaintiffs A1 On Track Sliding Door Repair and Installation, Inc., Sylvia Schick, and Deborah Schick (collectively "Plaintiffs") and Defendant BrandRep, LLC ("Defendant", and collectively with Plaintiffs, the "Parties") jointly submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California, Rule 26(f) of the Federal Rules of Civil Procedure, and Civil Local Rule 16-9.

1. <u>Jurisdiction & Service</u>

1

1  Plaintiffs' Position: This case is an alleged class action brought under the TCPA, a federal
2  statute. As such, the Court has original jurisdiction under 28 U.S.C. § 1331. No parties remain to
3  be served.
4  Defendant's Position: Plaintiffs are serial plaintiffs who do not have jurisdiction under
5  Article III of the U.S. Constitution, §2 because they have suffered no injury in fact.  As a result of
6  their schemes to manufacture TCPA claims, plaintiffs are also in violation of Cal. Bus. & Prof.
7  Code § 17200, et. seq. for unfair business practices.  Defendant is evaluating its position and may
8  file a counterclaim.  Defendant may also need to add and serve additional law firm parties as
9  cross-claimants under the same statute.
10
11 2.  Facts
12  Plaintiffs' Position: The case challenges Defendant BrandRep, LLC's alleged violations of
13 the Telephone Consumer Protections Act, 47 U.S.C. § 227, *et seq.* ("TCPA" or the "Act"),
14 specifically its practice of sending unsolicited, prerecorded telemarketing calls.
15  The facts are straightforward. On July 27, 2021, Plaintiff Deborah Schick received a
16 telemarketing call, which featured a prerecorded voice. Upon following the prompts, Deborah
17 Schick was connected with a BrandRep representative. Deborah Schick received another
18 prerecorded call from BrandRep on August 21, 2017. Plaintiff Silvia Schick also received a
19 prerecorded call from BrandRep directed to her cellular telephone on August 23, 2017. Further,
20 Plaintiff A1 On Track received prerecorded calls directed to its cellular telephone on February 7,
21 2020 and February 18, 2020. None of the Plaintiffs provided prior express consent to be called by
22 BrandRep. Accordingly, Plaintiffs, on behalf of themselves and a Class of similarly situated
23 individuals, bring this action to put an end to BrandRep's serial violations of the TCPA.
24  Defendant's Position: 1) Plaintiffs filed this class action under the Telephone Consumer
25 Protection Act ("TCPA") against Brandrep, because it allegedly called them with a recorded
26 message without their consent.  A quick PACER search reveals that plaintiffs are serial TCPA
27
28

litigants whose allegations are meritless and fraudulent. As such, they have suffered no injury and are without standing to bring this lawsuit. 2) Moreover, Brandrep did not violate the TCPA rules. 3) Additionally, plaintiffs gave permission to contact them by listing their phone numbers as businesses on business websites and/or directories, 4) Plaintiffs manufacture TCPA violations and brings bad-faith lawsuits against companies like BrandRep as a business scheme causing BrandRep harm, 5) if plaintiffs are not restrained from their fraudulent activities they will likely continue with their wrongdoings, 6) plaintiffs act as alter egos for attorneys who are the true plaintiffs, although concealed from the general public, which is key to the extortion of improper settlements devised and spearheaded by attorneys abusing their license for an improper method.

3. <u>Legal Issues</u>

    <u>Plaintiffs' Position:</u>

    (1)    Whether BrandRep made the calls with the use of prerecorded voice message;

    (2)    Whether Defendant obtained prior express consent to make the alleged calls;

    (3)    Whether the proposed class can be certified as a class action in accordance with Federal Rules of Civil Procedure 23;

    (4)    Whether Plaintiffs and the other members of the Class are entitled to statutory damages; and

    (5)    Whether Defendant placed the calls in violation of the TCPA knowingly or willingly such that the Court should award treble damages.

    <u>Defendant's Position:</u>

    In addition to issues listed above:

    (6)    Plaintiffs are serial plaintiffs who do not have jurisdiction under Article III of the U.S. Constitution, §2 because they have suffered no injury in fact.

    (7)    As a result of their schemes to manufacture TCPA claims, plaintiffs are also in violation of Cal. Bus. & Prof. Code § 17200, et. seq. for unfair business practices.

    (8)    Whether Defendant called plaintiffs alleged phone numbers as stated in the first

3

amended complaint.

(9) Whether Defendant violated TCPA by calling cellular telephones versus landlines.

(10) Whether Defendant violated TCPA by using artificial or recorded messages versus a live human voice.

(11) Whether any damages suffered by Plaintiffs were proximately caused by their own conduct.

(12) Whether Plaintiffs and the proposed class have unreasonably delayed bringing this action to the prejudice of Brandrep, and thus laches should apply.

(13) Whether Plaintiffs and the proposed class are barred from any relief by the doctrines of in pari delicto and unclean hands, and/or after-acquired evidence, or in the alternative these doctrines cut off or reduce their alleges damages.

