GEORGE C. HUTCHINSON (SBN 138735)
PATRICK L. BLAIR (SBN 201345)
LEGAL SOLUTIONS 2 U
A Professional Corporation
18201 Von Karman, Ste. 701
Irvine, California 92616
Telephone:  (855) 755-2928
Facsimile:   (855) 755-2928
gchutchinson@legalsolutions2u.com

Attorneys for Defendant:
BRANDREP, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| A1 ON TRACK SLIDING DOOR REPAIR AND INSTALLATION, INC, SYLVIA SCHICK, and DEBORAH SCHICK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BRANDREP, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 3:21-CV-03013-SI<br><br>**DEFENDANT BRANDREP, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; PROOF OF SERVICE**<br><br>First Amended Complaint Filed on April 29, 2021 |

## DEFENDANT BRANDREP, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

**DEFENDANT BRANDREP, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

C:\Users\ron\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Answer to FAC - Threde v. Brandrep.docx       1

Defendant Brandrep, LLC ("Brandrep") hereby answers and sets forth its affirmative defenses to plaintiffs' first amended complaint.

## Admissions and Denials

1. Brandrep DENIES the allegations of paragraphs 10 and 14 of the first amended complaint. The correct address is 2850 Red Hill Ave Suite 100, Santa Ana, CA 92705.

2. Brandrep DENIES the allegations of paragraphs 1, 3-4, 6, 11-13, 15, 17, 19-21, 23-24, 26-29, 31-32, and 42-47 of the first amended complaint.

3. Brandrep does not have sufficient information to form a response to the allegations of paragraphs 2, 5, 7, 16, 18, 22, 25, 30, and 33-40 of the first amended complaint, and therefore DENIES them.

4. In response to paragraph 8, Brandrep DENIES that plaintiff Sylvia Schick received the alleged prerecorded call at issue. As to the rest of the paragraph, Brandrep does not have sufficient information to form a response. Accordingly, Brandrep DENIES the allegations of paragraph 8.

5. In response to paragraph 9, Brandrep DENIES that plaintiff Deborah Schick received the alleged prerecorded call at issue. As to the rest of the paragraph, Brandrep does not have sufficient information to form a response. Accordingly, Brandrep DENIES the allegations of paragraph 9.

6. Paragraph 41 of the first amended complaint constitutes a reallegation of matters alleged elsewhere in the first amended complaint. Brandrep responds to such reallegations in the same manner as Brandrep has responded herein to the original allegations.

7. Brandrep DENIES any allegations in the first amended complaint not otherwise specifically responded to herein.

**DEFENDANT BRANDREP, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

C:\Users\ron\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Answer to FAC - Threde v. Brandrep.docx

2

## Affirmative Defenses

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The answering defendant alleges that the first amended complaint on file herein, and each of its purported causes of action, fails to state facts or law sufficient to constitute a cause of action against the answering defendant.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

The answering defendant alleges that plaintiffs have failed to mitigate their damages, and to the extent of such failure to mitigate, any damages awarded to plaintiffs should be reduced accordingly.

### THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

The answering defendant alleges that if any equitable relief is claimed to be owed to plaintiffs as a result of their first amended complaint on file herein, it is barred as a result of plaintiffs' own unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
### (Laches)

The answering defendant alleges that if any equitable relief is claimed to be owed to plaintiffs as a result of the first amended complaint on file herein, they are barred as a result of the doctrine of laches.

**DEFENDANT BRANDREP, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

C:\Users\ron\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Answer to FAC - Threde v. Brandrep.docx

3

**FIFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

The answering defendant alleges that plaintiffs by reason of their own acts, omissions, representations and courses of conduct, by which defendant was led to rely to its detriment, are barred from any recovery herein by virtue of the doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

**(Plaintiffs' Actions/Inactions)**

The answering defendant alleges that any damages sustained by plaintiffs, as alleged in plaintiffs' first amended complaint was a direct and proximate result of plaintiffs' actions and/or inactions.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Standing to Bring First Amended Complaint)**

The answering defendant alleges that plaintiffs do not have the capacity to maintain this action because among other reasons the first amended complaint is brought purely for retaliatory, harassment, or oppressive purposes.  Plaintiffs also do not have standing to bring suit, because they have no cognizable injury under Article III.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Damages Speculative)**

Any damages alleged to be suffered by plaintiffs are speculative.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Do Equity)**

**DEFENDANT BRANDREP, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

C:\Users\ron\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Answer to FAC - Threde v. Brandrep.docx

4

The answering defendant alleges that plaintiffs failed to comply with the conditions imposed to afford relief to defendant on the equities favoring defendant and/or this Court cannot accommodate the equities favoring the defendant in granting the relief, and to grant relief to plaintiffs without affording relief to the defendant, would be inequitable.

