Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Taylor T. Smith*
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

*Pro Hac Vice*

Attorneys for Plaintiffs and the Alleged Class

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **A1 ON TRACK SLIDING DOOR REPAIR AND INSTALLATION, INC. and DEBORAH SCHICK,** individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>**BRANDREP LLC**, a Delaware limited liability company,<br><br>　　　　　　Defendant. | Case No. 3:21-cv-03013-SI<br><br>**JOINT STATEMENT REGARDING PLAINTIFFS' DISCOVERY DISPUTE** |

In accordance with the Court's standing order, Plaintiffs A1 On Track Sliding Door Repair and Installation, Inc. ("A1") and Deborah Schick ("Schick," collectively with A1, "Plaintiffs") and Defendant BrandRep, LLC ("BrandRep" or "Defendant") submit this Joint Statement regarding Plaintiffs' Discovery Dispute.

**PLAINTIFFS' POSITION:** The principal source of disagreement between the parties relates to whether BrandRep should be compelled to produce the records of telemarketing calls placed on its behalf to potential class members. While class discovery is discretionary, the Ninth Circuit has advised that courts should afford "litigants an opportunity to present evidence as to whether a class action [is] maintainable. And, the necessary antecedent to the presentation of evidence is, in most cases, enough discovery to obtain the material, especially when the information is *within the sole possession of the defendant*." *Beets v. Molina Healthcare, Inc.*, No. CV 16-5642-CAS (KSX), 2019 WL 2895630, at *3 (C.D. Cal. Apr. 9, 2019) (citing *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) (emphasis added)).

As relevant background here, BrandRep outsourced a portion of its telemarketing activities to companies located in foreign countries, including Egypt, Jamaica, the Dominican Republic, Belize, the Philippines, and potentially others. The process apparently worked as follows: first, the third parties would initiate calls on behalf of BrandRep to potential clients. After a call recipient expressed an interest, the third parties would then transfer the call to a BrandRep call center via a "Live Transfer" for the purposes of selling BrandRep's products and services. Specific to this case, BrandRep has determined that the calls received by Plaintiffs were initiated by Contact Center Source ("CCS")[1], one of BrandRep's telemarketers based in Cairo, Egypt. Unfortunately, BrandRep revealed that it fails to maintain any records relating to the initiation of calls placed by its vendors. As such, it does not possess any records of the beginning of the calls placed to Plaintiffs or the class, which would be solely in the possession of CCS. However, BrandRep has confirmed that it is in possession of the calling data after the calls were transferred to its call

---

[1] BrandRep clarified that it believes the calls directed to Plaintiff Schick were placed by Global Contact Center ("GCC"). However, GCC has since been acquired by (or merged with) CCS, which leaves CCS as the only surviving entity.

1

1  centers. As such, Plaintiffs seek to compel the production of the post-transfer call records. More
2  specifically, Plaintiffs seek responses to Requests for Production Nos. 17-20 (*see* Excerpts of
3  BrandRep's Responses to Requests for Production, attached hereto as Ex. A) and Interrogatories
4  Nos. 9 & 10 (*see* Excerpts of BrandRep's Responses to Plaintiff A1's Interrogatories, attached
5  hereto as Ex. B; Excerpts of BrandRep's Responses to Plaintiff Schick's Interrogatories, attached
6  hereto as Ex. C).

7        The information sought is plainly relevant to the class claims in this case. Indeed, the
8  requests seek to identify the number calls placed by the same third party (CCS), which were
9  transferred to BrandRep for the purposes of soliciting the sale of its products and services.
10 Naturally, the information will relate to numerosity and commonality. The information is also
11 relevant to BrandRep's planned vicarious liability defense. For these reasons, courts regularly order
12 TCPA defendants to produce their calling records to establish the Rule 23 prerequisites. *See*
13 *Doherty v. Comenity Cap. Bank & Comenity Bank*, No. 16CV1321-H-BGS, 2017 WL 1885677, at
14 *4 (S.D. Cal. May 9, 2017) ("The Court finds that outbound dial lists are relevant to establish the
15 issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are
16 therefore discoverable." (collecting cases)); *Webb v. Healthcare Revenue Recovery Grp. LLC*, No.
17 C. 13-00737 RS, 2014 WL 325132, at *2–3 (N.D. Cal. Jan. 29, 2014) (ordering the production of
18 an outbound call list in an alleged TCPA class action); *Mora v. Zeta Interactive Corp.*, No.
19 116CV00198DADSAB, 2017 WL 1187710, at *4–5 (E.D. Cal. Feb. 10, 2017) (ordering the
20 production of call data in an alleged TCPA class action).

