GEORGE C. HUTCHINSON (SBN 138735)
PATRICK L. BLAIR (SBN 201345)
LEGAL SOLUTIONS 2 U
A Professional Corporation
18201 Von Karman, Ste. 701
Irvine, California 92616
Telephone:   (855) 755-2928
Facsimile:    (855) 755-2928
gchutchinson@legalsolutions2u.com

Attorneys for Defendant:
BRANDREP, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| A1 ON TRACK SLIDING DOOR REPAIR AND INSTALLATION, INC, SYLVIA SCHICK, and DEBORAH SCHICK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BRANDREP, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 3:21-CV-03013-SI<br><br>**JOINT STATEMENT REGARDING DEFENDANT BRANDREP, LLC'S DISCOVERY DISPUTE**<br><br>PROPOUNDING PARTY: Brandrep, LLC<br><br>RESPONDING PARTIES: A1 On Track Sliding Door Repair and Installation, Inc., Deborah Shick<br><br>RE: SET NUMBER:  One |

In accordance with the Court's standing order, Defendant Brandrep, LLC ("Brandrep" or "Defendant") and Plaintiffs A1 On Track Sliding Door Repair and Installation, Inc. ("A1") and Deborah Schick ("Schick," collectively "Plaintiffs") submit this Joint Statement regarding Defendant Brandrep LLC's Discovery Dispute.[1]

A. **DEFENDANT BRANDREP'S POSITION**

A1 and Schick are atypical, professional plaintiffs who appear to manufacture TCPA

---

[1] On February 16, 2022, counsel for both parties met and conferred via telephone regarding this dispute.

**1**

JOINT STATEMENT RE: DEFENDANT BRANDREP, LLC'S DISCOVERY DISPUTE - CASE NO. 3:21-CV-03013-SI

1  lawsuits.  Plaintiff A1 and its sole owner, Louis Floyd, appear to have manufactured 20+ TCPA

2  lawsuits.  Plaintiff Deborah Schick and her husband Sidney Naiman appear to have

3  manufactured 80+ TCPA lawsuits between them.[2]  Yet Plaintiffs have refused to answer

4  interrogatories and produce documents related to their TCPA income and activities.

5        The parties disagree over whether Plaintiffs should be compelled to produce documents

6  and answer interrogatories about their TCPA-related income and activities.  Plaintiffs contend

7  the information is not relevant to this case.  Defendant contends that the information is relevant

8  to both: 1) Plaintiffs' credibility as witnesses, and 2) Plaintiffs' typicality as class plaintiffs.  As

9  such, Defendant seeks to compel the production of documents and answers to interrogatories

10  related to Plaintiffs' TCPA-related income and activities.[3]

11        Plaintiffs claim they were called by Defendant with an artificial or pre-recorded voice in

12  violation of the TCPA.  Neither Brandrep, nor the companies it contracts with to generate leads,

13  use artificial or pre-recorded voices.  Brandrep's agreements with the lead-generating companies

14  expressly forbid violating the TCPA.  Unfortunately, Brandrep's lead-generating companies do

15  not make recordings of their lead-generating calls.  Likewise, the Plaintiffs claim they didn't

16  make recordings of the calls at issue.  Therefore, determining whether an artificial or pre-

17  recorded voice was used will ultimately be a matter of witness credibility.  Showing the extent of

18  Plaintiffs' professional, income generating TCPA activities is relevant, because it tends to make

19  their testimony less credible.[4]

20        In this putative class action, the requested documents are also relevant to certification

---

[2] Notably, Sidney Naiman has sued others using the phone number at issue.  The phone bill is under Sidney Naiman's name.  He answered the first phone call at issue and gave Brandrep permission to call the number back.

[3] See the attached Interrogatories to A1, Nos. 11-12 (*see* Excerpts of A1's Responses to Interrogatories, attached hereto as Ex. A) and Requests to Produce Nos. 11-13 (*see* Excerpts of A1's Responses to Requests to Produce, attached hereto as Ex. B); Interrogatories to Schick, No. 10 (*see* Excerpts of Shick's Responses to Interrogatories, attached hereto as Ex. C) and Requests to Produce Nos. 11-13 (*see* Excerpts of Shick's Responses to Requests to Produce, attached hereto as Ex. D). In the Parties meet and confer effort, Brandrep stated that instead of receiving tax returns it would be satisfied with a listing of the Plaintiffs' TCPA income and its sources (not necessarily aligned or matched).

[4] "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.

