UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A1 ON TRACK SLIDING DOOR REPAIR AND INSTALLATION, INC., *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> BRANDREP LLC, <br><br> Defendant. | Case No. 21-cv-03013-SI <br><br> **ORDER RE: DISCOVERY** <br> Re: Dkt. No. 62 |

The parties have submitted a dispute about whether plaintiffs are required to respond to defendant's document requests and interrogatories seeking information about other lawsuits plaintiffs have filed alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* Defendant asserts that plaintiffs are "professional plaintiffs who appear to manufacture TCPA lawsuits," and that the discovery at issue is relevant to plaintiffs' credibility and their adequacy as class representatives. Plaintiffs oppose the discovery as irrelevant, harassing and burdensome, and they argue that the discovery requests are additionally improper as to non-party Louis Floyd (Floyd is the owner of plaintiff A1 On Track Sliding Door Repair and Installation, Inc., but not a named party).

"[C]ourts have reached different conclusions as to whether status as a 'professional plaintiff' is relevant for various purposes in TCPA cases and other consumer lawsuits." *Moser v. Health Ins. Innovations, Inc.*, No. 17CV1127-WQH(KSC), 2019 WL 2271804, at *4 (S.D. Cal. May 28, 2019). The Court agrees with those courts that have held that "being a so-called 'professional plaintiff' does not, standing alone, disqualify an individual from serving as a class representative." *Id.* (citing *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 954 (7th Cir. 2006)). However, the Court also finds that "some information about plaintiff's involvement as a party in other TCPA litigation is relevant

to class certification issues, such as plaintiff's credibility and whether plaintiff can adequately represent the interests of the class." *Moser*, 2019 WL 2271804, at *7.

The Court has reviewed the discovery requests and finds that most of the requests are exceedingly overbroad, not proportional to the needs of the case, and in some instances call for privileged or confidential material.  For example, Request for Production No. 11 to A1 seeks "all documents and things relating to any agreement you have with anyone, including but not limited to attorneys, businesses, or individuals, related to making TCPA claims."  Dkt. No. 62, Ex. B.  Defendant is also seeking six years of plaintiffs' tax returns, as well as "all documents and things that identify any person, company, or entity that you received income from for an alleged TCPA violation or violations."  *Id*. Ex. D.  Courts have denied requests for tax returns in TCPA cases, finding that "[t]o the extent plaintiff's income from his involvement in TCPA litigation is relevant to the class issues of typicality, adequacy, and credibility, there are means to discover this type of information that are less burdensome and less intrusive than requiring plaintiff to produce a broad range of confidential financial documents or to search through many years' worth of financial records to produce confidential documents showing his income from TCPA lawsuits." *Moser*, 2019 WL 2271804, at *5 (finding the plaintiff's deposition testimony about TCPA income sufficient).

The Court finds it appropriate that plaintiffs should be required to produce a list of TCPA cases in which plaintiffs were are or parties, the case numbers, and name of the court where the case was filed.  Further, plaintiffs may be questioned about their TCPA lawsuits and activity, including income received from TCPA litigation, at their depositions.  Further, to the extent defendant wishes to propound discovery on non-party Louis Floyd in his individual capacity (as opposed to his capacity as owner of A1), defendant must seek this information through Federal Rule of Civil Procedure 45.

**IT IS SO ORDERED**.

Dated: April 28, 2022            _____
                                  SUSAN ILLSTON
                                  United States District Judge