(14) Whether Plaintiffs and the proposed class members' recovery in this action is barred in whole or in part by their failure to exercise reasonable care and diligence to mitigate any damages allegedly accruing to them.

(15) Whether Plaintiffs and the proposed class members are entitled to equitable relief because Plaintiffs and the proposed class members have failed to avail themselves of or exhaust plain, adequate, or complete remedies of laws available to them under the provisions of applicable state or federal law.

(16) Whether Plaintiffs and the proposed class fail to meet the requirements of a representative action and TCPA rules.

4. Motions

Plaintiffs' Position: Plaintiffs anticipate moving for class certification following class discovery and potentially moving for summary judgment in favor of themselves and the class members. Discovery motions may also be potentially necessary.

Defendant's Position: Defendants anticipate filing a:

Motion to dismiss under Article III of the U.S. Constitution, §2 because they have suffered no injury in fact; and a motion for summary judgment based on plaintiffs' lack of genuine issue of material fact to support its claims. Defendant may also make a motion to add parties based on violations of Cal. Bus. & Prof. Code § 17200, et. seq. for unfair business practices.

5. Amendment of Pleadings

Plaintiffs' Position: Discovery may reveal other entities or individuals personally involved in the making of the calls so as to warrant their inclusion as additional defendants. Plaintiffs also anticipate the potential need to amend the class definition following appropriate class discovery regarding the contours of the class. Plaintiffs' position is that a deadline for amending the pleadings should be set at some point following completion of certain discovery regarding class related issues so as to identify any additional culpable parties and to appropriately focus the class definition. A deadline of 150 days following commencement of discovery regarding class related issues would suffice.

Defendant's Position:

As stated above, defendant is evaluating its position to file a counterclaim and to add parties based on violations of Cal. Bus. & Prof. Code § 17200, et. seq. for unfair business practices.

6. Evidence Preservation

The Parties certify that they have reviewed the ESI Guidelines. During the Rule 26(f) conference, counsel for the Parties discussed the potential ESI implicated in this case. The Parties confirm that any relevant ESI is being appropriately preserved. Should discovery proceed, the Parties are committed to working together to reduce the costs of ESI.

7. <u>Disclosures</u>

The parties have agreed to exchange initial disclosures pursuant to the requirements of Fed. R. Civ. P. 26 on November 29th, 2021.

8. <u>Discovery</u>

No discovery has been served thus far and the parties have not identified any discovery disputes. Pursuant to Fed. R. Civ. P. 26(f), the parties submit the following discovery plan:

**(1) Subjects on which discovery may be needed.** Discovery will be needed on the allegations asserted in the first amended complaint and the legal issues set forth above.

**(2) Issues relating to disclosure or discovery of electronically stored information.** If certain discovery is to be produced in electronic form, the parties have agreed to meet and confer, as necessary, to resolve any issues concerning electronic discovery as they arise.

**(3) Issues relating to claims of privilege or of protection as trial-preparation material.** The parties agree to prepare and produce a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product protection except the following: written and oral communications between a party and its counsel after commencement of the action and work product material created after commencement of the action.

**(4) Changes in limitations on discovery.** The parties do not propose any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Civil Local Rules.

**(5) Orders that should be entered by the court.** The parties anticipate that a protective order governing the treatment of confidential information will be required and will submit a proposed order in the form of the Northern District's model order.

<u>Defendant's Position:</u> Defendant has not yet begun discovery in this action. At this time,

1  defendant intends to depose plaintiffs, as well as serve plaintiffs with requests for production of
2  documents, interrogatories and requests for admission. Defendant also intends to take the
3  depositions of individuals who submit declarations in support of any motion for class certification
4  or collective action as well as the depositions of plaintiffs' experts.

6  9. Class Actions
7        The Parties set forth their positions with respect to discovery in Section 17 below.

9        Defendant alleges that this action may not properly be maintained as a class action under
10 Rule 23 or as a collective action under the TCPA. Defendant will oppose Plaintiffs' motion for
11 class certification once brought.

13 10. Related Cases
14       Plaintiffs are unaware of any pending cases related to this action.

16       Defendant alleges that this action may in some way related to that of <u>Jason Alan v</u>
17 <u>BrandRep</u> 2:15-cv-05473-SVW-PLA and 8:16-cv-01040-DOC-DFM, which has been dismissed,
18 and other cases identified before this court in prior motions and some cases yet to be identified.

20 11. Relief
21       <u>Plaintiffs' Position:</u> Plaintiffs seek statutory damages for Defendant's alleged violations of
22 the TCPA, which provides $500 per call, which may be trebled to $1,500 per call where the calls
23 were made willfully without prior express consent. Damages will be calculated depending upon
24 the number of class members and the number of calls following discovery.
25       <u>Defendant's Position:</u>
26       Based on presently known information, defendant does not believe that plaintiffs' are

entitled to relief but that defendant may file a counterclaim entitling defendant to relief.

12. Settlement and ADR

The Parties have complied with ADR L.R. 3-5. The Parties anticipate attending private, non-binding mediation before a mutually agreeable mediator. Settlement discussions have occurred and the parties are open to further discussing settlement informally at any appropriate time.