## TENTH AFFIRMATIVE DEFENSE
### (Offset Damages)

The answering defendant has suffered damages by reason of plaintiffs' conduct and, therefore, the defendant has the right to off-set an amount of money which this Court determines is owed or due to plaintiffs, if any, by way of said damages.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Proximate Causation by Others)

The injuries and damages, if any, sustained by plaintiffs as alleged in the first amended complaint on file herein, were proximately caused by the acts, errors, omissions, negligence and/or breaches of obligation of individuals or entities other than the defendant, including but not limited to plaintiffs, and as such, the defendant is not responsible for any such injuries or damages.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Benefit to Defendants)

The answering defendant alleges that it has not received any form of benefits through its actions or inactions as alleged by plaintiffs in their first amended complaint.

**DEFENDANT BRANDREP, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

C:\Users\ron\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Answer to FAC - Threde v. Brandrep.docx   5

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Pursue Claims against other Parties and Sources)**

The answering defendant alleges that plaintiffs' claims are barred, in whole or part, because plaintiffs have failed to seek recovery and/or reimbursement from other parties at fault and other sources available to plaintiffs.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Waiver and Estoppel)**

Plaintiffs through their words and conduct have waived any and all claims which they seek to assert in this action and is estopped both to assert and to recover upon such claims.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Barred by TCPA)**

Defendant alleges that plaintiffs are limited or barred from recovery, if any, by the applicable and current Telephone Consumer Protection Act (TCPA) regulations.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Invalid Law)**

Defendant alleges that the provisions of the law by which plaintiffs seek a remedy and damages, are invalid in total and/or as alleged against this defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No Regulations)**

**DEFENDANT BRANDREP, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

C:\Users\ron\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Answer to FAC - Threde v. Brandrep.docx       6

Defendant alleges that plaintiffs are barred from any recovery because the allegations presented by plaintiffs are not regulated by the law which they seek to enforce.

## EIGHTEENTH AFFIRMATIVE DEFENSE
## (No Damage under the TCPA)

Defendant alleges that plaintiffs are barred from recovery, because plaintiffs have not suffered damage under the TCPA.

## NINETEENTH AFFIRMATIVE DEFENSE
## (Consent)

Defendant alleges that plaintiffs are barred from asserting any causes of action by virtue of its consent to the alleged acts or conditions.

## TWENTIETH AFFIRMATIVE DEFENSE
## (Unfair Business Practices)

Defendant alleges that plaintiffs are barred from any relief, based on plaintiffs' violations of federal, state, and local unfair business practice laws. Including but not limited to the fact that the Plaintiffs placed their number online for business purposes and advertises businesses that do not exist for its intended purpose in order to manufacture TCPA violations. Plaintiffs forward business landline calls to their cell phone and/or port over numbers existing as business to their cell phone to fraudulently allege that they did not give consent to call their phone numbers. Plaintiffs manufacture TCPA violations and bring bad-faith lawsuits against companies like BrandRep. Plaintiffs actions would cause BrandRep to spend time and money calling fake businesses because of Plaintiffs' actions. Plaintiffs actions demonstrate a sufficient likelihood that they will

DEFENDANT BRANDREP, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

C:\Users\ron\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Answer to FAC - Threde v. Brandrep.docx    7

continue to harm BrandRep and other innocent businesses. Plaintiffs file numerous cases for settlement purposes. Plaintiffs masquerade as legitimate businesses for the purpose of manufacturing these lawsuits.  Plaintiff is a private for-profit enterprise whose primary function is to bring actions against defendants accused of violating a statute. Plaintiffs enterprise includes being enlisted by attorneys to mislead the general public with false postings of businesses that they do not have and of extracting money from businesses under the guise of purporting to enforce consumer protection laws by engaging in a scheme to defraud companies like BrandRep into buying bad leads. Plaintiffs know at the time of filing suit that they did not own the business they listed on directories, and that they have provided and verified written consent to call their numbers. The true plaintiff in these cases are usually the attorney who represent the Plaintiffs. These attorneys use boilerplate complaints to bring suit against businesses for TCPA and/or DNC violations and in some cases the telephone numbers Plaintiffs claim belongs to Defendants do not even belong to the Defendant businesses. This enterprise of hidden attorney Plaintiffs and their alter egos (those actually named in the complaint) claim to assert the interest of the general public, file mass actions under the authority of the TCPA and/or DNC against multiple unrelated businesses utilizing the scheme described herein. There is no public benefit in these cases and few, if any even get close to class certification. Attorneys split fees with their non-attorney plaintiffs after initiating a volume of cases prior to making adequate investigation to ascertain the facts necessary to establish their case, or completely disregard the true facts necessary to establish a valid case. These Attorneys commit the practice of instituting volume litigation without probable cause and for the purpose of harassing businesses into settling lawsuits.