21       In response to each of the requests, BrandRep produced zero documents and instead asserts
22 the same boilerplate objections. As a preliminary issue, "general or boilerplate objections such as
23 'overly burdensome and harassing' are improper". *A. Farber & Partners, Inc. v. Garber*, 234
24 F.R.D. 186, 188 (C.D. Cal. 2006) (collecting cases). Yet rather than rely on its boilerplate
25 objections, BrandRep now raises, for the first time, the fabricated claim that Plaintiffs seek the
26 calling records to replace themselves in this litigation.[2] By failing to raise this objection, BrandRep

27
28 [2] BrandRep did not raise this objection in its discovery responses nor did it raise any concerns regarding contacting absent class members in the parties' discovery conferrals.

has waived this objection. *See Apple Inc. v. Samsung Elecs. Co.*, No. C 11-CV-1846 LHK PSG, 2012 WL 952254, at *2 (N.D. Cal. Mar. 20, 2012) ("Objections not interposed in a timely initial response may not be held in reserve and interposed after the period allowed for response. . ." (citation omitted)). Notwithstanding its untimely objection, BrandRep's assertion is also without merit. Plaintiffs have no plan to replace the present named plaintiffs. Rather, Plaintiffs seek the calling records to establish the prerequisites to class certification. Nevertheless, if the Court has concerns regarding the disclosure of class members' contact information, Plaintiffs will agree to have the data produced with nondescript labels (i.e. Contact 1, Contact 2, Contact 3, etc.). Put simply, "it would be fundamentally unfair to allow Defendant to defeat class certification based on its representations about the contents of its call logs and the consent of its members while refusing to turn over those documents." *Bustillos v. W. Covina Corp. Fitness, Inc.*, No. 2:21-CV-04433-SB-AFM, 2021 WL 6618830, at *1 (C.D. Cal. Dec. 7, 2021).

Accordingly, Plaintiffs respectfully request that the Court enter an Order compelling the production of the relevant calling data.

**DEFENDANT'S POSITION:** Under the guise of seeking call logs to establish numerosity and commonality, what Plaintiffs are really seeking is a suitable class plaintiff. The existing Plaintiffs are atypical, professional plaintiffs who manufacture TCPA lawsuits. Plaintiff A1 and its sole owner, Louis Floyd, have manufactured 20+ TCPA lawsuits. For some reason, Louis Floyd is suing under his business name, probably to avoid being recognized as a professional TCPA plaintiff. Plaintiff A1 has admitted that its 408-866-0267 number was a landline at one time and that the number has been ported, transferred, and forwarded. These are the tell-tale tools of a TCPA claim manufacturer.

Plaintiff Deborah Schick and her husband Sidney Naiman have manufactured 60+ TCPA lawsuits between them. Plaintiff Shick claims the number 925-935-5502 is her number, yet her husband has filed 3 TCPA lawsuits claiming that the number was his (for phone calls made on 6/16/17, 6/8/17, 2/20/17, and 12/29/17).[3] The First Amended Complaint alleges that Plaintiff Shick

---

[3] *Naiman v. Total Merchant Services, Inc.*, 4:17-cv-03806-CW filed 7/5/17 in the U.S.D.C., N.D. Cal., ¶¶22-23; *Naiman v. Tranzvia, LLC*, 4:17-cv-04813-PJH filed on 8/18/17 in the U.S.D.C.,

3

received a call from Brandrep on 7/27/17. The call was actually made to her husband (described below). Apparently, the couple can't keep the details of their TCPA manufacturing straight.

On 7/27/17, one of Brandrep's lead source vendors called 925-935-5502 and live transferred the call to Brandrep. In an 18-minute phone conversation, Sidney Naiman feigned interest in Brandrep's services and agreed to be called back. Mr. Naiman never said the phone number was his wife's number or provided a different phone number to call him back with. Brandrep called the number back on 8/21/17, but instead of Mr. Naiman, Brandrep got Plaintiff Deborah Shick. She said, "I can't talk right now, maybe you can call me back."

When Brandrep called back a few hours later, she feigned interest in Brandrep's services and solicited an email, presumably for TCPA claim purposes. Both of the calls to 925-935-5502 that Plaintiff Deborah Schick answered were consented to: one by her husband Sidney Naiman, and one by herself. In both cases, a business relationship had been established.

These professional TCPA plaintiffs are atypical and would seriously endanger putative class members. See *Hirsch v. USHealth Advisors, LLC*, 4:18-cv-00245-P (N.D. Tex. Dec. 7, 2020) ("But for his actions, there would not be a case. Also, his records and behavior make his status as a professional plaintiff unavoidable. For some potential jurors, this may be decisive.")