**2**

JOINT STATEMENT RE: DEFENDANT BRANDREP, LLC'S DISCOVERY DISPUTE - CASE NO. 3:21-CV-03013-SI

1  issues, including whether Plaintiffs are adequate class representatives and whether their claims
2  are typical of the proposed class they seek to represent.  See Fed. R. Civ. P. 23(a)(3) & (4).  The
3  extent of Plaintiffs' professional, income generating TCPA activities (including claim
4  manufacturing) makes their claims less likely to succeed, thereby injuring the class.  Also, they
5  will be subject to a number of affirmative defenses like estoppel, waiver, and failure to mitigate
6  that typical class member would not.  There are many ways in which documents in Plaintiffs'
7  custody or control are relevant to the claims and defenses in this case, and it is impossible to
8  know every single way the documents will be useful until they are actually examined.

9       "Class determination generally involves considerations that are enmeshed in the factual
10 and legal issues comprising the plaintiff's cause of action."  *Comcast Corp. v. Behrend*, 133 S.
11 Ct. 1426, 1432 (2013).  If discovery would show that Plaintiffs earned $60,000 per year on
12 TCPA cases alone, it would cast serious doubt on their credibility, their injuries, and their
13 suitability as class plaintiffs.[5]  Plaintiffs argue that their future deposition testimony should be
14 enough for Brandrep, but that would allow them to say whatever was convenient or to
15 categorically refuse to answer questions on a relevance basis.

16      Discovery of a plaintiff's financial documents can be important for evaluating class
17 suitability.  See, e.g., *Milliner v. Mutual Securities, Inc.*, 4:15-cv-03354-DMR, *3-4 (N.D. Cal.,
18 Feb. 8, 2017) (court granted defendant's motion to compel production of class plaintiff's
19 financial records, including non-defendant accounts and tax returns; the class certification was
20 later denied); see also *Navellier v. Sletten*, 262 F.3d 923, 941 (9th Cir. 2001).

21      Courts deny class certification based on typicality where the "interest of the named
22 representative [did not] align with the interests of the class."  *Hanon v. Dataproducts Corp.*, 976
23 F.2d 497, 508 (9th Cir. 1992); see, e.g., *Nghiem v. Dick's Sporting Goods, Inc.*, 8:16-cv-00097-
24 CJC-DFM (C.D. Cal., Dec. 1, 2016), *7-13 (class certification denied because of the plaintiff's

---

[5] See, e.g., *Johansen v. Bluegreen Vacation Unlimited, Inc.*, 9:20-cv-81076-RS (S.D. Fla., Sep. 30, 2021), *1-2, 8-11, Order Denying Plaintiff's Motion for Class Certification (plaintiff's TCPA-related income was an important fact in determining typicality and suitability as a class representative); *Hirsch v. USHealth Advisors, LLC*, 4:18-cv-00245-P (N.D. Tex., Dec. 7, 2020) (professional TCPA plaintiff's case was neither common or typical).

1  status as professional plaintiff who manufactured TCPA lawsuits).  Ninth Circuit authority

2  directs district courts not to grant class certification if "there is a danger that absent class

3  members will suffer if their representative is preoccupied with defenses unique to it."  Hanon,

4  976 F.2d at 508 (quoting Gary Plastic Packaging Corp., 903 F.2d at 180).[6]

5  Because the discovery sought is relevant to substantive case and class certification,

6  Defendant Brandrep respectfully requests that the Court compel Plaintiffs to respond to the

7  attached discovery requests.

8  **B.    PLAINTIFFS' POSITION**

9  Left without a viable defense, BrandRep has turned its focus towards Plaintiffs' litigation

10 history by claiming that they are "professional plaintiffs" who "manufacture TCPA lawsuits."[7]

11 Absent any evidence to support this claim (because there isn't any), BrandRep now seeks to

12 compel the production of every prior TCPA related agreement (including retainer and settlement

13 agreements, all of which are confidential) (*see* Ex. B, No. 11; Ex. D, No. 11); six (6) years of tax

14 returns (*see* Ex. B, No. 12; Ex. D, No. 12); the identity of every company that has ever paid a

15 TCPA settlement to either plaintiff (*see* Ex. B, No. 13; Ex. D, No. 13); and the complete

16 "revenue" that Plaintiffs and non-party, Louis Floyd ("Floyd"), have received over the past 7-

17 years (*see* Ex. A, Nos. 11-12; Ex. C, No. 10).[8] The requests are overbroad and irrelevant to the

18 claims and defenses in this case, and the motion should be denied for the following reasons.

19 To begin, there is no "professional plaintiff" defense. *See Gordon v. Virtumundo, Inc.*,

---

[6] See also *Banarji v. Wilshire Consumer Capital, LLC*, 14:cv-2967-BEN (KSC) (S.D. Cal., Feb. 12, 2016) (plaintiff denied TCPA class certification because of lack of typicality because the father of the plaintiff consented to be called at plaintiff's phone number), citing *J.H. Cohn & Co. v. Am. Appraisal Assocs.*, 628 F.2d 94, 999 (7th Cir. 1980) "The presence of even an arguable defense peculiar to the named plaintiff or the small subset of the plaintiff class may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representative."