13. Consent to Magistrate Judge For All Purposes

Plaintiffs' Position: All Parties do not consent to have a magistrate judge conduct all further proceedings.

Defendant's Position: A Magistrate Judge has not been assigned to this action. If and when a Magistrate Judge is assigned to this action, the parties will indicate whether or not they consent to the assignment at that time.

14. Other References

The parties agree that the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

Defendant is aware of no other references needed at this time.

15. Narrowing of Issues

The Parties agree, to the extent necessary, to explore facts that can be proven by stipulation at the appropriate time.

16. Expedited Trial Procedure

    The Parties do not believe that this case is suitable for an expedited trial.

17. Scheduling

    Plaintiffs' Position: Discovery should proceed with respect to both class certification and merits issues for a period of eleven (11) months. The first nine (9) months will be devoted to written and oral fact discovery. The final two (2) months of this period will be devoted to experts. Following the close of this initial eleven (11) month discovery period, the Parties will brief class certification. Following a ruling on class certification the Court would hold a subsequent case management conference and establish a schedule for the remainder of the case, including a period for any remaining merits-based discovery, and dates for summary judgment briefing, pre-trial conferences, and the trial.

    Plaintiffs propose the following case schedule.

| Event | Proposed Deadlines |
|---|---|
| Motion to Amend Pleadings and/or Add Parties | April 11, 2022 |
| Deadline to Complete Fact Discovery | August 30, 2022 |
| Plaintiffs' Expert Disclosures Due | September 9, 2022 |
| Defendants' Expert Disclosures Due | September 30, 2022 |
| Rebuttal Expert Disclosures Due | October 14, 2022 |
| Complete Expert Discovery | November 4, 2022 |
| Plaintiffs to File Motion for Class Certification | November 25, 2022 |

| | |
|---|---|
| Defendant to File Opposition to Class Certification | December 16, 2022 |
| Plaintiffs to File Reply ISO Motion for Class Certification | December 30, 2022 |
| Subsequent Case Management Conference | TBD: to be set after a ruling on class certification |
| File Dispositive Motions | TBD: to be set after a ruling on class certification |

Defendant's Position:

| **Event** | **Proposed Deadlines** |
|---|---|
| Motion to Amend Pleadings and/or Add Parties | April 11, 2022 |
| Deadline to Complete Fact Discovery | August 30, 2022 |
| Plaintiffs' Initial Expert Disclosures Due | January 24, 2023 |
| Defendant's Expert Disclosures Due | January 24, 2023 |
| Rebuttal Expert Disclosures Due | January 24, 2023 |
| Complete Expert Discovery | January 24, 2023 |
| Plaintiffs to File Motion for Class Certification (and any supporting class-certification expert reports) | January 11, 2022 |
| Defendant to File Opposition to Class Certification (and any rebuttal class- | August 9, 2022 |

| | |
|---|---|
| certification expert reports) | |
| Plaintiffs to File Reply ISO Motion for Class Certification | August 30, 2022 |
| Subsequent Case Management Conference | TBD: to be set after a ruling on class certification |
| File Dispositive Motions | January 24, 2023 |

18. Trial

    Plaintiffs' Position: Plaintiffs anticipate that a jury trial will take 3-5 days.

    Defendant's Position on trial is that the length of trial depends on the outcome of class certification. If class certification is denied, Defendant estimates a 3-5 day trial. If class certification is granted in entirety based on the current class definitions, Defendant estimates a 20-30 day trial.

19. Disclosure of Non-party Interested Entities or Persons

    Plaintiffs have filed their Certification of Interested Entities or Persons.

20. Professional Conduct

    All counsel have reviewed the Guidelines.

21. Other

    The parties are not aware of any other matters at this time.

                                          Respectfully submitted,

Dated: November 12, 2021          **A1 ON TRACK SLIDING DOOR REPAIR AND INSTALLATION, INC., SYLVIA SCHICK, and DEBORAH SCHICK**, individually and on behalf of

11

|   |   |
|---|---|
| 1 | all others similarly situated, |
| 2 | By: */s/ Taylor T. Smith* |
|   | One of Plaintiffs' Attorneys |

Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Taylor T. Smith (admitted *pro hac vice*)
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

Dated: November 12, 2021                **BRANDREP, LLC**

*/s/ Patrick Blair*

George C. Hutchinson
gchutchinson@legalsolutions2u.com
Patrick Blair
pblair@legalsolutions2u.com
Legal Solutions 2U, APC
18201 Von Karman Ave., Suite 701
Irvine, CA 92612
Tel: 855-775-2928
Fax: 855-775-2928

*Counsel for Defendant*

### SIGNATURE CERTIFICATION

Pursuant to Civil L.R. 5-1(i)(3) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to counsel for Defendant and that I have obtained authorization to affix his or her electronic signature to this document.

By: */s/ Taylor T. Smith*
     Taylor T. Smith

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above papers was served upon counsel of record by filing such papers via the Court's ECF system on November 12, 2021.

<u>/s/ Taylor T. Smith</u>