**DEFENDANT BRANDREP, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

C:\Users\ron\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Answer to FAC - Threde v. Brandrep.docx   8

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Fraud)

Defendant alleges that plaintiffs are barred from any relief, based on fraud by plaintiffs and/or their agents.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Good Faith Exception)

Defendant alleges that it is entitled to a good faith exception.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (No Artificial or Pre-Recorded Voice Used)

Defendant alleges that it did not use an artificial or pre-recorded voice in the alleged calls to plaintiffs.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Plaintiffs' Were Not Charged for the Call)

Defendant alleges that plaintiffs were not charged for calls made to it by defendant and is therefore exempt from certain TCPA regulations.

## TWENTH-FIFTH AFFIRMATIVE DEFENSE
### (Application of the TCPA Is Limited by State Law)

Defendant alleges that plaintiffs' TCPA action is limited by California state law and that California state law defenses apply to the TCPA.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Class Mitigation)

DEFENDANT BRANDREP, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

C:\Users\ron\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Answer to FAC - Threde v. Brandrep.docx    9

Defendant affirmatively alleges that the purported class members failed to mitigate their damages as required by law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Class Action – No Typicality)

Defendant affirmatively denies the validity of plaintiffs' claim, deny Plaintiffs are an appropriate class representative for the purported class, and deny that this matter should proceed as a class action.  The claims and circumstances surrounding plaintiffs are not the same claims and defenses as the others in the class.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Class Action – No Numerosity)

Defendant affirmatively alleges that there is no numerosity in this action to warrant class certification.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Class Action – No Similarity in Claims)

Defendant affirmatively alleges that there is no similarity in claims between the plaintiffs and the purported class.  There are no common legal or factual issues that make it efficient to deal with claims between the plaintiffs and the purported class.

## THIRTEETH AFFIRMATIVE DEFENSE
### (PLAINTIFFS' NUMBERS ARE BUSINESS LANDLINES and TCPA EXEMPTIONS)

**DEFENDANT BRANDREP, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

C:\Users\ron\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Answer to FAC - Threde v. Brandrep.docx

10

Defendant alleges that Plaintiff's number is a business landline and is therefore exempt from TCPA regulations. Defendant also alleges that they are within the TCPA exemptions.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Statute of Limitations and/or Time Bar)

Defendant affirmatively alleges that the claim or claims in the first amended complaint are time barred by the TCPA or by applicable statutes of limitation.

## THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Notice of Additional Affirmative Defenses)

Defendant hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserves the right to amend its answer to assert such defenses.

## Prayer

WHEREFORE, Defendant Brandrep demands a judgment dismissing the first amended complaint with costs, attorneys' fees to the extent recoverable, disbursements and such other and further relief as this Court may deem just and proper.

Dated: September *, 2021     LEGAL SOLUTIONS 2 U
                             A Professional Corporation

                             /s/ Patrick L. Blair
                             Patrick L. Blair
                             Attorney for Defendant
                             Brandrep, LLC

DEFENDANT BRANDREP, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

C:\Users\ron\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Answer to FAC - Threde v. Brandrep.docx     11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEFENDANT BRANDREP, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

# PROOF OF SERVICE

COUNTY OF ORANGE      )
                      )  ss.
STATE OF CALIFORNIA   )

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action. My business address is 18201 Von Karman, Ste. 701, Irvine, California 92616.

On September *, 2021, I served the following document described as:

**DEFENDANT BRANDREP, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

On the following interested parties in this action:

**Taylor T. Smith**
**Via CM/ECF**
*Attorney for plaintiffs*
Email: tsmith@woodrowpeluso.com

**Rebecca L. Davis**
**Via CM/ECF**
*Attorney for plaintiffs*
Email: rebecca@lozeaudrury.com

**[X]   VIA CM/ECF (email)** By electronic filing through the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.  Executed on November 16, 2021 at Irvine, California.

/s/ Ron Kort
Ron Kort

**DEFENDANT BRANDREP, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

C:\Users\ron\Dropbox\CA_Office\Clients\Brand Rep LLC\(2020 - 2021) Threde V BrandRep\2021 Complaint\Answer to FAC - Threde v. Brandrep.docx    13