In 2020, the Ninth Circuit Court of Appeals held that a named plaintiff in a class action is not entitled to pre-certification discovery regarding the identities of other putative class members. *In re: Williams-Sonoma, Inc.*, 947 F.3d 535 (9th Cir. 2020). Relying primarily on *Oppenheimer Fund v. Sanders*, 437 U.S. 340 (1978), the court held that permitting pre-certification discovery into the identities of absent class members, as the names of absent class members were not "relevant to any party's claim or defense" under Federal Rule of Civil Procedure 26(b)(1). As in *Oppenheimer*, the court reasoned, "using discovery to find a client to be the named plaintiff before a class action is certified is not within the scope of Rule 26(b)(1)." Although the plaintiff in *Williams-Sonoma* was clearly disqualified as a lead plaintiff, the situation here is very, very close.

Plaintiffs cite pre-*Williams-Sonoma* (2020) cases in which courts had allowed plaintiffs

---

N.D. Cal., ¶¶22-23, 31; *Fabricant, Naiman v. Ideal Business Funders LLC*, 2:20-cv-00583-AB-MAA filed on 1/21/20, C.D. Cal., ¶¶9, 11.

4

1  access to call logs.  However, even by pre-*Williams-Sonoma* standards, plaintiffs do not meet their
2  burden that discovery is likely to produce substantiation of the class allegations.  *Mantolete v.*
3  *Bolger*, 767 F.2d. 1416, 1424 (9th Cir. 1985), as amended (Aug. 27, 1985).  "Relevancy alone is no
4  longer sufficient to obtain discovery, the discovery requested must also be proportional to the
5  needs of the case."  *Centeno v. City of Fresno*, No. 1:16-CV-653 DAD SAB, 2016 WL 7491634, at
6  *4 (E.D. Cal. Dec. 29, 2016).

7    Plaintiffs have failed to establish how their discovery requests will be used to certify a
8  class.  See e.g., *Orlatani v. Freedom Mortgage Corp.*, 5:17-cv-01462-JGB-KK (C.D. Cal. 2018), p.
9  4.  Rather, it is very likely this is an attempt to use confidential contact information in order to
10 replace the named Plaintiffs and/or go on a fishing expedition so the Plaintiffs' law firms can find
11 plaintiffs for future lawsuits.  It would be highly prejudicial to Defendant, its clients, and its
12 potential clients to have caller information revealed before class certification.

13   Defendant Brandrep intends on filing a motion for summary judgment based on its lack of
14 vicarious liability, since it did not make the calls to Plaintiffs (except in the case of a requested call
15 back).  Its vendors are contractually obligated to comply with the TCPA.  There is no evidence that
16 Brandrep ratified non-TCPA complaint phone calls.  Again, Plaintiffs have shown no connection
17 between call logs and proving Brandrep's vicarious liability.

18   As in the *Ossola* case, Plaintiffs imply that obtaining call logs are standard practice in
19 TCPA cases.  *Ossola v. American Express Company*, 2015 WL 5158712 (N.D. Ill. 2015).  That
20 court denied compelling discovery because the defendant was not the alleged dialer (as in our
21 case).  The alleged artificial or pre-recorded voice heard by Plaintiffs would have been played by
22 one of Brandrep's lead source vendors.  Because Brandrep's dialing practices are not at issue, its
23 call logs are not relevant to Plaintiffs as to vicarious liability.  The court in *Ossola* found that the
24 discovery requests were improperly tailored to find a better class action plaintiff, which the federal
25 rules do not permit.

26   Accordingly, the Court should deny Plaintiffs' request to order Brandrep to respond to the
27 stated discovery requests.

28

| | | |
|---|---|---|
| 1 | | Respectfully submitted, |
| 2 | Dated: March 15, 2022 | **A1 ON TRACK SLIDING DOOR REPAIR AND INSTALLATION, INC. and DEBORAH SCHICK**, individually and on behalf of all others similarly situated, |

By: <u>/s/ Taylor T. Smith</u>

Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Taylor T. Smith (admitted *pro hac vice*)
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

*Counsel for Plaintiffs*

Dated: March 15, 2022            **BRANDREP, LLC**

<u>/s/ Patrick Blair</u>

George C. Hutchinson
gchutchinson@legalsolutions2u.com
Patrick Blair
pblair@legalsolutions2u.com
Legal Solutions 2U, APC
18201 Von Karman Ave., Suite 701
Irvine, CA 92612
Tel: 855-775-2928
Fax: 855-775-2928

*Counsel for Defendant*

6

**SIGNATURE CERTIFICATION**

Pursuant to Civil L.R. 5-1(i)(3) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to counsel for Defendant and that I have obtained authorization to affix his or her electronic signature to this document.

By: /s/ Taylor T. Smith
Taylor T. Smith

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above papers was served upon counsel of record by filing such papers via the Court's ECF system on March 15, 2022.

/s/ Taylor T. Smith