[7] Despite having knowledge of every case filed by A1, Schick, Floyd, and Naiman, BrandRep has been unable to produce any evidence to support its claim that Plaintiffs have "manufactured" a single lawsuit. Nevertheless, BrandRep continues to make this false assertion in filings with the Court. (*See* Dkts. 42, 49, 50, 60.) This should not be permitted. *See* Fed. R. Civ. P. 11(b).

[8] In addition to the reasons set forth herein, BrandRep's request to compel interrogatory responses from a nonparty, Louis Floyd, (*see* Ex. A, No. 12) is improper and should be rejected. The rules provide for an avenue to obtain discovery from non-parties. *See* Fed. R. Civ. P. 45.

**4**

JOINT STATEMENT RE: DEFENDANT BRANDREP, LLC'S DISCOVERY DISPUTE - CASE NO. 3:21-CV-03013-SI

575 F.3d 1040, 1056 (9th Cir. 2009) ("the term 'professional,' as in 'professional plaintiff,' is not a 'dirty word,' . . . and should not itself undermine one's ability to seek redress for injuries suffered"). Rather, BrandRep's so called "professional plaintiff" defense (for which it includes zero substantive analysis) is really an attack on Plaintiffs' statutory standing. *See id.* For this reason, the vast majority of courts reject the contention that litigants who vigorously enforce their rights under the TCPA somehow lose their right to do so. *See Sapan v. Yelp, Inc.*, No. 3:17-CV-03240-JD, 2021 WL 5302908, at *4 (N.D. Cal. Nov. 15, 2021) ("Yelp has not shown that Sapan may be a 'professional plaintiff,' whatever that might mean, and also has not shown that a frequent litigant should be disqualified on that basis from filing new cases."); *Chinitz v. NRT W., Inc.*, No. 18-CV-06100-NC, 2019 WL 4142044, at *4 (N.D. Cal. Aug. 30, 2019) ("being a serial or professional plaintiff is generally not grounds for inadequacy.").[9]

As for the handful of cases that have found that a "professional plaintiff" lacked standing, the key issue was the determination that the lawsuit in question was "manufactured." *See Gordon*, 575 F.3d at 1056-57 (finding a lack of standing where plaintiff set up "traps" to create claims for the purpose of running a "litigation enterprise"); *Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782, 799–803 (W.D. Pa. 2016) (finding a lack of standing because plaintiff testified that she bought 40 cellphone numbers for the purpose of "manufacturing" TCPA claims). Even the *Nghiem* case, on which BrandRep relies, supports this proposition. There, unlike here, the court found the plaintiff to be atypical because he enrolled in text messaging campaigns for the purpose of initiating the lawsuit. *Nghiem,* 318 F.R.D. at 381.

With the proper context in mind, BrandRep's requested information is completely irrelevant. That is, whether a plaintiff receives financial compensation from a prior suit (the result of virtually every settlement in any case), does not logically presume that the individual

---

[9] *See also Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1195 (M.D. Tenn. 2017) (rejecting a similar argument and explaining, "Litigation is not college athletics: there is no 'amateurs only' rule."); *Mey v. Venture Data, LLC*, 245 F. Supp. 3d 771, 783–84 (N.D.W. Va. 2017); *Morris v. Hornet Corp.*, No. 4:17-CV-00350, 2018 WL 4781273, at *5 (E.D. Tex. Sept. 14, 2018), *report and recommendation adopted*, No. 4:17-CV-00350, 2018 WL 4773547 (E.D. Tex. Oct. 3, 2018); *Patten v. Vertical Fitness Grp., LLC*, No. 12CV1614-LAB (MDD), 2013 WL 12069031, at *9 (S.D. Cal. Nov. 8, 2013); *Trim, v. Mayvenn, Inc.*, No. 20-CV-03917-MMC, 2022 WL 1016663, at *2–3 (N.D. Cal. Apr. 5, 2022).

5

JOINT STATEMENT RE: DEFENDANT BRANDREP, LLC'S DISCOVERY DISPUTE - CASE NO. 3:21-CV-03013-SI

has manufactured a lawsuit. Tellingly, nowhere in its position does BrandRep even attempt to explain how Plaintiffs' finances relate to the manufacturing of *the instant lawsuit*. And for good reason, it was BrandRep's agents that initiated the first interactions (the unlawful calls) with both Plaintiffs. As such, this case stands in stark contrast to *Gordon*, *Stoops,* and *Nghiem*.[10]

Even if the requested information was relevant (it is not), the requests are also unduly burdensome and disproportionate to the needs of the case. If the requests stand as written, the responsive documents would number in the thousands (if not tens of thousands) of pages and the search would entail combing through the records of at least eighteen (18) different law firms. Put simply, BrandRep's request should be seen for what it is: an attempt to abuse the discovery process with the aim of pushing further rank speculation and publicly disclosing private financial information. This is not a basis for information to be discoverable or admissible. *See Charvat v. Travel Servs.*, 110 F. Supp. 3d 894, 899 (N.D. Ill. 2015) (refusing to order the production of a TCPA litigant's past tax returns because they were not relevant to "his motivation for filing this action"); *Johnson v. Cap. One Servs., LLC*, No. 18-CV-62058, 2019 WL 5190788, at *2 (S.D. Fla. Oct. 15, 2019) (excluding defendant's prior TCPA litigation and settlements from evidence).

As a final point, BrandRep's own argument concedes that it already has knowledge of more than one hundred prior lawsuits, and Plaintiffs do not dispute their involvement in those suits. There is simply no need for the sweeping and invasive discovery proposed by BrandRep. Instead, any questions that BrandRep has regarding both Plaintiffs' prior TCPA claims can certainly be answered via less invasive methods, such as their depositions, which will not implicate the privacy concerns of third-parties. S*ee, e.g., Moser v. Health Ins. Innovations, Inc.*, No. 17CV1127-WQH(KSC), 2019 WL 2271804, at *5 (S.D. Cal. May 28, 2019) (denying a similar request for years of TCPA related financial documents and explaining that deposition testimony was sufficient). The motion should be denied.

---

[10] If anything, the fact that both plaintiffs have been involved in numerous other cases and no court has ever found them to be "professional plaintiffs" or inadequate representatives argues decidedly in their favor. *See Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 954 (7th Cir. 2006) ("Repeat litigants may be better able to monitor the conduct of counsel, who as a practical matter are the class's real champions.").

**6**

**JOINT STATEMENT RE: DEFENDANT BRANDREP, LLC'S DISCOVERY DISPUTE - CASE NO. 3:21-CV-03013-SI**

| | |
|---|---|
| Dated: April 12, 2022 | LEGAL SOLUTIONS 2 U<br>A Professional Corporation<br><br>/s/ Patrick L. Blair<br>Patrick L. Blair<br>Attorney for Defendant<br>Brandrep, LLC |
| By: */s/ Taylor T. Smith*<br>        Taylor T. Smith<br>        **Attorney for A1 ON TRACK SLIDING DOOR REPAIR AND INSTALLATION, INC. and DEBORAH SCHICK**, individually and on behalf of all others similarly situated, | Dated: April 12, 2022 |
| Rebecca Davis (SBN 271662)<br>rebecca@lozeaudrury.com<br>**LOZEAU DRURY LLP**<br>1939 Harrison St., Suite 150<br>Oakland, CA 94612<br>Telephone: (510) 836-4200<br>Facsimile: (510) 836-4205 | Taylor T. Smith (admitted *pro hac vice*)<br>tsmith@woodrowpeluso.com<br>**WOODROW & PELUSO, LLC**<br>3900 E. Mexico Avenue, Suite 300<br>Denver, Colorado 80210<br>Telephone: (720) 907-7628<br>Facsimile: (303) 927-0809 |

### SIGNATURE CERTIFICATION

Pursuant to Civil L.R. 5-1(i)(3) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to counsel for Plaintiffs and that I have obtained authorization to affix his or her electronic signature to this document.

By:    */s/ Patrick L. Blair*
         Patrick L. Blair

# PROOF OF SERVICE

ORANGE COUNTY                )
                                                )   ss.
STATE OF CALIFORNIA     )

 I am employed in Orange County, California. I am over the age of eighteen and not a party to the within action. My business address is 18201 Von Karman, Ste. 701, Irvine, California 92616.

 On April 12, 2022, I served the following document described as:

**JOINT STATEMENT REGARDING DEFENDANT BRANDREP, LLC'S DISCOVERY DISPUTE**

 On the following interested parties in this action:

**Taylor T. Smith**
**Via CM/ECF**
*Attorney for plaintiffs*
Email: tsmith@woodrowpeluso.com

**Rebecca L. Davis**
**Via CM/ECF**
*Attorney for plaintiffs*
Email: rebecca@lozeaudrury.com

[X] **VIA CM/ECF to the above email addresses**.

 I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.  Executed on April 12, 2022, at Irvine, California.

            /s/ Ron Kort
            Ron Kort

**8**